RECEIVED
SDNY PRO SE OFFICE
2017 MAR 17 AM 11:30
S.D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

Heena Shim-Larkin

                Plaintiff,      Case No. 16 CV 6099 (AJN) (KNF)

     -against-              **NOTICE OF MOTION**

                                      **TO COMPEL DISCLOSURE**

City of New York

                Defendant.

------------------------------------------------x

PLEASE TAKE NOTICE that plaintiff Heena Shim-Larkin requests, pursuant to Federal Rules of Civil Procedure 37(a)(3)(A), that the Court to compel Defendant's Rule 26(a) disclosure.

PLEASE TAKE FURTHER NOTICE that Plaintiff requests, pursuant to Federal Rules of Civil Procedure 37(c)(1), that the Court to order Defendant not to use the two witnesses, who Defendant failed to identify as required by Rule 26(a), to supply evidence on a motion, at a hearing, or at a trial.

PLEASE TAKE FURTHER NOTICE that Plaintiff requests, pursuant to Federal Rules of Civil Procedure 37(c)(1)(A), that the Court to order Defendant to pay the reasonable expenses caused by the failure.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/17

PLEASE TAKE FURTHER NOTICE that Plaintiff requests, pursuant to Federal Rules of Civil Procedure 37(c)(1)(B), that the Court to inform the jury of Defendant's failure.

PLEASE TAKE FURTHER NOTICE that Plaintiff requests, pursuant to Federal Rules of Civil Procedure 37(c)(1)(C), that the Court to impose other appropriate sanctions.

In support of this motion, I submit the following documents; 1) a memorandum of law; and 2) my own declaration.

Dated: March 17, 2017

Heena Shim-Larkin
Plaintiff Pro Se
260 West 153rd Street
Apt. 7H
New York, NY 10039
646-763-1668
heena.shim@gmail.com

To: Scott C. Silverman
    Assistant Corporation Counsel
    100 Church Street, Room 2-107
    New York, NY 10007-2601
    (212) 356-2450
    Ssilverm@law.nyc.gov

RECEIVED
SDNY PRO SE OFFICE
2017 MAR 17 AM 11:30
S.D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

Heena Shim-Larkin

                Plaintiff,      Case No. 16 CV 6099 (AJN) (KNF)

    -against-           **MEMORANDUM OF LAW
                                          IN SUPPORT OF MOTION
City of New York                     TO COMPEL DISCLOSURE**

                Defendant.

------------------------------------------------x

## BACKGROUND

On February 21, 2017, Plaintiff and Defendant exchanged their initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A)(i). In Defendant's initial disclosure, there were names of two individuals but there was no address, no phone number, no subject of information those individuals likely to have that Defendant may use to support its claims or defenses (the second page of Defendant's initial disclosure is attached as Exhibit A to Plaintiff's Declaration). Plaintiff informed Defendant that its disclosure is insufficient and asked Defendant to provide missing informations until February 27, 2017. In response, Defendant filed a letter motion pursuant to Local Civil Rule 37.2 on February 24, 2017 and telephone conference was held before Magistrate Judge Kevin N. Fox on March 9, 2017.

In Plaintiff's response letter dated February 27, 2017, she wrote that she needs to know the subject of information because she can only guess which information Martin Kravitz and Miguel Morel has from Plaintiff's side of story but expects that Defendant's side of story will be

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/17

different from hers. During the telephone conference, Judge Fox asked Defendant why Defendant did not provide the subject of information and Defendant said that he is going to supplement its disclosure right away instead of explaining why. Plaintiff received Defendant's Amended Initial Disclosures (second page is attached as Exhibit B) on March 15, 2017 via email and subject of information was included.

At the beginning of the conference, Judge Fox asked Defendant if those two individuals are currently employed by the City of New York and Defendant answered yes. But later Plaintiff pointed out that Defendant wrote as "2. Miguel Morel - Summer Seasonal Lifeguard" in its disclosure and it is not summer now. Then Judge Fox asked Defendant again and Defendant changed its story to Morel is 'considered' working. As a result, Judge Fox told Defendant to provide Plaintiff a business address of Martin Kravitz and Miguel Morel's home address if Morel is not currently working. Defendant provided home address of Morel and business address of General Counsel of NYC Department of Parks and Recreation ("Parks") instead of Kravitz's business address in its Amended initial disclosures.

Plaintiff asserted that since she is not an attorney, she can talk to Kravit and Morel directly, even though they are represented by a lawyer, in her Response letter dated February 27, 2017, and during the telephone conference again. Judge Fox told Defendant to provide telephone numbers of Kravitz and Morel which Plaintiff can reasonably reach them. Defendant provided Morel's phone number but did not provide any kinds of Kravitz's phone number.

Also, Judge Fox asked Defendant if Kravitz and Morel consented to Scott Silverman for their representation. Silverman said that they consented orally only and does not have a document to support their consent.

2

## **ARGUMENT**

Fed. R. Civ. P. 26(a)(1)(A)(i) requires a party must, without awaiting a discovery request, provide to the other party the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. But Defendant failed to provide the address, telephone number and the subjects of the information in its Original initial disclosure. And it failed again to provide the telephone number and business address of Kravitz in its Amended initial disclosure.

According to Fed. R. Civ. P. 26(a)(1)(C), a party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. First, both Plaintiff and Defendant agreed that initial disclosures to be made on February 21, 2017, right before the scheduling conference. Additionally, Defendant did not object during the scheduling conference, or during the Rule 26(f) conference, or stated the objection in the proposed discovery plan. Therefore, it is apparent that Defendant never made a proper objection under the Rule 26(a)(1)(C). Besides, Judge Fox gave Defendant one more chance to correct Defendant's failure to disclose but it still failed to disclose again. Even though Defendant provided certain information in its Amended initial disclosure, it must be treated as a failure to disclose under the Rule 37(a)(4) since it is incomplete. ("For purposes of this subdivision (a), an evasive or

3

incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.")

Defendant stated 830 Fifth Avenue, Room 313, New York, NY 10065 as Kravitz's business address. However, Room 313 is Parks' General Counsel's room according to MOU document between three New York City agencies (http://www.nyc.gov/html/dot/downloads/pdf/MOU_Green_Infrastructure.pdf) (page 8 of MOU is attached as Exhibit C). Considering Kravitz's title is Chief Lifeguard during the winter and Assistant Lifeguard Coordinator during the summer, it is very unlikely that Kravitz is sharing a room with General Counsel.

Also, Defendant stated in both original and amended initial disclosures that "The below persons ... should be contacted only through the Office of the Corporation Counsel...". Even after Plaintiff repeatedly asserted in her response letter and during the telephone conference that since she is not an attorney, she can directly talk to Kravitz and Morel, Defendant did not delete the obnoxious phrase and tries to limit Plaintiff's freedom without a valid authority. See *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, 2004 U.S. Dist. LEXIS 3503, 2004 WL 421789, at * 1 (S.D.N.Y., March 5, 2004) ("Although professional ethical restrictions that may prevent an attorney from contacting a current or former employee of a represented, adverse party, the pro se plaintiff here is not an attorney and is not, therefore, subject to these professional ethical restrictions."); *Trujillo v. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 55661 ("Because Trujillo is not an attorney, he is not clearly prohibited by the plain language of any provision from communicating with counseled, opposing parties.", "the Court need not decide in this case whether, as a general rule, pro se litigants should adhere to the rule prohibiting

4

attorneys from directly contacting counseled parties."); *In re Howes, 1997 NMSC 24, 123 N.M. 311, 315-16, 940 P.2d 159, 163-64 (1997)* ("While one purpose of Rule 16-402 is to prevent attorneys from utilizing their legal skills to gain an advantage over an unsophisticated lay person, an equally important purpose is to protect a person represented by counsel not only from the approaches of his adversary's lawyer, but from the folly of his own well-meaning initiatives and the generally unfortunate consequences of his ignorance.")(internal quotation marks omitted); *Trujillo v. Bd. of Educ., 2007 U.S. Dist. LEXIS 55661* ("Trujillo did not, as a pro se plaintiff, have the unfair advantage of professional skills and knowledge against which the rules against unrepresented contact were designed to protect represented clients."). Therefore, even assuming that Kravitz and Morel were represented by an attorney, it cannot be a valid reason for failure to disclose. Besides, Silverman stated that he does not have a written document to prove Kravitz or Morel's consent for representation and both Kravitz or Morel never told Plaintiff not to contact them directly.

Under Fed. R. Civ. P. 37(a)(3)(A), if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. And under the Rule 37(c)(1), if a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate

sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Therefore, Plaintiff respectfully requests all the above sanctions.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (i) to compel Defendant's Rule 26(a) disclosure, (ii) to order Defendant not to use the two witnesses, who Defendant failed to identify as required by Rule 26(a), to supply evidence on a motion, at a hearing, or at a trial, (iii) to order Defendant to pay the reasonable expenses caused by the failure, (iv) to inform the jury of Defendant's failure, (v) to impose other appropriate sanctions.

Dated: March 17, 2017

Heena Shim-Larkin
Plaintiff Pro Se
260 West 153rd Street
Apt. 7H
New York, NY 10039
646-763-1668
heena.shim@gmail.com

_____

To: Scott C. Silverman
    Assistant Corporation Counsel
    100 Church Street, Room 2-107
    New York, NY 10007-2601
    (212) 356-2450
    Ssilverm@law.nyc.gov