RECEIVED
SDNY PRO SE OFFICE
2017 MAR 17 AM 11:30
S.D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

Heena Shim-Larkin

                Plaintiff,

-against-

City of New York

                Defendant.

-------------------------------------------------------x

Case No. 16 CV 6099 (AJN) (KNF)

**DECLARATION
IN SUPPORT OF MOTION
TO COMPEL DISCLOSURE**

I, Heena Shim-Larkin, declare under penalty of perjury that the following facts are true and correct:

1. On February 21, 2017, Plaintiff and Defendant exchanged their initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A)(i). In Defendant's initial disclosure, there were names of two individuals but there was no address, no phone number, no subject of information those individuals likely to have that Defendant may use to support its claims or defenses.

2. The second page of Defendant's original initial disclosure is attached as Exhibit A.

3. Plaintiff informed Defendant that its disclosure is insufficient and asked Defendant to provide missing informations until February 27, 2017. In response, Defendant filed a letter motion pursuant to Local Civil Rule 37.2 on February 24, 2017 and telephone conference was held before Magistrate Judge Kevin N. Fox on March 9, 2017.

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/17

4. In Plaintiff's response letter dated February 27, 2017, she wrote that she needs to know the subject of information because she can only guess which information Martin Kravitz and Miguel Morel has from Plaintiff's side of story but expects that Defendant's side of story will be different from hers.

5. During the telephone conference, Judge Fox asked Defendant why Defendant did not provide the subject of information and Defendant said that he is going to supplement its disclosure right away instead of explaining why.

6. Plaintiff received Defendant's Amended Initial Disclosures on March 15, 2017 via email and subject of information was included.

7. The second page of Defendant's Amended initial disclosure is attached as Exhibit B.

8. At the beginning of the conference, Judge Fox asked Defendant if those two individuals are currently employed by the City of New York and Defendant answered yes. But later Plaintiff pointed out that Defendant wrote as "2. Miguel Morel - Summer Seasonal Lifeguard" in its disclosure and it is not summer now. Then Judge Fox asked Defendant again and Defendant changed its story to Morel is 'considered' working. As a result, Judge Fox told Defendant to provide Plaintiff a business address of Martin Kravitz and Miguel Morel's home address if Morel is not currently working.

9. Defendant provided home address of Morel and business address of General Counsel of NYC Department of Parks and Recreation ("Parks") instead of Kravitz's business address in its Amended initial disclosures.

10. Plaintiff asserted that since she is not an attorney, she can talk to Kravit and Morel directly, even though they are represented by a lawyer, in her Response letter dated February 27, 2017, and during the telephone conference again.

11. Judge Fox told Defendant to provide telephone numbers of Kravitz and Morel which Plaintiff can reasonably reach them.

12. Defendant provided Morel's phone number but did not provide any kinds of Kravitz's phone number.

13. Also, Judge Fox asked Defendant if Kravitz and Morel consented to Scott Silverman for their representation. Silverman said that they consented orally only and does not have a document to support their consent.

14. Both Plaintiff and Defendant agreed that initial disclosures to be made on February 21, 2017, right before the scheduling conference.

15. Defendant did not object during the scheduling conference, or during the Rule 26(f) conference, or stated the objection in the proposed discovery plan.

16. Defendant stated 830 Fifth Avenue, Room 313, New York, NY 10065 as Kravitz's business address. However, Room 313 is Parks' General Counsel's room according to MOU document between three New York City agencies.

17. Page 8 of MOU is attached as Exhibit C.
(http://www.nyc.gov/html/dot/downloads/pdf/MOU_Green_Infrastructure.pdf).

18. Both Kravitz or Morel never told Plaintiff not to contact them directly.

Dated: March 17, 2017

Heena Shim-Larkin
Plaintiff *Pro Se*
260 West 153rd Street
Apt. 7H
New York, NY 10039
646-763-1668
heena.shim@gmail.com

_____

To: Scott C. Silverman
    Assistant Corporation Counsel
    100 Church Street, Room 2-107
    New York, NY 10007-2601
    (212) 356-2450
    Ssilverm@law.nyc.gov

# Exhibit A

## The Second Page of Defendant's Original Initial Disclosures

**Defendant's Response to Rule 26(a)(1)(A)(i):**

The below persons are current or former employees of New York City Department of Parks and Recreation ("Parks"), an agency of the City of New York, and should be contacted only through the Office of the Corporation Counsel at (212) 356-2450:

1. **Marty Kravitz** – Chief Lifeguard – Plaintiff's supervisor during the 2015 summer;

2. **Miguel Morel** – Summer Seasonal Lifeguard – Worked with Plaintiff during the 2015 summer.

**Rule 26(a)(1)(A)(ii):**

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**Defendant's Response to Rule 26(a)(1)(A)(ii):**

The following documents may or may not be used to support Defendant's defenses and are in the possession, custody, or control of Parks:

1. Plaintiff's Parks Personnel File as maintained by the Park's Personnel Office, bearing Bates Stamp Numbers "DEFENDANT'S 0001" through "DEFENDANT'S 0038";

2. Plaintiff's time sheets, bearing Bates Stamp Numbers "DEFENDANT'S 0039" through "DEFENDANT'S 0054".

The identification of a particular document or category of documents does not constitute a waiver of the attorney-client privilege or any other objection or privilege. Defendant is continuing to search for documents and information which they may use to support their

# Exhibit B

# The Second Page of Defendant's Amended Initial Disclosures

**Defendant's Response to Rule 26(a)(1)(A)(i):**

The below persons are current or former employees of New York City Department of Parks and Recreation ("Parks"), an agency of the City of New York, and should be contacted only through the Office of the Corporation Counsel at (212) 356-2450:

1. **Marty Kravitz** – Chief Lifeguard – 830 Fifth Avenue, Room 313, New York, NY 10065 – Plaintiff's performance and/or Plaintiff's time and attendance during the 2015 summer;

2. **Miguel Morel** – Summer Seasonal Lifeguard – ▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮ ▮▮▮▮▮, ▮▮ ▮▮▮▮ – ▮▮▮▮▮▮▮▮ – Plaintiff's performance and/or Plaintiff's time and attendance during the 2015 summer.

**Rule 26(a)(1)(A)(ii):**

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**Defendant's Response to Rule 26(a)(1)(A)(ii):**

The following documents may or may not be used to support Defendant's defenses and are in the possession, custody, or control of Parks:

1. Plaintiff's Parks Personnel File as maintained by the Park's Personnel Office, bearing Bates Stamp Numbers "DEFENDANT'S 0001" through "DEFENDANT'S 0038";

2. Plaintiff's time sheets, bearing Bates Stamp Numbers "DEFENDANT'S 0039" through "DEFENDANT'S 0054".

# Exhibit C

Page 8 of MOU between NYC agencies

If to DOT:

>Lori Ardito
>First Deputy Commissioner
>New York City Department of Transportation
>55 Water Street, 9th Floor
>New York, NY 10041

With a copy to:

>Franklin Mark
>Assistant Commissioner, Finance Contracts and Program Management
>New York City Department of Transportation
>55 Water Street, 6th Floor
>New York, NY 10041
>fmark@dot.nyc.gov

If to DPR:

>Liam Kavanagh
>First Deputy Commissioner
>New York City Department of Parks and Recreation
>830 Fifth Avenue
>New York, New York 10065

With a copy to:

>New York City Department of Parks and Recreation
>830 Fifth Avenue, Room 313
>New York, New York 10065
>Attn: General Counsel

If to DEP:

>Kathryn Garcia
>Deputy Commissioner for Operations
>New York City Department of Environmental Protection
>59-17 Junction Boulevard, 19th Floor
>Flushing, NY 11373
>Attn: Deputy Commissioner for Sustainability

With a copy to:

>New York City Department of Environmental Protection
>Bureau of Legal Affairs
>59-17 Junction Boulevard, 19th Floor
>Flushing, NY 11373
>Attn: General Counsel

8