UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Heena Shim-Larkin,<br><br>                        Plaintiff,<br><br>        –v–<br><br>City of New York,<br><br>                        Defendant. | 16-cv-6099 (AJN)<br><br>MEMORANDUM &<br>ORDER |

ALISON J. NATHAN, District Judge:

In this employment discrimination action, Heena Shim-Larkin, a *pro se* plaintiff

proceeding *in forma pauperis*, objects to an order of the Magistrate Judge denying her motion to

compel disclosure against the defendant, the City of New York. For the reasons explained

below, her objections are denied.

I.      **Background**

Plaintiff Heena Shim-Larkin, proceeding *pro se* and *in forma pauperis*, filed suit against

the City of New York in August 2016 alleging employment discrimination under Title VII of the

Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, New York State Human

Rights Law, and New York City Human Rights Law. *See* Complaint, Dkt. No. 2; Amended

Complaint, Dkt. No. 30. On November 23, 2016, the Court referred the case to Magistrate Judge

Kevin Nathaniel Fox for general pretrial services, including scheduling, discovery,

nondispositive pretrial motions, and settlement. Dkt. No. 22.

In February 2017, Plaintiff received the City's initial disclosures required under Federal

Rule of Civil Procedure 26. On February 27, 2017, Plaintiff filed a letter addressed to Magistrate

Judge Fox stating that the Defendant had provided insufficient information in its initial

disclosures. Letter, Dkt. No. 45. Specifically, Ms. Shim-Larkin stated that the Defendant had

listed two individuals, Martin Kravitz and Miguel Morel, as possibly having pertinent

information, but had failed to provide any contact information for the two men and instead stated

that they "should be contacted only through Defendant's counsel." *Id.* at 1. Plaintiff stated that

because she was a *pro se* litigant rather than an attorney, she could "seek information directly

from Kravitz and Morel, even if they are represented by a lawyer." *Id.*

The Magistrate Judge held a telephone conference on March 9, 2017 to resolve the

disclosure dispute. *See* Transcript, Dkt. No. 51. During the conference, Magistrate Judge Fox

ordered that the City determine if Miguel Morel was a current employee of the City. *Id.* at 11. If

the City determined that he was not, the City was ordered to provide the Plaintiff with Morel's

home address and telephone number. *Id.* If the City determined that Morel was an employee,

Ms. Shim-Larkin was ordered to contact him, along with Martin Kravitz,[1] only through the

City's counsel at a phone number previously given to Plaintiff. *Id.*

On March 17, 2017, Plaintiff filed a motion to compel disclosure and a supporting

memorandum of law and declaration. *See* Mot. to Compel, Dkt. No. 49; Memo. in Support of

Mot. to Compel, Dkt. No. 49; Declaration in Support of Mot. to Compel ("Declaration"), Dkt.

No. 50. Ms. Shim-Larkin stated that the Defendant's amended initial disclosures were

insufficient because they did not provide a phone number or proper business address for Martin

Kravitz and instead had provided only contact information for the City's counsel. *See*

Declaration ¶¶ 9, 12. On May 18, 2017, Magistrate Judge Fox denied Plaintiff's motion to

compel. Memorandum and Order, Dkt. No. 70. Magistrate Judge Fox concluded that Plaintiff

had failed to follow the proper pre-motion procedure under Local Civil Rule 37.2 but excused

---

[1] The parties did not dispute that Martin Kravitz was an employee of the City.

the error in the interest of efficient resolution of the continued dispute over the City's

disclosures. *Id.* at 5-7. He further concluded that the City had provided information consistent

with his direction during the March 9 telephone conference that Ms. Shim-Larkin "contact

Kravitz through the City's counsel, owing to his status as a City employee." *Id.* at 7-8.

On May 22, 2017, Plaintiff filed the objections to the Magistrate Judge's order that are

the subject of the present order. Objections to Magistrate Judge's Order ("Objections"), Dkt. No.

72.

## II.     Legal Standard

Under 28 U.S.C. § 636(b)(1)(A), the Court "may designate a magistrate judge to hear and

determine any pretrial matter pending before the court." The Court may reconsider the

magistrate judge's order "where it has been shown that the magistrate judge's order is clearly

erroneous or contrary to law." *Id.* "A magistrate judge's decision is 'clearly erroneous' only if

the district court is 'left with the definite and firm conviction that a mistake has been

committed.'" *Indergit v. Rite Aid Corp.*, No. 08-cv-9361 (JPO), 2016 WL 236248, at *1

(S.D.N.Y. Jan. 20, 2016) (citation omitted). "A decision is contrary to law if it 'fails to apply or

misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (citation omitted).

## III.     The Magistrate Judge's Order Was Not Clearly Erroneous or Contrary to Law

### A.     Construction of Motion to Compel

Plaintiff first contends that the Magistrate Judge erred by failing to construe her motion to

compel as an objection to his direction, during the March 9 telephone conference, that Plaintiff

contact Martin Kravitz only through City's counsel. Objections at 4. She argues that "even

though Plaintiff labeled her submission as [a] Motion to Compel," it was "clear that she

object[ed to the] Magistrate Judge's Order that she ha[d] to contact Kravitz through Defendant's counsel only." *Id.*

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). Liberal construction of *pro se* submissions stems from "an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* at 475 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

The Court concludes that Magistrate Judge Fox did not make a clearly erroneous finding when he treated Ms. Shim-Larkin's motion as a motion to compel. Plaintiff styled her filing as a motion to compel rather than as an objection to Magistrate Judge Fox's prior directions. "[J]udges are not mind readers," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), and a plaintiff's *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law," *Traguth*, 710 F.2d at 95 (citation omitted). Ms. Shim-Larkin's motion cited to Federal Rule of Civil Procedure 37(a)(3)(A) and requested a sanction pursuant to Federal Rule of Civil Procedure 37(c)(1) for Defendant's failure to provide adequate disclosures: "that the Court to [sic] order Defendant not to use the two witnesses." Mot. to Compel at 1. Plaintiff's motion thus appeared unambiguously to be a motion to compel, and Magistrate Judge Fox did not clearly err by interpreting it as such.

Moreover, had Magistrate Judge Fox interpreted the Plaintiff's motion as objections to his prior instructions rather than as a new motion, he would have in effect ignored Plaintiff's request that he impose a sanction on the City pursuant to Rule 37. Ignoring a *pro se* plaintiff's

4

express request for a particular remedy cannot fairly be described as interpreting the litigant's pleadings "to raise the strongest arguments that they suggest." *Triestman*, 470 F.3d at 474 (citation and emphasis omitted).

As a result, the Court concludes that the Magistrate Judge did not make a clearly erroneous decision when he treated Plaintiff's motion as a motion to compel.

**B.      Ordering Plaintiff to Contact a City Employee Through City Counsel**

Ms. Shim-Larkin also objects to the substance of Magistrate Judge Fox's order that Martin Kravitz be contacted only through the City's counsel. Objections at 1. In support of her objection, Plaintiff references several cases she had cited in her memorandum of law in support of her motion to compel in which courts allowed *pro se* litigants to directly contact witnesses rather than contacting them through counsel. *See* Objections at 3; Memo. in Support of Mot. to Compel at 4-5 (citing *Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.*, No. 02-cv-9151 (KMW) (HBP), 2004 WL 421789, at *1 (S.D.N.Y. Mar. 5, 2004), *aff'd in part, rev'd in part*, No. 02-cv-9151 (KMW), 2004 WL 5923139 (S.D.N.Y. June 8, 2004); *Trujillo v. Bd. of Educ.*, Nos. CIV 02-1146 JB/LFG, CIV 03-1185 JB/LFG, 2007 WL 2461630, at *11 (D.N.M. May 31, 2007); and *In re Howes*, 940 P.2d 159, 165 (N.M. 1997)).

In general, "counsel for a party may not directly contact those witnesses who are employees of an opposing party and represented by an attorney." *Cosgrove v. Fed. Home Loan Bank of N.Y.*, Nos. 90-cv-6455 (SMS), 92-cv-4225 (SMS), 1996 WL 164704, at *1 (S.D.N.Y. Apr. 8, 1996); *see also Katt v. N.Y.C. Police Dep't*, No. 95-cv-8283 (LMM), 1997 WL 394593, at *4 (S.D.N.Y. July 14, 1997). This rule is derived from the ethical rules governing attorney conduct within a particular jurisdiction. *See Trujillo*, 2007 WL 2461630, at *11 (citing N.M. R. Prof'l Conduct R. 16-402)); *Katt*, 1997 WL 394593, at *4 (citing N.Y. Lawyer's C.P.R.

Disciplinary R. 7-104(A)(1)). As a result, courts have occasionally held that this rule is inapplicable to a *pro se* party because she is not a lawyer bound by the rules of ethics for that profession, and that the *pro se* litigant may therefore informally contact current or former employees of the opposing party. *Trujillo*, 2007 WL 2461630, at *11; *Eldaghar*, 2004 WL 421789, at *1.

However, while Plaintiff is correct that some courts have allowed *pro se* parties to informally contact the opposing party's employees, she has not cited – and the Court has not found – any binding authority *requiring* courts to allow such contact. As a result, the Court does not find that Magistrate Judge Fox's order requiring Plaintiff to contact a City employee through City council was contrary to any established law. As a result, the Court concludes that the Magistrate Judge did not make a decision contrary to law when he ordered Plaintiff to contact Martin Kravitz through the City's counsel.

## IV. Conclusion

For the foregoing reasons, Plaintiff's objections to the Magistrate Judge's order are denied.

A copy of this Order will be mailed to the *pro se* Plaintiff.


SO ORDERED.

Dated: October **25**, 2017
       New York, New York

_____
ALISON J. NATHAN
United States District Judge