UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Heena Shim-Larkin,

             Plaintiff,

    –v–

City of New York,

             Defendant.

16-cv-6099 (AJN)

MEMORANDUM
OPINION & ORDER

---

ALISON J. NATHAN, District Judge:

Before the Court is Plaintiff Heena Shim-Larkin's motion for reconsideration of this Court's October 25, 2017 order denying her objections to the Magistrate Judge's order denying her motion to compel. For the reasons that follow, that motion is denied.

**I.   Background**

Plaintiff Heena Shim-Larkin, proceeding *pro se* and *in forma pauperis*, filed suit against the City of New York in August 2016 alleging employment discrimination under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, New York State Human Rights Law, and New York City Human Rights Law. *See* Complaint, Dkt. No. 2; Amended Complaint, Dkt. No. 30. On November 23, 2016, the Court referred the case to Magistrate Judge Kevin Nathaniel Fox for general pretrial services, including scheduling, discovery, nondispositive pretrial motions, and settlement. Dkt. No. 22.

On February 27, 2017, Plaintiff filed a letter addressed to Magistrate Judge Fox stating that the Defendant had provided insufficient information in its initial disclosures by naming two potential defense witnesses but failing to provide any contact information for the two men and instead stating that they "should be contacted only through Defendant's counsel." Letter, Dkt.

1

No. 45, at 1. Plaintiff stated that because she was a *pro se* litigant rather than an attorney, she could "seek information directly from [the witnesses], even if they are represented by a lawyer." *Id.*

After the Magistrate Judge ordered Ms. Shim-Larkin to contact one of the witnesses (a current City employee) only through defense counsel, Transcript, Dkt. No. 51, at 11, Plaintiff filed a motion to compel personal contact information for that witness, Mot. to Compel, Dkt. No. 49. Magistrate Judge Fox denied Plaintiff's motion to compel, concluding that the City had provided the contact information consistent with his prior ruling. Memorandum and Order, Dkt. No. 70, at 7-8. Ms. Shim-Larkin timely filed objections to this order, Objections to Magistrate Judge's Order, Dkt. No. 72, which this Court denied, Memorandum & Order, Dkt. No. 133. The Plaintiff then filed a motion for this Court to reconsider its ruling. Motion for Reconsideration, Dkt. No. 136.

## II. Legal Standard

In this district, "[m]otions for reconsideration are governed by ... Local Rule 6.3." *Sullivan v. City of New York*, No. 14-CV-1334 (JMF), 2015 WL 5025296, at *3 (S.D.N.Y. Aug. 25, 2015). On a motion for reargument, a party "may not advance new facts, issues or arguments not previously presented to the court." *In re Integrated Res. Real Estate Ltd. P'ships Sec. Litig.*, 850 F. Supp. 1105, 1151 (S.D.N.Y. 1993) (quoting *Litton Indus. v. Lehman Bros. Kuhn Loeb, Inc.*, No. 86-cv-6447 (JMC), 1989 WL 162315, at *4 (S.D.N.Y. Aug. 4, 1989)); *see also Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (the Local Rule governing motions for reconsideration "preclude[s] arguments raised for the first time on a motion for reconsideration"). "A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new

evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Quinn v. Altria Grp., Inc.*, No. 07-cv-8783 (LTS) (RLE), 2008 WL 3518462, at *1 (S.D.N.Y. Aug. 1, 2008). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

### III. Discussion

Plaintiff raises four distinct arguments in favor of her motion for reconsideration. None is meritorious.

Plaintiff first argues that this Court "overlooked Supreme Court decision[s] that [the] judicial role is interpreting the law, not creating the law." Memo. in Support of Motion to Reconsider ("Support"), Dkt. No. 137, at 2 (formatting omitted). Citing *American Trucking Associations, Inc. v. Scheiner*, 483 U.S. 266 (1987), Ms. Shim-Larkin argues that because no binding authority required Magistrate Judge Fox to prohibit her from contacting defense witnesses through defense counsel, his order was "'creating' the law, not 'interpreting' the law." Support at 2-3. This argument was not presented in Plaintiff's original objections to the Magistrate Judge's order, and thus this Court need not consider it. *See In re Integrated Res. Real Estate Ltd.*, 850 F. Supp. at 1151. In any event, this argument is in error: courts must frequently decide issues where no binding precedent dictates the case's outcome. In this very case, there is no precedent requiring *pro se* litigants to contact defense witnesses through defense counsel, nor is there precedent disavowing that *pro se* litigants must contact such witnesses through defense counsel. If Ms. Shim-Larkin's assertion were correct, this Court (as well as the Magistrate Judge) would be without authority to make *any* ruling addressing her request to contact defense

3

witnesses because a ruling for either party would "create" new law. Obviously, under such a rule, discovery in myriad litigation in this district would grind to a halt.

Plaintiff next argues that the Court overlooked that she has a right under the First Amendment to "associate with anyone and speak to anyone." Support at 4-5. This argument was not raised in her objections to Magistrate Judge Fox's order, and again the Court need not credit it. Even if the Court did rule on this basis, it is well-established that the First Amendment may be limited by rules of discovery. *See, e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984) ("As the Rules authorizing discovery were adopted by the state legislature, the processes thereunder are a matter of legislative grace. A litigant has no First Amendment right of access to information made available only for purposes of trying his suit."); *Zemel v. Rusk*, 381 U.S. 1, 16-17 (1965) ("The right to speak and publish does not carry with it the unrestrained right to gather information."); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004) (holding that disclosure of alleged copyright infringers by third-party ISPs did not violate the First Amendment). For this reason, courts in this district have previously held that a *pro se* plaintiff may be restricted from directly contacting witnesses. *See Okoumou v. Horizon*, No. 03-cv-1606 (LAK) (HBP), 2004 WL 2149118, at *2 (S.D.N.Y. Sept. 23, 2004).

Third, Plaintiff argues that this Court failed to liberally construe her objections. Support at 5-6. The rule of liberally construing *pro se* pleadings requires courts to liberally construe the arguments that the pleadings could plausibly suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006) (per curiam). Ms. Shim-Larkin does not identify any argument that her objections suggested that this Court failed to credit. Rather, she appears to argue that if this Court realized in ruling on her objections that her motion to compel was intended to object to Magistrate Judge Fox's prior ruling, this Court should have retroactively treated it as such.

4

*See* Support at 6 ("[I]f *pro se* litigant's intention becomes clearer at the objection stage . . . , then *pro se* pleading should be construed liberally at the objection stage."). This argument ignores that this Court is required to review the Magistrate Judge's order only for clear error. 28 U.S.C. § 636(b)(1)(A). In other words, this Court may not reevaluate the Plaintiff's pleadings before the Magistrate Judge and interpret them however it thinks is best. It may only look at the Magistrate Judge's findings and decide if they were clearly mistaken. In this case, the Magistrate Judge's findings were not clearly mistaken.

Finally, Plaintiff argues that Magistrate Judge Fox "clearly knew Plaintiff's intention regarding direct contact" and thus clearly erred. Support at 7. This is, in effect, the same argument the Plaintiff raised in her objections, and for the reasons set forth in the Court's order denying those objections, *see* Memorandum & Order at 4-5, the Court concludes that the Magistrate Judge did not err.

## IV. Conclusion

The Plaintiff's motion for reconsideration is denied. This resolves Docket Number 136.

The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

A copy of this order will be mailed to the *pro se* Plaintiff.

SO ORDERED.

Dated: Jan 16, 2018
New York, New York

ALISON J. NATHAN
United States District Judge