UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/18

-----------------------------------------------------------------X

HEENA SHIM-LARKIN,                            :
                                              :
                Plaintiff,                    :
                                              :          **MEMORANDUM and ORDER**
                -against-                      :
                                              :          16-CV-6099 (AJN)(KNF)
CITY OF NEW YORK,                             :
                                              :
                Defendant.                    :
-----------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

Before the Court is plaintiff pro se Heena Shim-Larkin's ("Shim-Larkin") motion for an order:

(1) compelling the defendant "to answer Plaintiff's first set of interrogatories under Fed. R. Civ. P.

37(a)(3)(B)(iii)"; (2) entering "judgment as to liability against Defendant and for other sanctions on

Defendant and its counsels under Fed. R. Civ. P. 26(g)(3), 37(b)(2)(A), 37(d)(1)(A)(ii), 28 U.S.C. §

1927, and the Court's inherent power"; and (3) staying "further proceedings under Fed. R. Civ. P.

37(b)(2)(A)(iv) until Plaintiff's first set of interrogatories is fully answered." The defendant opposes the

motion.

## BACKGROUND

Shim-Larkin served her first set of interrogatories on April 25, 2017, and, thereafter, when the

defendant failed to answer the interrogatories, she contacted the defendant on multiple occasions

advising that she would seek the Court's intervention if the defendant did not answer the interrogatories.

Subsequently, Shim-Larkin wrote to the Court seeking a premotion conference preparatory to filing a

motion to compel the defendant to answer the interrogatories. The request for the conference was

granted and the conference was held on August 3, 2017. According to Shim-Larkin, 30 minutes before

the conference was scheduled to commence the defendant transmitted to her, via an email message,

answers and objections to her first set of interrogatories. As a consequence, the August 3, 2017

conference was adjourned to August 22, 2017, to permit Shim-Larkin the opportunity to review the defendant's responses to her interrogatories.

Shim-Larkin recalls that several hours before the August 22, 2017 conference was to commence, the defendant sent supplemental answers and objections to her first set of interrogatories, via an email message. Shim-Larkin refers to the August 22, 2017 supplemental response to her interrogatories as the defendant's "Second Response." The Court determined that, owing to the defendant's untimely responses to the interrogatories, the objections asserted by the defendant to Shim-Larkin's interrogatories were waived, pursuant to Fed. R. Civ. P. 33(b)(4). The Court directed the defendant to provide Shim-Larkin with answers to her first set of interrogatories on or before August 25, 2017, without asserting any objections. The Court memorialized that directive in an order dated August 23, 2017. See Docket Entry No. 119.

According to Shim-Larkin, on August 25, 2017, the defendant sent an email message to her containing what Shim-Larkin characterizes as the defendant's "Third Response" to her first set of interrogatories. Shim-Larkin's review of the defendant's Third Response to her interrogatories led her to conclude that the "Defendant still failed to answer Interrogatories." Therefore, on September 28, 2017, Shim-Larkin sent a "meet and confer letter" to the defendant "explaining in detail what informations [sic] were not provided in [the defendant's] Third Response" to her interrogatories. Shim-Larkin maintains that, the defendant's counsel responded to her September 28, 2017 letter, via an October 13, 2017 email message, contending that the defendant had complied with the Federal Rules of Civil Procedure "without referring [to the] specific part of FRCP" on which it was relying and, further, asserted "multiple frivolous objections."

Shim-Larkin recalls that she contacted the defendant's counsel, via telephone, on October 16, 2017. Shim-Larkin alleges that during that telephone conversation, the defendant's counsel "gave evasive answers repeatedly to Plaintiff's questions" and Shim-Larkin advised the defendant's counsel that the "Plaintiff would seek sanctions" from the Court. Shim-Larkin asserts that after the telephone

-2-

conversation concluded, on October 16, 2017, the defendant's counsel sent her an email message indicating counsel's "preference" that all future communications between her and Shim-Larkin concerning discovery-related matters be conducted through email messages or letters; telephone conversations, Shim-Larkin was advised, would be had only during conferences with the Court or when they pertain to adjournments or requests for extensions of time.

The Court convened a telephonic conference with Shim-Larkin and counsel to the defendant on November 21, 2017. During that conference, Shim-Larkin was authorized to file a motion to compel the defendant to provide answers to her first set of interrogatories. The instant motion followed.

## THE MOTION

Plaintiff's Contentions

Interrogatory No. 1 of Shim-Larkin's first set of interrogatories sought

[t]he full name, title, address, phone number and email address for all current or former employees of Defendant who interacted with Plaintiff concerning her work during the summer of 2015. If the person is not currently working for Defendant, provide the last known address, phone number and email address. These employees include but are not limited to: Jennifer Navarro; Allison (She works at Chelsea lifeguard school. Possible last name is Jerriahian.); Dennis (Filter Plant Operator who worked Thursday through Monday at Tompkins Square Park mini pool during the 2015 summer.); Gio (Filter Plant Operator who worked on Tuesday at Tompkins Square Park mini pool during the 2015 summer.); Female Filter Plant Operator who worked on Wednesdays at Tompkins Square Park mini pool during the 2015 summer; Vladimir (Chief Lifeguard who used to visit Tompkins Square Park mini pool during the 2015 summer. Possible last name is Rodriguez.); JR (Martin Kravitz's supervisor); Nicole Pizarro; PAA Demuth, Jasmine; PAA Demuth's supervisor who was at the 13th precinct next to PAA Demuth when Plaintiff was interacting with PAA Demuth (Possibly a sergeant, Caucasian male); the female employee of New York City Department of Education who visited Tompkins Square park on or about August 18, 2015.

Shim-Larkin contends that the "Defendant did not provide any information concerning PAA [Jasmine] Demuth's [("PAA Demuth")] supervisor" and "did not provide any information concerning the female employee of New York City Department of Education who visited Tompkins Square park on or about August 18, 2015." Furthermore, Shim-Larkin contends that the defendant's First and Second Responses to her interrogatories contain "general objections and the fifth general objection" states that

-3-

the defendant "objects in the entirety to the requests to the extent that they seek the home address of, or personnel information of, individuals identified by the defendant in response to the requests." Shim-Larkin maintains that the objections asserted by the defendant were waived, as they were not asserted timely, and are in contravention of the Court's August 23, 2017 order directing the defendant to respond to the plaintiff's interrogatories without asserting any objections owing to the defendant's failure to provide timely answers and objections to the interrogatories, after they were served, as required by Rules 33(b)(2) and 33(b)(4) of the Federal Rules of Civil Procedure.

Interrogatory No. 2 of Shim-Larkin's first set of interrogatories sought "[t]he full name, title, address, phone number and email address for all persons who had authority to assign and/or transfer a lifeguard of Parks Department to a pool and/or beach in 2015." Shim-Larkin contends that the defendant "failed to provide full title, home address, actual work site, personal cell phone number, work cell phone number, home phone number, or actual work site number or email address for most of the individuals identified in Interrogatory No. 1 and No. 2." In addition, Shim-Larkin maintains that the defendant provided conflicting information regarding the title held by Miguel Morel ("Morel"), the lifeguard who supervised her at the Tompkins Square Mini Pool during the summer of 2015. According to Shim-Larkin, the defendant identified Morel's title as "Summer Seasonal Lifeguard" and as "Lifeguard" which rendered the defendant's response incomplete. In addition, Shim-Larkin contends that the defendant's counsel advised her that a response to the interrogatories that included, inter alia, the email addresses and home addresses Shim-Larkin sought would not be forthcoming because providing such information would not be in consonance with the defendant's "policy."

Interrogatory No. 3 of Shim-Larkin's first set of interrogatories asked that the defendant "[i]dentify all policies and/or practices concerning assigning and/or transferring a lifeguard to a pool during the summer of 2015. (If there are written policies and/or practices, please attach all)." Shim-Larkin asserts that in its First Response to her Interrogatory No. 3, the defendant identified only one

-4-

document, a "Union Contract bearing Bates No. DEFENDANT'S 0311." However, in the defendant's Second and Third Responses to the same interrogatory, the defendant identified two additional documents as being responsive to the interrogatory: the defendant's Department of Parks and Recreation equal employment opportunity policy and a "Reasonable Accommodation Form." Shim-Larkin maintains that neither document explains the defendant's lifeguard assignment and transfer practices and, moreover, the equal employment opportunity policy does not "even mention assignment or transfer to a job location." Shim-Larkin contends that the defendant failed to indicate which page of the equal employment opportunity policy contains information responsive to Interrogatory No. 3, which is violative of Rule 33(d)(1) of the Federal Rules of Civil Procedure, and never explained the "actual practice" it employs when transferring lifeguards among its facilities. Furthermore, according to Shim-Larkin, when she requested a "complete answer" to Interrogatory No. 3, the defendant objected relying on Local Civil Rule 33.3 of this court.[1] In response, Shim-Larkin, through an email message, explained to the defendant that, due to her indigency, an interrogatory is the "more practical method of obtaining information" for her, not a request for production or a deposition. More importantly, Shim-Larkin contends that, inasmuch as the defendant had already waived its ability to assert objections to her interrogatories, pursuant to Fed. R. Civ. P. 33(b)(4), and in light of the Court's August 23, 2017 order directing the

---

[1]Local Civil Rule 33.3 of this court follows:

(a)    Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

(b)    During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.

(c)    At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.

defendant to respond to her interrogatories without objections, the defendant's assertion of an objection to Interrogatory No. 3, premised on Local Civil Rule 33.3, was improper.

Interrogatory No. 4 of Shim-Larkin's first set of interrogatories requested that the defendant "[l]ist all phone numbers, device IDs, names of the carriers of the phone(s) which Martin Kravitz[, the defendant's assistant lifeguard coordinator,] used when he used Remind during the 2015 summer." Shim-Larkin contends, that in the defendant's First Response to Interrogatory No. 4, the defendant provided information about "Kravitz's work cell phone only." However, in the defendant's Second and Third Responses to the same interrogatory, the defendant answered that "the only phone on which Martin Kravitz used Remind during the Summer of 2015 was on his personal LG cell phone." Shim-Larkin maintains that the defendant "failed to provide [the device's] ID," and, when she requested a complete answer to Interrogatory No. 4, the defendant objected relying upon Local Civil Rule 33.3 of this court. The defendant did this, Shim-Larkin asserts, notwithstanding that its ability to assert objections to the interrogatories had been waived previously under Fed. R. Civ. P. 33(b)(4) and barred perforce of the Court's August 23, 2017 order.

Interrogatory No. 5 of Shim-Larkin's first set of interrogatories requested that the defendant "[i]dentify all policies and/or practices concerning how lifeguards chose and/or were given Regular Day Off(s) for all pools and/or beaches owned or maintained by the City of New York or the Parks Department during the summer of 2015. (If there are written policies and/or practices, please attach all.)" Shim-Larkin contends that the defendant gave an evasive answer to this interrogatory by failing to address or even reference the phrase regular day off preferring, instead, to discuss in its answer the scheduling of lifeguards and how conflicts respecting the shift preferences of lifeguards are resolved. Furthermore, Shim-Larkin maintains that the defendant asserted objections to Interrogatory No. 5 although, as noted above, all objections had been waived and barred previously.

Interrogatory No. 6 of Shim-Larkin's first set of interrogatories asked the defendant to "[s]tate whether each of Martin Kravitz, Javier Rodriguez (Assistant Lifeguard Coordinator in 2015 Summer) and Vladimir (Chief Lifeguard in 2015 summer) was informed of the existence of the video of Plaintiff which was taken on or about August 4, 2015 by Miguel Morel. If not, explain why not, and if so, state whether each of them (a) received a copy of the video, if so, in what way; (b) was provided an opportunity to review the video; and (c) reviewed the video. Please send the video to Plaintiff's email." Shim-Larkin asserts that in its First, Second and Third Responses to Interrogatory No. 6, the defendant indicated that it was searching for information to answer the interrogatory. In addition, the defendant also objected to Interrogatory No. 6, via letters prepared by its counsel to supplement the defendant's response to Interrogatory No. 6, although the defendant had waived its ability to assert objections previously, pursuant to Fed. R. Civ. P. 33(b)(4), and was barred from asserting objections by virtue of the Court's August 23, 2017 order. Notwithstanding the purported objections, the defendant disclosed a copy of a video denominated "DEFENDANT'S VIDEO1." The defendant also revealed that Javier Rodriguez never viewed the video and that Morel sent the video to Vladimir Rodriguez who viewed it.

Interrogatory No. 7 of Shim-Larkin's first set of interrogatories asked the defendant to "[i]dentify all policies and/or practices concerning 'Burning' from summer of 2015 to the present, including but not limited to: define 'Burning'; when 'Burning' is used; whether 'Burning' is permitted or not, if it is, in what situation it is permitted; what efforts are being taken to prevent 'Burning' where it is not permitted; all disciplinary actions taken when it is used when it is not permitted. (If there are written policies and/or practices, please attach all.)" Shim-Larkin contends that the defendant failed to: (1) define Burning; (2) state what actions it takes to prevent it, or (3) state all disciplinary actions taken when Burning occurs. Shim-Larkin maintains that, in responding to Interrogatory No. 7, through its Second and Third Responses to her first set of interrogatories, the defendant directed her to the Department of Parks and Recreations Standards of Conduct Disciplinary Procedures Manual. According to Shim-Larkin, neither the standards

-7-

of conduct nor the disciplinary procedures manual mentions Burning. Furthermore, the defendant failed to identify which pages of the standards of conduct document or its disciplinary procedures manual respond to Interrogatory No. 7; this failure, according to Shim-Larkin, is a violation of Fed. R. Civ. P. 33(d)(1).

Interrogatory No. 8 of Shim-Larkin's first set of interrogatories asked the defendant to "[i]dentify all date [sic] on which Mr. Kravitz took any photo(s) of Heena Shim in a bathing suit and list the names, titles, last known addresses, phone numbers and email addresses of all people with whom he shared the photo(s) with, whether by showing or transmitting the photo [to] them or by mentioning the photo(s) to them. Attach copies of all such photos." Shim-Larkin contends that in responding to Interrogatory No. 8, the defendant indicated that Kravitz was uncertain whether he took a photograph of Shim-Larkin's lifeguard training school graduation class and was unable to locate such a photograph. Shim-Larkin maintains that the defendant failed to indicate whether on other occasions a photograph(s) of her was taken. Therefore, the defendant's answer to Interrogatory No. 8 is evasive and incomplete. Shim-Larkin recalls that when she sought to obtain a complete answer to Interrogatory No. 8 from the defendant it objected relying on Local Civil Rule 33.3 of this court. However, Shim-Larkin asserts that, inasmuch as the defendant's ability to assert that objection was waived, pursuant to Fed. R. Civ. P. 33(b)(4), and barred by the Court's August 23, 2017 order, the defendant's objection to Interrogatory No. 8 is meritless.

Shim-Larkin contends that the defendant and its counsel failed "from the very outset of this action" to fulfill their obligations under the rules of discovery. Shim-Larkin maintains that the defendant and its counsel failed to: (1) make reasonable inquiries before signing and filing documents with the court; or (2) confer orally with her to resolve discovery disputes. According to Shim-Larkin, these failures by the defendant and its counsel multiplied the proceedings unreasonably and vexatiously, thus necessitating Court intervention repeatedly. Shim-Larkin asserts that she has been prejudiced by the conduct of the defendant and its counsel which has denied her the opportunity to: 1) formulate a litigation strategy in an

-8-

organized fashion; 2) determine which witnesses to interview and depose; and 3) obtain information to prove her case. Shim-Larkin maintains that the conduct of the defendant and its counsel was willful and undertaken in bad faith warranting the imposition of the sanctions she has requested including an award of the costs and expenses she has incurred due to the defendants "discovery abuse." According to Shim-Larkin, the imposition of sanctions less harsh than those she seeks would not be adequate to penalize the defendant and its counsel or to deter them and others from engaging in similar conduct in the future.

Defendant's Contentions

The defendant maintains that it "complied with the Court's August 23, 2017 Order and, thus, Plaintiff's request to compel responses to Interrogatories is moot, as Defendant provided Plaintiff with responses to Interrogatories without objection," through its August 24, 2017 supplement to its interrogatory responses. The defendant contends that with respect to Interrogatory Nos. 1 and 2, it complied with Local Civil Rule 26.3(c)(3) of this court by providing Shim-Larkin the business address and telephone number for each person listed in those interrogatories "for whom [Shim-Larkin] requested identifying information." According to the defendant that information "is sufficient to assist Plaintiff in her investigation" of the case. The defendant also contends that during an October 13, 2017 meet and confer telephone conversation with Shim-Larkin, the defendant learned from her that the person Shim-Larkin suggested, in Interrogatory No. 1, was PAA Demuth's supervisor wore a white shirt; this indicated to the defendant that the person "was likely a lieutenant." During that same telephone conversation, the defendant learned from Shim-Larkin that the person whom she alleged was an employee of the New York City Department of Education and was at the Tompkins Square Mini Pool, was "a representative of a summer lunch program at Tompkins Square Mini Pool." Armed with the information Shim-Larkin provided to the defendant on October 13, 2017, which clarified what were, for the defendant, vague and ambiguous descriptors for the presumed supervisor and the summer lunch program representative, the defendant began "its investigation into the aforementioned information by requesting the schedule of the

13th precinct on August 19, 2015, and following up on the summer meals program coordinated by the Department of Parks and Recreation and the Department of Education." According to the defendant, the "investigation is ongoing."

The defendant maintains that with respect to the plaintiff's Interrogatory Nos. 3, 5, and 7, in keeping with Fed. R. Civ. P. 33(d)(1), "Defendant referred Plaintiff to documents previously provided to her that are responsive" to those interrogatories. Furthermore, the defendant alleges that Kravitz was asked questions duplicative of these three interrogatories during his deposition and he provided Shim-Larkin information responsive to those interrogatories through his deposition testimony. Therefore, the defendant asserts that it has responded fully to these interrogatories.

The defendant contends that with respect to Shim-Larkin's Interrogatory No. 4, the defendant sent Shim-Larkin a letter on December 4, 2017, "supplementing its response to Interrogatory No. 4," indicating that it could not supply the identification number for the cellular telephone that Martin Kravitz ("Kravitz") used during the summer of 2015, as Kravitz no longer had that device. However, according to the defendant, on December 5, 2017, Kravitz was deposed by Shim-Larkin and during that deposition, she asked "him several questions, and [received] sworn testimony from him, duplicative, in sum and substance, of many of the interrogatories at issue here." For example, during Kravitz's deposition, the defendant contends that he was asked "about the policy for transferring lifeguards, which he answered and indicated that he is unaware of any written policy on the topic." Kravitz was also asked "about how regular days off were determined and . . . Kravitz explained the scheduling process including how regular days off are decided." The defendant alleges that during Kravitz's deposition he was questioned "about 'Burning' and whether" the Department of Parks and Recreation had a policy regarding Burning. Kravitz gave "his definition of 'Burning' and stated he was unaware of any written policy on that topic."

The defendant asserts that on October 13, 2017, and December 15, 2017, it supplemented its answers to Interrogatory No. 6 by: (1) providing Shim-Larkin the videotape she referenced in that interrogatory; and (2) informing Shim-Larkin that Javier Rodriguez never viewed the videotape at issue and Vldamir Rodriguez received the videotape from Morel and viewed it. The defendant contends that it responded to and supplemented its response to this interrogatory notwithstanding that: (1) Interrogatory No. 6 sought information beyond that which is permitted by Local Civil Rule 33.3(a) of this court; and (2) an objection need not be asserted for a party to refrain "from answering an interrogatory that on its face is precluded by Local Civil Rules of this Court."

The defendant alleges that it responded to Interrogatory No. 8 by informing "Plaintiff that Kravitz is unable to recall whether he took a picture of Plaintiff's lifeguard school training graduation class" and after a search, Kravitz "was unable to locate any such picture." The defendant maintains that the answers it provided to Interrogatory Nos. 1, 2, 3, 5 and 7 of Shim-Larkin's first set of interrogatories were verified by Liam Kavanagh ('Kavanagh"), first deputy commissioner, Department of Parks and Recreation, and that Interrogatory Nos. 4, 6 and 8 were verified by Kravitz.

With respect to Shim-Larkin's request that the Court impose sanctions on the defendant, the defendant maintains that sanctions are not warranted in this case because it complied with the Court's August 23, 2017 order by answering the interrogatories without objecting to them. Moreover, the defendant's untimely responses to Shim-Larkin's interrogatories "[do] not evince any willful conduct aimed at delaying the litigation." The defendant asserts that it obeyed the Court's order and submitted its responses to Shim-Larkin's interrogatories without objection, "supplemented its responses on multiple occasions and has informed the Plaintiff of its ongoing investigation into requests that Plaintiff has only recently clarified."

The defendant contends that Shim-Larkin has not been prejudiced by its conduct because she received "responses to her requests and discovery is ongoing." The defendant alleges that Shim-Larkin's

request for sanctions against its counsel, under 28 U.S.C. § 1927, ought to be denied because its counsel "did not act in an improper manner," and counsel's "only misstep" was serving the defendant's answers to Shim-Larkin's interrogatories untimely. According to the defendant, this "misstep" "did not delay the discovery process" because Shim-Larkin "served numerous subsequent interrogatories and document demands." The defendant asserts that it "has made every effort to engage in the discovery process in good faith." Furthermore, the defendant maintains that its counsel's refusal to communicate in person or via telephone with Shim-Larkin to confer regarding discovery disputes was prompted by Shim-Larkin's screaming and yelling at counsel at the conclusion of "an approximately two-hour long 'meet and confer' conversation." According to the defendant, its counsel's refusal to communicate orally with Shim-Larkin is not sanctionable because, while the Individual Rules of Practice of the assigned district judge require that meet-and-confer sessions be conducted via telephone or in person, those of the undersigned magistrate judge do not.

Plaintiff's Reply

In reply, Shim-Larkin contends that the assertion made by the defendant's counsel in opposition to the instant motion that, on August 22, 2017, the defendant served what Shim-Larkin characterizes as the defendant's Third Response to the plaintiff's first set of interrogatories is false. Although the assertion was made by counsel under the penalty of perjury, pursuant to 28 U.S.C. § 1746, Shim-Larkin asserts that evidence of the falsity of the statement can be found by examining Exhibit A to Docket Entry No. 132, as paragraph eight of defense counsel's declaration in opposition to the instant motion invites one to do. Exhibit A to Docket Entry No. 132 is dated August 24, 2017, as is the verification by Kavanagh which accompanies that document. Given that a simple review of the dates contained on those two documents shows that the defendant's Third Response to the plaintiff's first set of interrogatories could not have been served on August 22, 2017, Shim-Larkin contends that this is evidence that defense counsel did not make a reasonable inquiry to ascertain the facts before executing her declaration under penalty of perjury and,

-12-

further, that this is indicative of counsel's failure to make reasonable inquiries before filing responses to the plaintiff's various discovery demands. In addition, Shim-Larkin denies the assertion by the defendant's counsel that she screamed and yelled at counsel during a telephone conversation, and Shim-Larkin notes that counsel's allegation was not made under oath.

<u>Interrogatory Nos. 1 and 2</u>

Shim-Larkin contends that, in responding to Interrogatory Nos. 1 and 2, the defendant failed to comply with Local Civil Rule 26.3(c)(3) of this court. That rule defines the term "identify" for the purpose of discovery demands exchanged by parties during the course of litigation. Shim-Larkin maintains that the rule requires that when a party identifies a person, it must – to the extent that the party has the information – furnish the person's full name, present or last known address, and when referring to a natural person provide, additionally, the present or last known place of employment. Shim-Larkin asserts that, contrary to Local Civil Rule 26.3, the defendant provided false information regarding the place of employment for some of the persons it identified. According to Shim-Larkin, the falsity of the information provided by the defendant became apparent when Kravitz was deposed. Shim-Larkin maintains that Kravitz "testified that Giovanni Torres and Mercedes Rodriguez worked at Tompkins Square mini pool and Versuvio Pool." He also testified that Norberto Ferrer Jr. ("Ferrer"), Richard Sher and Javier Rodriguez work at Rockaway Beach. According to Kravitz, "Ferrer and Javier Rodriguez are Assistant Life Guard Coordinator[s]; and Sher is [a] Lifeguard Coordinator." Shim-Larkin contends that the defendant's Third Response to her first set of interrogatories identifies places of employment and job titles for these individuals that are different from those identified by Kravitz during his deposition.

Shim-Larkin contends that, the defendant "alleged that it could not provide [an] interrogatory answer regarding PAA Demuth's supervisor and the Department of Education . . . employee" until it received information provided by Shim-Larkin during an October 13, 2017 telephone conversation Shim-Larkin had with the defendant's counsel. Shim-Larkin notes that the defendant claims it commenced its

-13-

investigation into the identity of PAA Demuth's supervisor by requesting the August 19, 2015 13th precinct's schedule. Shim-Larkin contends that the defendant did not need any information it received from her in October 2017 to request the August 19, 2015 13th precinct schedule and, in any event, the defendant never explained the reason for failing to provide this information to her in its First, Second or Third Response to Shim-Larkin's first set of interrogatories or in an October 13, 2017 writing the defendant sent to her. In addition, Shim-Larkin notes that the defendant never explained why it did not request more information from her earlier than October 2017, if more information was in fact needed to commence the defendant's investigation. Shim-Larkin asserts that, even assuming the defendant launched its investigation to identify PAA Demuth's supervisor and the Department of Education employee in October 2017, the defendant failed to provide any information on December 18, 2017, when it filed its opposition to the instant motion, about what the investigation revealed although, by that time, two months had elapsed since the defendant had commenced the investigation.

Interrogatory Nos. 3, 5 and 7

Shim-Larkin contends that the defendant's complaint, that Interrogatory Nos. 3, 5 and 7 are duplicative of questions Shim-Larkin asked Kravitz during his deposition, is suspect because in the December 15, 2017 letter the defendant sent to her, which is Exhibit C to the declaration the defendant's counsel submitted in opposition to this motion, the defendant asserts that the matters raised via these three interrogatories were "better addressed during a deposition." In any event, Shim-Larkin asserts that Kravitz's deposition testimony "cannot be substituted for Defendant's interrogatory answers for purpose of the motion" because it is not certain that Kravitz's personal knowledge, revealed through his deposition testimony, will be "[the] same [as] Defendant's policy or practices" respecting the matters addressed in the interrogatories or the same as its "official answer" to the interrogatories. This is so, Shim-Larkin noted, because, although the defendant identified the Department of Parks and Recreations Equal Employment Opportunity policy in response to Interrogatory No. 3 and disclosed its citywide Equal

-14-

Employment Opportunity policy to her, Kravitz testified that he had never seen either document.

Furthermore, according to Shim-Larkin, since it is uncertain whether: (1) Kravitz will be a witness at the

trial of the action; or (2) she will be able to use Kravitz's deposition transcript at the trial, having answers

to her interrogatories is necessarily of great importance to her ability to prosecute the action.

### Interrogatory Nos. 4 and 6

Shim-Larkin contends that the defendant's supplemental answers to Interrogatory Nos. 4 and 6,

which were made via letters dated October 13, 2017, December 4, 2017, and December 15, 2017, lack the

signature(s) of the person who answered the interrogatories, as is required by Fed. R. Civ. P. 33(b)(5), and

the defendant "did not provide [a] verification[(s)] with respect to [the] letters." Shim-Larkin asserts that

she is under no obligation to act on any unsigned disclosure, request, response or objection until it is

signed, and such an unsigned item must be stricken by the court, pursuant to Fed. R. Civ. P. 26(g)(2),

unless a signature is  promptly supplied after the omission is brought to the attention of the party or its

counsel.  Furthermore, Shim-Larkin maintains that the supplemental answer the defendant provided for

Interrogatory No. 4 is lacking because the "Defendant stated, without Kravitz's verification, that 'Kravitz

is no longer in possession of the personal LG cellphone he used during the summer of 2015' but did not

state since when Kravitz ceased his possession of the LG cellphone or what caused Kravitz to discontinue

the possession of the LG cellphone."

Shim-Larkin also contends that the defendant's supplemental response to Interrogatory No. 6 is

"evasive," in that the defendant "did not state that DEFENDANT'S VIDEO 1 is the one Plaintiff

requested in Interrogatory No. 6."  In addition, the defendant "still did not answer whether Javier

Rodriguez was informed of the existence of the video . . . or in what way Vladimir Rodriguez received the

video from Miguel Morel," as Interrogatory No. 6 requests.  Shim-Larkin asserts that the defendant's

contention, that "an objection is not required to prevent it from answering an interrogatory that on its face

is precluded by Local Civil Rule [33.3(a)] of this Court" is undermined by the contrary position taken in

the defendant's October 13, 2017 letter in which it states "Defendant supplements its original response by objecting to Interrogatory No. 6 on the grounds that it . . . seeks information beyond the scope permitted by Local Civil Rule 33.3 . . ." (emphasis in original). Moreover, according to Shim-Larkin, "since Interrogatory No. 6 is related to whether the listed three individuals can be person(s) who can verify the existence of the video; custodian(s) of the video; and person(s) who can describe the video or not, it is clearly within the scope of Local Civil Rule 33.3(a)." Shim-Larkin also notes that Local Civil Rule 33.3 provides the Court with the discretion to allow interrogatories to be served that are without the scope of the rule and may order a party to answer them. Shim-Larkin asserts that in the instant case, "the Court ordered Defendant to answer Interrogatory No. 6."

## Interrogatory No. 8

Shim-Larkin does not recall being informed by the defendant, as it asserts, "that the only picture Kravitz recalls possibly taking of plaintiff was her lifeguard school training graduation class photo." Notwithstanding Shim-Larkin's lack of recollection, she contends that the defendant failed to state "whether Kravitz took the photo described in Interrogatory No. 8 in [sic] other occasions than purported lifeguard school training graduation class" and did not state "whether Kravitz mentioned such photo(s) to anybody regardless of actual existence of such photo."

## Sanctions

Shim-Larkin asserts that, with respect to the effect that a signature placed on discovery-related requests, responses or objections has, the defendant's counsel "mischaracterized FRCP 26(g)'s requirements in a vague way as if the signer has to make reasonable inquiry into the request only, not responses or objections." Shim-Larkin maintains that the express language of Fed. R Civ. P. 26(g)(1)(B)(i)-(ii) makes clear that the certification evidenced by the signature placed on discovery-related materials identified in the Rule extends to discovery responses or objections, and that a violation of the signer's certification must result in the imposition of an appropriate sanction on the signer or the party on

-16-

whose behalf the signer acted or both. Shim-Larkin also notes that the bad faith requirement which must be established in order to impose sanctions on an attorney pursuant to 28 U.S.C. § 1927, can be shown to exist when an attorney's actions are "completely without merit." According to Shim-Larkin, when such a showing is made, a "court can conclude that the attorney's actions" were undertaken for an improper purpose. Shim-Larkin urges the Court to reach that conclusion here, based on counsel's "persistent" failure to comply with the Court's discovery orders, counsel's mischaracterizations of the Federal Rules of Civil Procedure and case law to which counsel has made citation, and the delay that has been experienced in moving this litigation forward occasioned by counsel's conduct.

## DISCUSSION

"[T]he fundamental maxim of discovery that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation,'" has been recognized by the Supreme Court. Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the Southern Dist. of Iowa, 482 U.S. 522, 540, n.25, 107 S. Ct. 2542, 2553, n.25 (1987). To assist litigants in becoming knowledgeable about relevant facts, Rule 33 of the Federal Rules of Civil Procedure allows parties to serve interrogatories that relate to any matter that may be the subject of an inquiry under Rule 26(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 33(a)(1), (2). Rule 26(b) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In keeping with the above-noted maxim, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). If a party determines that an answer given to an interrogatory is "in some material respect" not complete or is incorrect, the party has a duty to supplement the interrogatory answer to ensure that the interrogatory is answered completely and correctly. Fed. R. Civ. P. 26(e)(1)(A). A court may also order that a party supplement its answer(s) to an interrogatory(ies). See Fed R. Civ. P. 26(e)(1)(B). Rule 37 of the Federal Rules of Civil Procedure explains that "an evasive or incomplete disclosure, answer, or

-17-

response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). Such a failure exposes the defaulting party to the possibility of sanctions. See Fed R. Civ. P. 37(d)(1)(A)(ii). When a party's interrogatory has not been answered or when an incomplete or evasive answer has been provided a motion for an order compelling the responding party to answer the interrogatory fully may be made. See Fed. R. Civ. P. 37(a)(3)(B). Motions to compel made under Rule 37 are left to the sound discretion of the court. See United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000). Prior to seeking an order to compel, the parties must make a good faith effort to meet and confer to resolve their discovery dispute without court intervention. In this judicial district, it has long been known that the meet-and-confer requirement "means to meet, in person or by telephone." Mika v. Four Seasons Hotels, No. 98-CV-5972, 1999 WL 47319, at *1 (S.D.N.Y. Feb. 1, 1999). Even "[t]he exchange of letters between counsel stating positions 'for the record' shall not be deemed compliance with the [meet-and-confer] requirement." Id.

The Court has analyzed the motion record carefully and finds that the defendant failed to answer Shim-Larkin's first set of interrogatories fully, as is required by Fed. R. Civ. P. 33.

## Interrogatory Nos. 1 and 2

Through Interrogatory Nos. 1 and 2, Shim-Larkin sought information from the defendant that would enable her to identify and contact various members of the defendant's workforce who, during the summer of 2015, either: (1) visited Tompkins Square Park and Mini Pool; (2) worked at the pool as lifeguards; (3) were authorized to assign or transfer lifeguards to that pool; or (4) supervised a police administrative aide whom Shim-Larkin encountered when she visited the 13th police precinct on August 19, 2015, to lodge a complaint. In response, the defendant provided Shim-Larkin the business addresses and business telephone numbers for its personnel who are named in the two interrogatories. However, these two interrogatories seek information beyond the business addresses and business telephone numbers of the persons named in the interrogatories. For example, the interrogatories asked the defendant for the

-18-

email addresses for those named in the interrogatories. The defendant understood that, as it provided an email address for one person in its responses to Interrogatory Nos. 1 and 2, but failed to provide email addresses for the others named in those interrogatories. The motion record does not indicate that the defendant does not possess the remaining email addresses; therefore, the defendant's failure to provide the requisite email addresses renders its response to Interrogatory Nos. 1 and 2 incomplete. An "incomplete . . . answer or response must be treated as a failure to . . . answer or respond." Fed. R. Civ. P. 37(a)(4).

Shim-Larkin takes umbrage at the defendants' failure, in responding to Interrogatory Nos. 1 and 2, to identify PAA Demuth's supervisor and the female Department of Education employee who visited Tompkins Square Park. However, the motion record demonstrates that the defendant does not have identity information regarding these persons to impart to Shim-Larkin, as its investigation to determine their identities is ongoing. A party is not obligated, under Fed. R. Civ. P. 33, to provide information that is not known to it. However, the party must "make a reasonable inquiry concerning the information sought in interrogatories and a party's failure to describe his efforts to obtain the information sought by plaintiffs renders his responses insufficient." Zanowic v. Reno, No. 97 Civ. 5292, 2000 WL 1376251, at *3, n.1 (S.D.N.Y. Sept. 25, 2000).

In the case at bar, the defendant has described the efforts it undertook to uncover the identity of PAA Demuth's supervisor and the female Department of Education employee. After learning additional information from Shim-Larkin in October 2017, the defendant requested "the schedule of the Thirteenth Precinct on August 19, 2015 and [followed] up on the summer meals program coordinated by the Department of Parks and Recreation and the Department of Education." According to the defendant, as noted above, its investigation to uncover the identities of the two persons is ongoing.

Shim-Larkin challenges the completeness of the business-address data the defendant supplied to her in responding to Interrogatory Nos. 1 and 2 because Kravitz's deposition testimony, as it related to the work locations for some of the persons identified in these interrogatories, differed from the information

-19-

respecting business addresses provided to her through the defendant's interrogatory answers. For example, the defendant identified Ferrer's business address as 430 West 25th Street, New York, New York, and Kravitz testified that Ferrer's office is located at Rockaway Beach. The Court notes that the answers to Interrogatory Nos. 1 and 2 were verified by Kavanagh, not by Kravitz. Moreover, a party "must supplement or correct its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). The motion record indicates that the "responses [to Interrogatory Nos. 1 and 2] provided to [Shim-Larkin] by Defendant . . . remain [the defendant's] response [sic]." As it appears that the defendant has determined that the business addresses it supplied to Shim-Larkin, as verified by Kavanagh, are complete and correct, any discrepancy between the defendant's interrogatory answers, as verified by Kavanagh, and Kravitz's sworn deposition testimony will have to be explored, if necessary, during the examination and cross-examination of these witnesses at the trial of the action. The Court cannot conclude, based on the motion record, that Shim-Larkin has not received a complete answer from the defendant respecting the business addresses, verified by Kavanagh, it provided in response to Interrogatory Nos. 1 and 2. The Court notes, however, that the discrepancy between the defendant's interrogatory answers, as verified by Kavanagh, and Kravitz's sworn deposition testimony makes suspect whether the defendant made a reasonable inquiry concerning the information sought by Shim-Larkin to ensure that its responses to those interrogatories were complete. See Zanowic, 2000 WL 1376251, at *3.

Interrogatory No. 3

"If the answer to an interrogatory may be determined by examining . . . a party's business records . . . and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). In responding to Interrogatory No. 3, the defendant provided Shim-Larkin the

-20-

equal employment opportunity policy adopted by the defendant's Department of Parks and Recreation. However, the defendant did not identify for Shim-Larkin, with sufficient detail, the portion of that policy that it believed is responsive to Interrogatory No. 3. By failing to specify where in the equal employment opportunity policy Shim-Larkin would find information about the defendant's practices respecting the assignment and transfer of lifeguard personnel, the defendant did not comply with Fed. R. Civ. P. 33(d). The defendant maintains that Kravitz's deposition testimony addressed the matter raised through Interrogatory No. 3 and, thus, any deficiency in its attempt to answer Interrogatory No. 3, by relying on the method prescribed in Fed. R. Civ. P. 33(d), was ameliorated by the testimony Kravitz provided. The Court disagrees. The motion record indicates that Kravitz was unfamiliar with equal employment opportunity policies about which he was questioned at his deposition. Furthermore, nothing in the motion record indicates that Shim-Larkin and the defendant were on equal footing with respect to ascertaining where in the Department of Parks and Recreation's equal employment opportunity policy, the answer to Interrogatory No. 3 might lie. Therefore, merely delivering the policy to Shim-Larkin, as the defendant did, and leaving Shim-Larkin to her own devices to find where, if at all, the answer to Interrogatory No. 3 might be located in the equal employment opportunity policy was not consistent with the method contemplated by Fed. R. Civ. P. 33(d) for answering interrogatories by furnishing business records to the interrogating party.

The motion record also indicates that when Shim-Larkin protested to the defendant and requested a "complete answer" to Interrogatory No. 3, the defendant attempted to assert Local Civil Rule 33.3 as a shield to responding more fully to the interrogatory. The defendant's reliance on Local Civil Rule 33.3, in responding to Shim-Larkin's request for a "complete answer" to Interrogatory No. 3, was misplaced. This is so because the Court ordered the defendant to answer Shim-Larkin's first set of interrogatories "without asserting any objections," see August 23, 2017 order, Docket Entry No. 119, and, furthermore, each provision of Local Civil Rule 33.3 is qualified by some variation of the phrase unless the court orders

-21-

otherwise. See Footnote one above. Thus, the defendant's attempt to do by indirection what it could not do directly: object to responding to Interrogatory No. 3 of Shim-Larkin's first set of interrogatories, after the Court issued the August 23, 2017 order, contravened the Court's order.

Interrogatory No. 4

An interrogatory must be answered in writing and under oath. See Fed. R. Civ. P. 33(b)(3). The defendant has conceded that the answer it provided to Shim-Larkin's Interrogatory No. 4 was in some material respect incomplete or incorrect because it attempted to supplement its answer to that interrogatory. See Fed. R. Civ. P. 26(e). The defendant's attempt to supplement its answer to Interrogatory No. 4, via the December 4, 2017 letter of its counsel – an unsworn writing that is not verified by the defendant – does not satisfy Rule 33(b)(1)(A) and (3)'s requirements that an interrogatory answer be provided, under oath, by the party to whom it is directed. As noted above, Fed. R. Civ. P. 37(a)(4) advises that an incomplete answer to an interrogatory must be treated as a failure to answer the interrogatory. Therefore, the defendant failed to answer Interrogatory No. 4.

Interrogatory No. 5

Interrogatory No. 5, which asks specifically about the defendant's policies and practices respecting the designation of a lifeguard's "Regular Day Off[]" was never answered directly by the defendant. Instead, the defendant evaded the regular-day-off issue and through Kavanagh's verified response to Interrogatory No. 5 indicated, obliquely, that "Supervisors schedule staff in order to meet the operational needs at pools and beaches." As noted above, an evasive answer to an interrogatory constitutes a failure to answer the interrogatory. See Fed. R. Civ. P. 37(a)(4). The defendant's assertion, without citation to any authority, that so much of Kravitz's deposition testimony as touched upon the subject matter of this interrogatory renders its Interrogatory No. 5 answer complete, is to no avail. This is so because Kavanagh verified the defendant's answer to Interrogatory No. 5, not Kravitz, and the motion record indicates that Kavanagh's verified answer to the interrogatory remains the defendant's position

with respect to Interrogatory No. 5.

## Interrogatory No. 6

As discussed above, an interrogatory is to be answered in writing and under oath by the party to whom it is directed. See Fed. R. Civ. P. 33(b)(1)(A) and (3). By an order issued on August 23, 2017, the defendant was directed to answer Shim-Larkin's first set of interrogatories without asserting any objections. The defendant has conceded that the answer it provided to Shim-Larkin's Interrogatory No. 6 was in some material respect incomplete or inaccurate, because it attempted to supplement its answer to that interrogatory. See Fed. R. Civ. P. 26(e). The defendant attempted to supplement its answer to Interrogatory No. 6 through an October 13, 2017 letter and a December 15, 2017 letter, each of which was written by defendant's counsel. Neither letter was prepared under oath by the defendant, the party to whom the interrogatory was directed, as required by Fed. R. Civ. P. 33(b)(3), or verified by the defendant. See Steptoe v. City of Syracuse, No. 5:09-CV-1132, 2011 WL 6012941, at 4-5 (N.D.N.Y. Nov. 1, 2011). Moreover, the defendant asserted objections to Interrogatory No. 6 through the two letters, although it was unable to do so because any objections it had to the interrogatory were waived, pursuant to Fed. R. Civ. P. 33(b)4), and it was barred from asserting objections to Shim-Larkin's first set of interrogatories via the Court's August 23, 2017 order. Inasmuch as an incomplete answer to an interrogatory must be treated as a failure to answer the interrogatory, see Fed. R. Civ. P. 37(a)(4), the defendant has not yet answered Interrogatory No. 6. Moreover, disobeying a court order exposes the disobedient party to the prospect of sanctions. See Mitchell v. Lyons Professional Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013).

## Interrogatory No. 7

As has been indicated earlier in this writing, "[i]f the answer to an interrogatory may be determined by examining . . . a party's business records . . . and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate

-23-

and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). In responding to Interrogatory No. 7, the defendant provided Shim-Larkin the Department of Parks and Recreation Standards of Conduct and Disciplinary Procedures Manual. However, the defendant did not identify for Shim-Larkin, with sufficient detail, the portion of that manual that it believed is responsive to Interrogatory No. 7. By failing to specify where in the disciplinary procedures manual Shim-Larkin would find information about the definition of "Burning," whether "Burning" is permitted by the defendant and the disciplinary action(s) the defendant takes in connection with "Burning," the defendant did not comply with Fed. R. Civ. P. 33(d).

In addition, the defendant's assertion that, to the extent Kravitz's deposition testimony addressed the subject matters about which Interrogatory No. 7 inquired the defendant responded to the interrogatory fully, the defendant's assertion is wrong. This is so because the motion record indicates that the response to Interrogatory No. 7 provided to Shim-Larkin on August 24, 2017, which was verified by Kavanagh not by Kravitz, remains its response to Interrogatory No. 7.

Interrogatory No. 8

In response to the Court's August 23, 2017 order, the defendant served Shim-Larkin with answers to her first set of interrogatories which are dated August 24, 2017. Attached to those answers is, inter alia, a verification purportedly signed by Kravitz. That verification is dated August 22, 2017, two days before the August 24, 2017 date appearing on the answers to the interrogatories. Kravitz's verification, which applies to Interrogatory Nos. 4, 6 and 8 only, appears to be identical to the verification Kravitz submitted with the defendant's August 22, 2017 answers to Shim-Larkin's first set of interrogatories. The motion record is barren of any evidence explaining how Kravitz could read and verify on August 22, 2017, interrogatory answers that were finalized and dated two days later, on August 24 2017. The absence of such evidence from the motion record permits the conclusion that the defendant's August 24, 2017

-24-

answers to Interrogatory Nos. 4, 6 and 8 of Shim-Larkin's first set of interrogatories were not verified properly or given under oath, as Fed. R. Civ. P. 33(b)(3) requires.

For this reason alone, the Court finds that the defendant did not answer Interrogatory No. 8; but more exist about the defendant's response to Interrogatory No. 8 that is problematic. The interrogatory asked the defendant to identify "all [dates] on which Mr. Kravitz took any photo(s) of" Shim-Larkin. However, the defendant's purported answer to the interrogatory ignored the temporal span of the interrogatory and limited Kravitz's photograph-taking activity, as it relates to Shim-Larkin, to the date on which her lifeguard school training class graduated. The defendant did not make citation to any authority that permits it to limit, sua sponte, the temporal span of an interrogatory served on it by an adversary party. In fact, the Advisory Notes to the 1993 amendments to Fed. R. Civ. P. 37 make clear that interrogatories "should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under" the rule.

The defendant contends, through its memorandum of law, that in connection with Interrogatory No. 8, it "informed Plaintiff that the only picture Kravitz recalls possibly taking of Plaintiff was her lifeguard school training graduation class photo." A memorandum of law is not evidence. See Giannullo v. City of New York, 322 F.3d 139, 142 (2d Cir. 2003). No evidence, via affidavit or other means, was presented by the defendant in connection with this motion to: (1) support its contention respecting what it "informed" Shim-Larkin of Kravitz's recollection; (2) describe the means by which it "informed" her of Kravitz's recollection; or (3) identify when it "informed" her of his recollection.

In summary, the defendant failed, unjustifiedly, to answer Shim-Larkin's first set of interrogatories fully because it: 1) gave an evasive or incomplete answer to some of those interrogatories, which constitutes giving no answer at all, see Fed. R. Civ. P. 37(a)(4); 2) failed to verify properly or to sign under oath the answers it gave to several interrogatories and, thereby, violated Fed. R. Civ. P.

-25-

33(b)(3); 3) failed to identify in sufficient detail, as required by Fed. R. Civ. P. 33(d)(1), where in business records it produced to Shim-Larkin information responsive to some of her interrogatories could be located; and 4) continued to assert directly and indirectly objections to some of the interrogatories in Shim-Larkin's first set of interrogatories, after the Court's August 23, 2017 order directed it to answer Shim-Larkin's first set of interrogatories without asserting any objections. Rule 33(b)(3) of the Federal Rules of Civil Procedure requires that each of Shim-Larkin's interrogatories "be answered . . . fully; the defendant must satisfy that requirement.

When a party fails to answer interrogatories or fails to obey a discovery-related order, sanctions may be imposed. See Fed. R. Civ. P. 37(b)(2)(A) and (d)(1)(A)(ii). The conduct of the defendant summarized above warrants the imposition of a sanction. Shim-Larkin urges the Court to use its sanction authority to enter "judgment as to liability against Defendant" and to impose "other sanctions on Defendant and its counsel under" Rules 26 and 37 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 and the Court's inherent power to manage cases on its docket including staying the proceedings until the defendant answers her first set of interrogatories fully. Whether acting pursuant to rule, statute or its inherent power, "a district court has wide discretion in sanctioning a party for discovery abuses." Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999). In the circumstance of the case at bar, the Court finds that entering judgment against the defendant "as to liability" would be too harsh a sanction. Such a sanction would have the effect of resolving this action, in Shim-Larkin's favor, without an adjudication of the merits of her claims. Courts have often noted that the preference in this judicial circuit is that cases be resolved on the merits rather than on the basis of a party's default in fulfilling its litigation obligations or because of some technical or procedural reasons. See, e.g., Gonzalez v. City of New York, 104 F. Supp.2d 193, 195 (S.D.N.Y. 2000); Camp v. Colvin, No. 14-CV-6143, 2014 WL 6474630, at *2 (W.D.N.Y. Nov. 19, 2014). Therefore, the Court declines to succumb to Shim-Larkin's entreaty, that judgment as to liability be entered against the defendant for failing to answer her first set of

interrogatories fully and to obey the August 23, 2017 order that it refrain from asserting objections to Shim-Larkin's first set of interrogatories. Staying the proceedings until the defendant answers Shim-Larkin's first set of interrogatories fully, as requested by Shim-Larkin, in the circumstance of this case, would not be prudent. This is so because staying the proceedings has the potential to prolong this action's advance to finality unnecessarily, and a speedy resolution is the goal. See Fed. R. Civ. P. 1. Fixing a date certain by which the defendant is to answer the first set of interrogatories fully is the better course to take. After considering the record as a whole, and mindful the Court's inherent and rule-based authority, the Court concludes that an appropriate sanction for the defendant's discovery-obligation failures is provided in Fed. R. Civ. P. 37(b)(2)(c) and (d)(3).

When a party has violated Fed. R. Civ. P. 33 or a court's discovery-related order, as is the case here, the court must direct the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37(b)(2)(c) and (d)(3). Having noted above that the defendant's discovery failures were not justified and, further, since the circumstances do not make an award of expenses unjust, the Court must allow Shim-Larkin to recover from the defendant, its attorney or both the reasonable expenses she incurred as a result of the defendant's failure to answer her first set of interrogatories fully. This sanction addresses the: 1) severity of the defendant's discovery failures; and 2) prejudice the defendant's discovery failures visited upon Shim-Larkin, as she attempted to gather information to prosecute this action. This sanction will also – it is hoped – deter the defendant specifically, and other litigants generally, from engaging in conduct similar to that described above in the future.

## CONCLUSION

For the reasons set forth above, the motion to compel, Docket Entry No. 152, is granted, in part, and denied, in part. The defendant shall, on or before July 9, 2018, answer Shim-Larkin's first set of

interrogatories fully. Shim-Larkin shall, on or before July 9, 2018, file with the court competent evidence,

via affidavit or otherwise, establishing the reasonable expenses she incurred as a result of the defendant's

failure to answer her first set of interrogatories fully. Any challenge by the defendant to the

reasonableness of those expenses shall be filed on or before July 16, 2018 and any reply shall be filed on

or before July 20, 2018.

Dated: New York, New York                    SO ORDERED:
      June 28, 2018

*Kevin Nathaniel Fox*

      KEVIN NATHANIEL FOX
      UNITED STATES MAGISTRATE JUDGE

*shim-larkin.mo3*