UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Heena Shim-Larkin,

        Plaintiff,

–v–

City of New York,

        Defendant.

16-cv-6099 (AJN)

MEMORANDUM & ORDER

---

ALISON J. NATHAN, District Judge:

In this employment discrimination action between the *pro se* Plaintiff Heena Shim-Larkin and the Defendant City of New York, both parties have objected to several orders of the Magistrate Judge. The Court will now resolve a number of those objections, as well as a number of the Plaintiff's cross-motions for sanctions. The Court assumes the parties' familiarity with the facts of the case and the facts related to each of the sets of objections resolved herein.

I.    **Legal Standards**

A.    **Objections to a Magistrate Judge's Order**

Under 28 U.S.C. § 636(b)(1)(A), the Court "may designate a magistrate judge to hear and determine any pretrial matter pending before the court." The Court may reconsider the magistrate judge's order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* "A magistrate judge's decision is 'clearly erroneous' only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Indergit v. Rite Aid Corp.*, No. 08-cv-9361 (JPO), 2016 WL 236248, at *1 (S.D.N.Y. Jan. 20, 2016) (citation omitted). "A decision is contrary to law if it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (citation omitted).

1

### B. Sanctions

Under 28 U.S.C. § 1927, a court may require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred." Courts also possess "the inherent power . . . to award a reasonable attorneys' fee to the prevailing party when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). Under both § 1927 and the court's inherent power, "an award . . . is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Id.* at 1273. In this Circuit, courts require "clear evidence that the challenged actions are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes." *Id.* at 1272 (alteration in original) (quoting *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 344 (2d Cir. 1986)). The Second Circuit has explained that "the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Id.* at 1273.

## II. Discussion

### A. Most of the Parties' Objections and Cross-Motions for Sanctions Are Denied

The Defendant's objections to Magistrate Judge Fox's November 21, 2017 order (Dkt. No. 155) are denied. First, it was within Judge Fox's discretion to deem the Defendant's objections to the unredacted investigation memorandum waived. "The failure to provide

discovery responses in a timely fashion is a basis for deeming objections waived." *Carr v. Queens-Long Island Med. Grp., P.C.*, Nos. 99-cv-3706 (NRB) (JCF), 02-cv-1676 (NRB) (JCF), 2003 WL 169793, at *5 (S.D.N.Y. Jan. 24, 2003). However, "the Court may, in its discretion, excuse the delay." *Melendez v. Greiner*, No. 01-cv-7888 (SAS) (DF), 2003 WL 22434101, at *2 (S.D.N.Y. Oct. 23, 2003). Magistrate Judge Fox did not clearly err in deciding that the Defendant's late objections, along with its pattern of filing late objections, did not warrant excuse. Second, Magistrate Fox provided the Defendant a ruling on the Patrol Guide: the Defendant must determine if any other directives exist for completing the form marked Bates No. NYPD 002; if so, the Defendant must turn the directives over to the Plaintiff, and if not, the Defendant must attest that no other such directives exist. Moreover, Judge Fox stated that the information requested was relevant to the Plaintiff understanding how police officers respond to the various inquiries that appear on the form marked Bates No. NYPD 002. Third, Judge Fox did not err in ordering the parties to confer about the Defendant's requested temporal limits on the communications between non-party witnesses: Judge Fox found that the Defendant placed temporal limitations on communications without any explanation for doing so, and, as a result, the Defendant's objection lacked specificity under Rule 34, and it was not clearly erroneous to order the parties to confer and attempt to agree on a temporal limitation before bringing specific disagreements to him. Finally, Judge Fox did not err in denying the Defendant's request for additional time to depose the Plaintiff. He stated in his order that he fully considered the written submissions of each party, and he was not legally required to request further information from Plaintiff's deposition counsel prior to ruling. As a result, the objections are denied.

The Plaintiff's cross-motion for sanctions (Dkt. No. 160) related to the Defendant's objections is denied. The Court rules that there is no basis to conclude that the Defendant or

Defendant's counsel acted in bad faith in filing its objections and, as a result, that sanctions are unwarranted. The acts by Defendant's counsel that Plaintiff identifies are not so "entirely without color" that they must have been taken for an improper purpose. *See Oliveri*, 803 F.2d at 1273. The cross-motion for sanctions is thus denied.

The Plaintiff's objections (Dkt. No. 196) to Judge Fox's January 19, 2018 memorandum and order denying her motion to amend are denied. "Leave to amend, though liberally granted, may properly be denied for . . . futility of amendment . . . ." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility is a determination, as a matter of law, that proposed amendments would fail . . . to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). "'Motions . . . to amend are generally considered nondispositive motions, for which the Court's standard of review of the magistrate judge's decision is highly deferential,' with such decisions to be disturbed only if they are 'clearly erroneous' or 'contrary to law.' *Thompson v. United States*, No. 16-cv-3468 (AJN), 2017 WL 2666115, at *2 (S.D.N.Y. June 19, 201) (alteration in original) (quoting *McNeil v. Capra*, No. 13-cv-3048, 2015 WL 4719697, at *2 (S.D.N.Y. Aug. 7, 2015)). Magistrate Judge Fox did not clearly err in determining that the Plaintiff's proposed additional claims were futile. First, the Plaintiff relied entirely on conclusory allegations to assert a First Amendment retaliation claim, and Judge Fox did not clearly err in determining that the Plaintiff's proposed amendment would fail to state a claim under Rule 12(b)(6). Second, the Magistrate Judge did not clearly err in determining that it would be futile to allow the Plaintiff to amend her complaint to add an IIED claim because she failed to timely provide notice to the Defendant under New York City's municipal ordinances. *See Rentas v. Ruffin*, 816 F.3d 214, 226-27 (2d Cir. 2016)

4

(applying the municipal notice requirement to IIED claims). The Plaintiff's EEOC charge did not provide sufficient notice to the Defendant of a possible IIED claim in this action, and there were no allegations in the Plaintiff's complaint that had already alleged an IIED claim against Morel, who is not presently a defendant in this case. The Plaintiff's objections are therefore denied.

The Plaintiff's objections (Dkt. No. 233) to the Magistrate Judge's March 26, 2018 orders are denied. Magistrate Judge Fox did not clearly err in ruling that the Defendant did not need to respond to contention interrogatories that were served long before the end of discovery. In this district, "courts have been generally consistent that the proper understanding of Rule 33 requires contention interrogatories be reserved until after the completion of discovery." *In re Facebook, Inc.*, MDL No. 12-2389, 2016 WL 5080152, at *3 (S.D.N.Y. July 7, 2016) (collecting cases). "[I]f served before prior discovery has established a reasonable factual predicate, such interrogatories may do more harm than good." *Id.* (quoting 10A Fed. Proc. Lawyers Ed. *Procedure for Requesting Production under Rule 34, Generally* § 26:584, Westlaw (database updated June 2018)). It was also reasonable for Judge Fox to decline to set a future date by which the contention interrogatories should be answered because he would have been required to rule on whether a factual predicate existed for those contention interrogatories, which would have been inappropriate with more than four months remaining in discovery at the time the interrogatories were filed. Magistrate Judge Fox also did not clearly err in ruling – in Plaintiff's favor – that the Defendant seek Judge Fox's permission before contacting the Plaintiff's employers or prospective employers. The Court concludes that Judge Fox's order was not too vague, and the Defendant acknowledges that it has no authority to contact the Plaintiff's employers absent prior authorization, which is the relief the Plaintiff seeks. The Magistrate

Judge also did not clearly err in ordering that the Plaintiff disclose her tax returns and, thus, the identity of her sources of income since August 19, 2015 and that the parties confer about an expanded protective order to keep the Plaintiff's financial information private. The Plaintiff is involved in litigation, and her sources of income are relevant to her claims for damages. To the extent the Plaintiff now requests leave to file a protective order under seal and *ex parte* or be allowed to "drop the relief for back pay and front pay" to avoid disclosing her sources of income, these requests should be made to Magistrate Judge Fox in the first instance rather than to this Court as nominal objections to Judge Fox's ruling. As a result, the Plaintiff's objections are denied.

The Defendant's objections (Dkt. No. 236) to Magistrate Judge Fox's March 16, 2018 are denied. Magistrate Judge Fox did not clearly err in requiring the Defendant to update its Privilege Log because the Plaintiff has repeatedly asserted that Defendant or defense counsel has improperly destroyed video footage from the NYPD's Thirteenth Precinct, and a privilege log of communications fairly balances the interests of each side by providing the Plaintiff information from which to determine whether spoliation has occurred while protecting the Defendant's attorney-client privilege. The Magistrate Judge also did not clearly err in requiring the Defendant to supplement its affidavit sworn by Phillip Hirsh to include 1) whether the Thirteenth Precinct has a policy regarding the maintenance and retention of video surveillance and 2) what superior officers he consulted in preparation of his declaration. While the value of the declaration in this litigation is likely to be minor, the burden and expense of supplementing Hirsh's declaration with the two brief statements ordered by Judge Fox – and which are likely already knowable by Hirsh – is likewise negligible. It was therefore not clearly erroneous for Judge Fox to require the supplement. The Defendant's objections are therefore denied.

The Plaintiff's cross-motion for sanctions (Dkt. No. 239) related to the Defendant's March 30, 2018 objections is also denied. The declarations that the Defendant produced were substantially justified, and payment of costs or paying for a deposition is not warranted. In addition, the Plaintiff has not met the standard for discovery sanctions on the basis of spoliation because she has demonstrated neither that the NYPD had an obligation to preserve its CCTV video records for any amount of time nor that any NYPD or City employee acted with a culpable state of mind. *See Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 628 (2d Cir. 2018) (outlining sanctions standard). Finally, there is no justification why a previous jury's decision not to believe Phillip Hirsh's testimony on a different issue in a different case would warrant the Court imposing deposition costs on the Defendant in this case. For these reasons, the cross-motion for sanctions is denied.

The Defendant's July 5, 2018 objection (Dkt. No. 322) is denied. Magistrate Judge Fox did not clearly err in deciding that the Defendant should be required to sign interrogatories pursuant to Rule 33(d) because the Rule itself does not expressly state whether an answer to an interrogatory that identifies documents must be written under oath, and the Second Circuit has not considered the issue. It was therefore reasonable for Judge Fox to choose either to require a signature or not require a signature from the Defendant. The objection is thus denied.

The Plaintiff's cross-motion for sanctions (Dkt. No. 325) relating to the Defendant's July 5, 2018 objection is denied. There is no basis to conclude that the Defendant's objections were brought in bad faith or for an improper purpose. The cross-motion is thus denied.

**B.    Defendant's May 14, 2018 Objection (Dkt. No. 283) Is Granted**

The Defendant objects to Magistrate Judge Fox's April 30, 2018 order, in which Judge Fox ordered the Defendant to respond to the Plaintiff's twelfth, thirteenth, and fourteenth

7

discovery requests. The Court concludes that the Magistrate Judge's order was clearly erroneous because it did not acknowledge or rule on the Defendant's argument that the requests contained in the Plaintiff's twelfth, thirteenth, and fourteenth discovery requests are irrelevant to the parties' claims and defenses – an argument this Court concludes is correct and should preclude the Defendant from being forced to respond to the discovery requests.

Pursuant to Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A court "must limit the frequency or extent of discovery . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Having reviewed the requests contained in the Plaintiff's twelfth, thirteenth, and fourteenth sets of discovery requests, as well as the Plaintiff's explanations of why each request is relevant, P. Opp., Dkt. No. 286, the Court concludes that none of the requests seeks information that is relevant to any party's claims or defenses in this action.

For example, Document Request 1 from the Plaintiff's twelfth set of discovery requests seeks "[a]ll 'the books and records of the New York City Department of Citywide Administrative Services and other departments of the city government' which bases Abigail Arevalo's belief, as indicated in Abigail Arevalo's verification dated march 26, 2018." Dkt. No. 251-2, at 1. In other words, the Plaintiff seeks any books or records that Abigail Arevalo consulted when she attested that the last known phone number for Mary Ng is (646) 790-0855. *See* D. Letter, Dkt. No. 251-1, at 1 (stating the contact information for Mary Ng, which Abigail Arevalo attests to via Verification). A list of the books and records checked by Ms. Arevalo in

locating Mary Ng's last known contact information is not itself relevant to this case, nor is it likely to provide evidence that is relevant in this case.

The Plaintiff provides several arguments that she says make the request relevant, but none of these reasons shed any light on how the books and records used by Abigail Arevalo could lead to admissible information in this case.[1] First, the Plaintiff argues that she has received documents suggesting that Leticia Vargas's phone call to 311 was transferred to the Department of Parks and Recreation and that, based on this information, she believes that the Defendant "did not provide the identi[t]y of such DPR employee in order to prevent Plaintiff from acquiring more evidence which is favorable to Plaintiff, in bad faith." Dkt. No. 260, at 9. The Plaintiff's argument amounts to speculation that the Defendant and the multiple City employees who have provided verification explaining how they determined that Mary Ng received Leticia Vargas's 311 call were lying to conceal an employee of the Department of Parks and Recreation who, if found, would provide the Plaintiff with heretofore unknown relevant information. The Plaintiff's requests amount to no more than a fishing expedition and are not reasonably calculated to produce relevant information to the Plaintiff's claims. More important, none of this explanation is relevant in any way to the Plaintiff's discovery request for all records searched by Abigail Arevalo, who only verified Mary Ng's last known phone number. As a result, the Court cannot surmise any reason why the documents reviewed by Abigail Arevalo would likely lead to information relevant to this case, and the Court must therefore limit the Plaintiff from seeking such irrelevant and burdensome information under Rule 26.

---

[1] Rather than make arguments in her opposition to the Defendant's objections, the Plaintiff merely identifies previously filed documents in which the Plaintiff had discussed the relevancy of her discovery requests and assumes the Court will reread each document and construct the Plaintiff's argument for her. *See* P. Opp. at 5-7. The Plaintiff is admonished that in future filings, she must make all applicable arguments in any filing before the Court or the Court will not consider the argument.

The Court has undertaken a similar inquiry regarding the remaining discovery requests contained in the twelfth, thirteenth, and fourteenth sets of discovery requests and the alleged relevance provided by the Plaintiff. The Court concludes that none of these requests seeks information or evidence that is relevant to any claims or defenses in this action. As a result, it was clearly erroneous for the Magistrate Judge to overlook the Defendant's argument that these discovery requests sought irrelevant information outside the appropriate scope of discovery and to allow the Plaintiff to proceed with these discovery requests. The Court will therefore reconsider the Magistrate Judge's order of April 30, 2018 and conclude that the Defendant should be precluded from having to respond further to the Plaintiff's twelfth, thirteenth, and fourteenth sets of discovery requests.

**IV. Conclusion**

The Defendant's objections of December 5, 2017 are denied. This resolves docket number 155. The Plaintiff's December 11, 2017 cross-motion for sanctions is denied. This resolves docket number 160. The Plaintiff's February 2, 2018 objections are denied. This resolves docket number 196. The Plaintiff's March 27, 2018 objections are denied. This resolves docket number 233. The Defendant's objections of March 30, 2018 are denied. This resolves docket number 236. The Plaintiff's April 6, 2018 cross-motion for sanctions is denied. This resolves docket number 239. The Defendant's May 14, 2018 objection is granted. The Defendant is not required to respond to the Plaintiff's twelfth, thirteenth, and fourteenth sets of discovery requests. This resolves docket number 283. The Defendant's July 5, 2018 objection is denied. This resolves docket number 322. The Plaintiff's July 6, 2018 cross-motion for sanctions is denied. This resolves docket number 325.

Chambers will mail a copy of this order to the pro se litigant and note its mailing on the public docket.

SO ORDERED.

Dated: September 27, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge

11