UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Heena Shim-Larkin,

                    Plaintiff,

        —v—

City of New York,

                    Defendant.

16-cv-6099 (AJN)

MEMORANDUM
OPINION AND ORDER

ALISON J. NATHAN, District Judge:

In its September 27, 2018, order, the Court, *inter alia*, granted Defendant's objection to Magistrate Judge Fox's April 30, 2018, order regarding Plaintiff's twelfth, thirteenth, and fourteenth discovery requests. Dkt. No. 385. On September 28, 2018, Plaintiff moved for reconsideration of the Court's order. Dkt. No. 386. On October 9, 2018, Plaintiff filed a second motion for reconsideration. Dkt. No. 394.

"A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). This standard is stringent since "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Seoul Viosys Co., Ltd. v. P3 Int'l Corp.*, 16-CV-6276 (AJN), 2018 WL 401511, at *2 (S.D.N.Y. Jan. 12, 2018) (quoting *In re Health Mgmt. Sys., Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

1

Having reviewed Plaintiff's two motions for reconsideration and the parties' briefing, the Court finds that oral argument is unnecessary to the resolution of these motions. The Court further concludes that Plaintiff has failed to meet the "strict" standard of a motion for reconsideration. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012). This resolves docket items numbers 386, 394, and 402.

Furthermore, given the relevance of the Court's September 27, 2018, order to several of Plaintiff's previous motions for sanctions, Dkt. Nos. 259, 271, and 278, the Court hereby administratively denies these motions without prejudice. An administrative denial does not pass any judgment on the merits of a motion. Instead it serves, as here, to ensure that issues before the Court are cleanly presented, avoiding duplication and confusion. Plaintiff will have leave to refile as described in further detail below. This resolves docket items numbers 259, 271, and 278.

Defendant previously requested a stay of docket items 259, 271, and 278, which Judge Fox denied in his July 16, 2018, order, Dkt. No. 334. Defendants objected to Judge Fox's July 16 order. Dkt. Nos. 349, 350. In light of the above, that objection is denied as moot. Plaintiff opposed Defendant's objection, in a motion styled a "cross-motion for sanctions." Dkt. No. 355. Plaintiff's motion is also administratively denied without prejudice to refile as further described below. This resolves docket items 349, 350, and 355.

Within three weeks of the date of this order, Plaintiff may file **a single motion** addressing any issues from docket items 259, 271, 278, and 355 that remain in light of the Court's September 27, 2018, order and the instant order. This motion shall be no more than fifteen pages in length and shall fully comply with the requirements of Local Rule 7.1. Failure to comply with these rules or the filing of duplicative motions may result in the dismissal of those motions.

SO ORDERED

Dated: February 13, 2019
      New York, New York

_____
ALISON J. NATHAN
United States District Judge