UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Heena Shim-Larkin,

        Plaintiff,

—v—

City of New York,

        Defendant.



16-cv-6099 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

I. **Background**

On June 28, 2018 Judge Fox issued an order granting in part Plaintiff's motion to compel discovery and motion for sanctions. Dkt. No. 319. Judge Fox held that Defendant's responses to Plaintiff's first set of interrogatories were incomplete and that Defendant had violated his August 23, 2017 Order, Dkt. No. 119, to answer Plaintiff's interrogatories without asserting any objections. Judge Fox accordingly ordered Defendant to pay Plaintiff "the reasonable expense she incurred as a result of defendant's failure to answer her first set of interrogatories fully." Dkt. No. 319 at 27. Defendant now objects both to Judge Fox's ruling that its responses were incomplete and to Judge Fox's awarding sanctions to Plaintiff. Dkt. No. 331, Def. Obj. Plaintiff responded to Defendant's objections and cross-moved for sanctions. Dkt. No. 338. For the reasons given below, the Court denies Defendant's objections in part and grants them in part. The Court also denies Plaintiff's cross-motion for sanctions. Finally, the Court awards Plaintiff $300 in expenses.

1

## II. Legal Standard

Under 28 U.S.C. § 636(b)(1)(A), the Court "may designate a magistrate judge to hear and determine any pretrial matter pending before the court." The Court may reconsider the magistrate judge's order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* "A magistrate judge's decision is 'clearly erroneous' only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Indergit v. Rite Aid Corp.*, No. 08-CV-9361 (JPO), 2016 WL 236248, at *1 (S.D.N.Y. Jan. 20, 2016) (citation omitted). "A decision is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Indergit*, 2016 WL 236248, at *1 (citation omitted). "This is a highly deferential standard, and the objector thus carries a heavy burden." *Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013).

In addition, the Court construes all of Plaintiff's arguments liberally as "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

## III. Discussion

Judge Fox's Order dealt with Defendant's responses to Plaintiff's eight interrogatories separately. The Court will accordingly examine Defendant's objections to Judge Fox's conclusions in turn.

### A. Interrogatories 1 and 2

In her first two interrogatories, Plaintiff "sought information from the defendant that would enable her to identify and contact various members of the defendant's workforce[.]" Dkt. No. 319 at 18. Defendant failed to provide email addresses for the individuals named in the

2

interrogatories with one exception. *Id.* at 18-19. Judge Fox found that because the "motion record does not indicate that the defendant does not possess the remaining email addresses," Defendant's response to these interrogatories was incomplete under Rule 37(a)(4). *Id.* Defendant objects that it "did not provide email addresses for those individuals because they are not assigned email addresses by [the Department of Parks and Recreation]." Def. Obj. at 11. Yet Defendant does not state that this information was present in the motion record before Judge Fox. *See* Dkt. No. 319 at 18-19. Therefore, Defendant's objections do not meet the "heavy burden" of showing that Judge Fox's decision was clearly erroneous or contrary to law. *See Khaldei*, 961 F. Supp. 2d at 575.

### B.  Interrogatory 3

Plaintiff's Interrogatory No. 3 sought "all policies and /or practices concerning assigning and/or transferring a lifeguard to a pool during the summer of 2015." Dkt. No. 165-1. In response, Defendant stated it that it would "constru[e] Plaintiff's request as seeking the identification of a policy regarding assigning and transferring a lifeguard from the applicable Collective Bargaining Agreement[.]" Dkt. No. 132-1, at 5. Judge Fox found that the record indicated that when Plaintiff protested the lack of a complete answer to her interrogatory, Defendant attempted to assert Local Civil Rule 33.3 as an objection to responding more fully. Dkt. 319 at 21-22. Judge Fox found that by invoking Local Civil Rule 33.3, Defendant had sought to circumvent his August 23, 2017 Order requiring Defendant to answer Plaintiff's interrogatories without asserting any objections. Dkt. No. 319, at 21-22 (citing Dkt. No. 119). Defendant is not objecting to the August 23, 2017 Order itself, and it was not clearly erroneous for Judge Fox to find that Defendant's assertion of objections violated his prior order. While

3

reasonable minds may differ on the wisdom of Judge Fox's decision, Defendant has failed to bear its burden and its objection is denied.

### C. Interrogatory 4

In her Interrogatory No. 4, Plaintiff requested "all phone numbers, device IDs, names of the carriers of the phone(s) which Martin Kravitz used when he used Remind during the 2015 summer." Dkt. No. 165-1 at 2. Plaintiff argued that Defendant's response was incomplete because Defendant did not provide her with the Device ID for Kravitz's personal phone. *See* Dkt. No. 319 at 6. Defendant supplemented its response with a letter from counsel on December 4, 2017, and an affidavit from Kravitz on January 24, 2018, to the effect that Kravitz is no longer in possession of the phone and cannot provide the device ID. *See* Def. Obj. at 14. Kravitz's affidavit was filed after Defendant submitted its briefing on the underlying motion to Judge Fox. *See* Dkt. No. 165. Therefore it was not clearly erroneous or contrary to law for Judge Fox to conclude based on the record on the motion before him that the unsworn letter from counsel, standing alone, was not sufficient to comply with Rule 33(b)(1)(A) and (3). Dkt. No. 319 at 22. The Court accordingly denies Defendant's objection.

### D. Interrogatory 5

Interrogatory No. 5 requests "all policies and/or practices concerning how lifeguards chose and/or were given Regular Day Off(s) for all pools and/or beaches owned or maintained by the City of New York or the Parks Department during the summer of 2015." Dkt. No. 165-1 at 2. Defendant replied: "Supervisors schedule staff in order to meet the operational needs at pools and beaches and follow all applicable personnel guidelines. If there is a conflict between the shift preferences of two staff members, the conflict is decided in favor of the more senior staff member." Dkt. No. 165-2 at 6. Judge Fox concluded that this vague, general response was

4

evasive and therefore incomplete under Rule 37(a)(4). Dkt. No. 319 at 22. Defendant objects that the response is not evasive and this "stated policy is the only policy that [the Department of Parks and Recreation] has on the topic." Def. Obj. at 15. Defendant points to other cases in which responses were found evasive as a comparison, but no cases that state that it would be clearly erroneous to conclude that a general answer of this kind is evasive. *See id.* Therefore, Defendant has failed to bear its heavy burden and its objection is denied.

### E. Interrogatory 6

Interrogatory No. 6 requested the following: "[s]tate whether each of Martin Kravitz, Javier Rodriguez (Assistant Lifeguard Coordinator in 2015 summer) and Vladimir (Chief Lifeguard in 2015 summer) was informed of the existence the video of Plaintiff which was taken on or about August 4, 2015 by Miguel Morel." Dkt. No. 165-1 at 3. Defendant provided an initial response, which it then supplemented with unsworn letters from Defendant's counsel in October and December of 2017 stating that Vladimir Rodriguez had received the video and that Javier Rodriguez had never viewed it. *See* Dkt. 319 at 23; Dkt. 165 ¶ 23; Dkt. 165-5. Judge Fox held that these were incomplete, since they were not made under oath or verified. In addition, in subsequent letters Defendant asserted objections to this interrogatory, Dkt. No. 319 at 23, in contravention of Judge Fox's August 23, 2017 Order that Defendant was to respond to the interrogatories without raising any objections, *id.* at 25-26.

Defendant objects that Judge Fox erred, since it subsequently provided verified statements from Vladimir Rodriguez and Javier Rodriguez on June 13, 2018. Def. Obj. at 16. Yet Defendant did not raise these verifications in its briefing to Judge Fox, *see* Dkt. No. 165, and filed them half a year after the initial letters from counsel, without explanation for the delay. Judge Fox's ruling, based on the motion record before him, that Defendant's response was

5

incomplete was therefore not clear error or contrary to law. Nor was it clearly erroneous or contrary to law for Judge Fox to conclude that Defendant had violated his order by raising objections after he had forbidden it from doing so.

### F. Interrogatory 7

Plaintiff requested that Defendant "[i]dentify all policies and/or practices concerning 'Burning' from summer of 2015 to the present, including but not limited to: define 'Burning'; when 'Burning' is used; whether 'Burning' is permitted or not, if it is, in what situation it is permitted; what efforts are being taken to prevent 'Burning' where it is not permitted; all disciplinary actions taken when it is used when it is not permitted." Dkt. No. 165-1 at 3. Defendant responded that it does not permit any practice known as "burning" and pointed Plaintiff to the Department of Parks and Recreation Standards of Conduct and Disciplinary Procedures Manual ("Standards of Conduct"). *See* Def. Obj. at 17-18. Judge Fox concluded that this violated Rule 33(d), under which a party responding to interrogatories may answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Dkt. No. 319 at 23-24. Defendant contends that since "burning" is not permitted by the Department of Parks and Recreation, there was no specific portion of the manual to which it could point. Def. Obj. at 17-18. The Court agrees with Defendant. Defendant stated that it did not permit a practice that Plaintiff refers to as "burning." It was therefore entirely appropriate for Defendant to respond by directing Plaintiff to its general Standards of Conduct to indicate the absence of such a practice. Rule 33.3(d) could not have required Defendant to single out specific pages, since its response was predicated on the fact that "burning" is not part of the Standards of Conduct. Therefore, to conclude that Defendant violated Rule 33.3(d) by failing to indicate specific page numbers was a

misapplication of the relevant procedural rules and thus contrary to law. *See Indergit*, 2016 WL 236248, at *1. Therefore, Defendant's objection as to Interrogatory No. 7 is hereby granted.

### G. Interrogatory 8

In response to Judge Fox's August 23, 2017 Order, on August 24, 2017, Defendant served Plaintiff with answers to her first set of interrogatories. *See* Dkt. No. 319 at 24. Yet the verification on these answers is from August 22, 2017—the day before Judge Fox's order. *See id.* Judge Fox concluded that this discrepancy in timing meant that Defendant's answers were not verified properly or given under oath, in violation of Rule 33(b)(3).

Defendant objects that the discrepancy between the dates can be explained by the fact that the answers provided on August 24, 2017 were materially similarly to earlier responses it had prepared on August 22. Def. Obj. 18-19. All that was changed between the two versions, Defendant contends, was that it removed objections from its responses pursuant to Judge Fox's prior order. Def. Obj. 19. Defendant cites no law for the proposition that it is permissible under Rule 33(b)(3) to re-submit responses with language removed and an old verification. Therefore, Judge Fox's order was neither clearly erroneous nor contrary to law.

### H. Sanctions

Judge Fox concluded that Defendant had failed, without justification, to answer Plaintiff's first set of interrogatories in full and that Defendant had continued to directly and indirectly assert objections in contravention of Judge Fox's August 23, 2017 Order. Dkt. No. 319, at 25-26. Based on this, Judge Fox found that under Rule 37, Plaintiff could recover from the Defendant or its counsel the reasonable expenses she incurred as a result of Defendant's unjustified failures to comply with the discovery process. Judge Fox concluded that these sanctions were necessary in light of the severity of Defendant's failure and the prejudice to

Plaintiff as she tried to gather the information required to prosecute this action. Dkt. 319 at 27. Judge Fox also noted that the sanction would serve to deter the Defendant from engaging in similar conduct in the future. *Id.*

Defendant objects that it was clearly erroneous or contrary to law to impose sanctions. The Court disagrees. In general, "[a] federal district court possesses broad inherent power to impose sanctions in response to abusive litigation practices, thereby ensuring the proper administration of justice." *Winn v. Associated Press*, 903 F. Supp. 575, 581 (S.D.N.Y. 1995), *aff'd*, 104 F.3d 350 (2d Cir. 1996). Furthermore, the reasons Judge Fox gave for imposing sanctions were proper. *See Spirit Realty, L.P. v. GH&H Mableton, LLC*, 319 F.R.D. 474, 475 (S.D.N.Y. 2017) ("Monetary sanctions under these rules serve two purposes: 'In part, they are intended to deter discovery abuses. At the same time, they are designed to compensate the prevailing party for expenses it would not have incurred had the sanctioned party conducted itself properly.'" (quoting *SJ Berwin & Co. v. Evergreen Entm't Grp.*, 1994 WL 501753, at *2 (S.D.N.Y. Sept. 14, 1994)). Defendant objects that sanctions were inappropriate: (1) because it had in fact answered the interrogatories in full and (2) because Plaintiff was not prejudiced. Def. Obj. 19-22. Defendant's first objection fails since, for the reasons given above, it was not clearly erroneous or contrary to law for Judge Fox to hold that Defendant had failed to answer many of Plaintiff's first set of interrogatories in full. Furthermore, while Defendant claims any incompleteness was subsequently remedied by later disclosures, it was not clear error or contrary to law for Judge Fox to conclude that Plaintiff was prejudiced by the delays in this litigation and in the production of information she had requested. Finally, it was not clearly erroneous or contrary to law for Judge Fox to sanction Defendant for failing to comply with his August 23, 2017 Order. Therefore, Defendant's objections are denied.

In her Cross-Motion for sanctions, Dkt. No. 338, Plaintiff requests that the Court award further sanctions to Plaintiff for the costs and expenses associated with preparing the cross-motion, and to hold Defendant in contempt of court. Having reviewed these requests, the Court denies them as without merit.

Plaintiff also moves the Court to take as established that a video provided by Defendant be established as "the video of Plaintiff which was taken on or about August 4, 2015 by Miguel Morel." Dkt. No. 338 at 1. As this case has been referred to Judge Fox for general pretrial services, this discovery-related request should be directed to Judge Fox. It is therefore denied.

Finally, Plaintiff also requests that the Court order a deposition of Liam Kavanagh at Defendant's expense. Dkt. No. 339 at 6-10. Similarly, this discovery-related request for a deposition should be directed to Judge Fox. This request is also denied.

## I. Reasonable Expenses

As this Order resolves Defendant's objections to Judge Fox's Order below, the Court now turns to the amount of sanctions to which Plaintiff is entitled. Pursuant to Judge Fox's Order, Plaintiff submitted a declaration of the expenses she asserts that she expended as a result of Defendant's failure to fully answer her first set of interrogatories. Dkt. No. 330. For the reasons given below, the Court awards Plaintiff some, but not all, of her requested expenses.

Only some of Plaintiff's asserted costs are "reasonable" within the scope of Rule 37. In assessing the reasonability of such expenses, the Court must make a determination, "based upon its knowledge and experience of the litigation process, of the additional expenses incurred by [the party] as a direct result of such non-compliance as is found." *Argo Marine Sys., Inc. v. Camar Corp.*, 102 F.R.D. 280, 285 (S.D.N.Y. 1984). Plaintiff requests: (A) $150.50 for copying, printing, and scanning documents submitted to the Court; (B) $155.00 for

transportation and service costs for trips to the courthouse, envelopes and tabs, trips to the law library, and visits to the New York Legal Assistance Group *pro se* legal clinic; (C) $184.46 for the amount of internet that she used in conjunction with research and communications, calculated as 40% of her internet usage during a roughly seven-month time period, multiplied by her monthly internet bill; (D) $113.26 for related laptop usage, estimated as 50% of her laptop usage for a roughly 7-month period, adjusted using her expected laptop lifespan and the purchase price of her laptop; (E) $48.25 for phone calls for telephone conferences with the Court and with Defendant, estimated as 10% of her monthly phone service bill. Dkt. No. 330. Plaintiff's monthly phone bill, monthly internet bill, or the price of her laptop are not appropriate expenses, as Plaintiff gives no indication that those set costs were "a direct result" of Defendant's failure to fully respond to her first set of interrogatories. *Argo Marine*, 102 F.R.D. at 285; *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 149 (S.D.N.Y. 2014) ("A party applying for fees under Rule 37(d) is allowed to recover reasonable expenses to the extent that those expenses were 'caused' by the opposing party's discovery violation.").

Plaintiff's costs of copying, printing, scanning, transportation, are reasonable. Defendant argues that these expenses are unreasonable because Plaintiff had agreed to serve and receive service electronically, making these costs unnecessary. Yet as Plaintiff notes, these materials were printed to provide courtesy copies for the Court and one copy for herself. *See* Dkt. 330 ¶ 12. Similarly, Plaintiff's transportation costs were primarily for dropping off courtesy copies at the courthouse. Dkt. 330 ¶ 18. These are reasonable. On the other hand, the Court finds that Plaintiff's costs for hand delivery on Defendant of a September 28, 2017 letter are unreasonable given that by that time she was able to participate in electronic case filing. *See* Dkt. No. 330; *John Wiley*, 298 F.R.D. at 149 ("[W]here an expense could reasonably have been avoided, that

10

expense is not recoverable."). Therefore, the Court finds that $300.00, the sum of Plaintiff's expenses for copying, printing, scanning, and transportation—less the $5.50 for hand-delivery—constitutes reasonable expenses under Rule 37.

The Court further declines to find that Plaintiff failed to sufficiently document her costs. Defendant objects that Plaintiff has failed to provide sufficient documentation of her alleged expenditures, yet it relies on inapposite cases in which counseled parties provided considerably less than the *pro se* Plaintiff has here. *See Rotella v. Bd. of Educ. of City of New York*, No. 01-CV-0434 (NGG), 2002 WL 59106, at *5 (E.D.N.Y. Jan. 17, 2002) ("Plaintiffs did not provide further breakdowns, descriptions or even dates indicating how and when these costs were incurred."); *Andrews v. City of New York*, No. 14-CV-1721 (FB) (CLP), 2015 WL 5773961, at *14 (E.D.N.Y. Sept. 29, 2015) (finding that costs were insufficiently documented when Plaintiff provided only a "three-line summary of costs"). Plaintiff here has provided dates and docket numbers for her copying, scanning, and printing costs. Dkt. No. 330 ¶¶ 2-30. As to Plaintiff's expenses for her trips to the law library and the New York Legal Assistance Group *pro se* clinic, Plaintiff does not give the dates of these trips, but states that she went to the *pro se* clinic seven times and to the law library an estimated ten times. Dkt. 330 ¶¶ 26, 28. Though greater detail is plainly preferable, in light of Plaintiff's *pro se* status, the Court will not deny Plaintiff's request because she failed to record or provide dates for each. However, Plaintiff is now on notice going forward that any subsequent accounting of costs shall include specific dates for any travel expenses. Therefore, the Court that concludes Plaintiff has provided sufficient documentation of her expenses in light of her *pro se* status.

## IV. Conclusion

For the reasons given above, Defendant's objections are denied in part and granted in part. Plaintiff's cross-motion for sanctions is denied. Defendant is ordered to pay Plaintiff $300 in costs. This resolves docket numbers 329 and 338.

SO ORDERED.

Dated: March 27, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge