USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HEENA SHIM-LARKIN,

      Plaintiff,

   -against-

CITY OF NEW YORK,

      Defendant.
------------------------------------------------------------X

**MEMORANDUM and ORDER**

16-CV-6099 (AJN)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

Plaintiff Heena Shim-Larkin ("Shim-Larkin"), proceeding pro se, filed a document styled "Supplemental Notice of Motion for Sanctions" through which she requests an order from the Court, pursuant to Rules 26(b)(3)(A)(ii), 26(g) and 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure, compelling the defendant to disclose various e-mail messages and their attachments identified on a privilege log the defendant provided to Shim-Larkin, in accordance with Local Civil Rule 26.2 of this court. The privilege log indicates that the e-mail messages were withheld from disclosure by the defendant under the work-product doctrine. In addition, Shim-Larkin requests, pursuant to Rules 26(g) and 37(b)(2)(A) of the Federal Rules of Civil Procedure and the Court's inherent power, an order compelling the defendant "to provide [her] all memo books and activity logs of Bekim Kalicovic [("Kalicovic")] concerning August 19, 2015, . . . at least 3 days before the deposition of Kalicovic, and original [sic] at the deposition of Kalicovic." Furthermore, Shim-Larkin requests, pursuant to: 1) Rule 26(g) of the Federal Rules of Civil Procedure and the Court's inherent power, that the Court "affirm that, regarding the Plaintiff's previous request in the initial motion for inspection of the original command log, original means without any redaction"; and 2) Rules 26(g), 37(a)(5) and 37(b)(2)(C) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 and the Court's inherent power, that the defendant be directed to

pay her the "costs and expenses occurred [sic] in relation to this motion, including copying, printing and transportation." The defendant opposes the motion.

## BACKGROUND

Throughout the pretrial discovery phase of this action, brought pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 and New York state and city anti-discrimination laws, Shim-Larkin has been attempting to identify the law enforcement officer who supervised Police Administrative Aide Jasmine Demuth ("Demuth"), with whom Shim-Larkin interacted at the 13th police precinct on August 19, 2015, when Shim-Larkin filed a complaint against her co-worker, at the time, Miguel Morel. Initially, Shim-Larkin advised the defendant that the officer supervising Demuth might have been a sargeant but she recalled that the person was wearing a white shirt – which sargeants do not wear as part of their police uniforms – and, thus, the supervisor was likely a police lieutenant, captain or higher ranking officer, as such officers wear white shirts as part of their respective uniforms.

It was determined that the 13th precinct's command log might contain information that would facilitate Shim-Larkin identifying Demuth's supervisor. Therefore, the defendant's counsel sought, and advised Shim-Larkin that she received, on or about August 22, 2018, the 13th precinct's command log from the defendant's police department. The defendant disclosed excerpts from the 13th precinct's command log to Shim-Larkin, on August 23, 2018, to augment its prior responses to Shim-Larkin's discovery demands. The disclosed excerpts pertain to events at the 13th precinct on August 19, 2015, between the hours 5:30 p.m. and 8:00 p.m., the period encompassing Shim-Larkin's visit to the 13th precinct. According to Shim-Larkin, she asked the defendant's counsel to identify the police department employee who delivered the command log to counsel, but counsel refused to divulge that information.

The defendant issued a "corrected" privilege log to Shim-Larkin dated November 29, 2018. The privilege log identifies, via Bates numbers, e-mail messages – some with attachments – exchanged between the defendant's counsel and New York City Police Department ("NYPD") attorneys or other

personnel in the police department's legal bureau. The privilege log reflects that the e-mail messages were not disclosed to Shim-Larkin because they are alleged to be shielded from disclosure by the work-product doctrine. The e-mail messages bearing Bates Nos. "NYPD0080-0083; [NYPD] 0159-0164; [NYPD] 0200-0216; [NYPD] 0218-0225; [NYPD] 0443-04455; [NYPD] 0482-0495; [NYPD] 0548-0563; and [NYPD] 0703-0709" are the subject of the instant motion. The Court has reviewed the e-mail messages in camera.

Shim-Larkin made a motion for sanctions on August 30, 2018, Docket Entry No. 372. The defendant opposed the motion. However, it made no argument against, inter alia, Shim-Larkin's request that the original 13th precinct command log be produced to her for inspection. In support of its opposition to that motion, the defendant relied upon, among other things, a September 12, 2018 declaration by Kalicovic. Kalicovic stated, through the declaration, that on August 19, 2015, he: 1) was assigned to the 13th precinct; 2) was attired in plain clothes; and 3) performed "plain clothes operations." The Court granted Shim-Larkin's August 30, 2018 sanctions motion, in part, and denied it, in part, through a February 5, 2019 Memorandum and Order. See Docket Entry No. 450.[1] The Court gave Shim-Larkin the opportunity to depose Kalicovic and directed the defendant to produce the original of the 13th precinct's command log to Shim-Larkin at Kalicovic's deposition to enable Shim-Larkin to decipher handwritten notations that she alleged were not very legible on the copy of the command log excerpts she received from the defendant.

## THE MOTION

Plaintiff's Contentions

Shim-Larkin contends that the defendant misrepresented to her and the Court the date on which its police department provided the 13th precinct's command log to the defendant's counsel. Shim-Larkin maintains that, by accessing the e-mail communications identified above by the Bates numbers that are

---

[1]The defendant filed objections to the Memorandum and Order, (Docket Entry No. 476), which are pending before the assigned district judge.

recorded on the November 29, 2018 "corrected" privilege log, her ability to establish the defendant's misrepresentation will be facilitated and she will be able to demonstrate that defense counsel's "communications with NYPD [were] to figure out strategies about how to hide . . . documents, (the command log in this case), while appearing to the Court and Plaintiff that [defendant's counsel] was making a diligent search to comply with the" defendant's discovery obligations. According to Shim-Larkin, "the object of these [e-mail] communications are [sic] for discovery fraud and/or perjury [therefore,] those communications do not deserve work product protection."

Shim-Larkin maintains that, although Kalicovic's September 12, 2018 declaration identifies where he was on August 19, 2015, during the hours when Shim-Larkin visited the 13th precinct, the declaration does not indicate how Kalicovic determined that he was at the 13th precinct on that date and during the hours that Shim-Larkin visited the precinct to make her complaint against her former co-worker. As a consequence, Shim-Larkin asserts that Kalicovic's declaration was prepared based solely upon his memory and she "reasonably expects that [Kalicovic's memory] . . . is not accurate." Furthermore, Shim-Larkin, "reasonably expects that Kalicovic was at more than two places throughout his entire shift on August 19, 2015." For these reasons, Shim-Larkin contends, she needs Kalicovic's memo books and activity logs for August 19, 2015, and because "Kalicovic's memo books and/or activity logs might contain entries concerning Plaintiff's visit to the Thirteenth precinct."

With respect to the 13th precinct's command log, which Shim-Larkin requested to inspect through her August 30, 2018 motion, she asks that the Court "affirm that, regarding the Plaintiff's previous request . . . for inspection of the original command log, original means without any redaction." In addition, Shim-Larkin contends that the redactions made to the excerpts of the command log that have been disclosed to her might obscure "relevant information" such as "who was at the desk at the Thirteenth precinct." According to Shim-Larkin, requests she made to the defendant's counsel to have the redacted entries in the command log unmasked or "narrowed," so that Shim-Larkin could assure

herself that "relevant information" that should be disclosed to her was not being withheld from disclosure improperly through the redactions, were denied.

Defendant's Contentions

The defendant maintains that on October 16, 2017, "Plaintiff explained for the first time that the individual she identified as 'PAA Demuth's supervisor'" was wearing a white shirt on August 19, 2015, "when [Shim-Larkin] interacted with him at the Thirteenth Precinct, and thus, was likely a Lieutenant." The defendant contends that, on August 8, 2018, during a conversation with the defendant's counsel, Shim-Larkin "stated for the first time that the individual she sought to identify . . . could have been a Captain or a higher ranking individual [whose name] would not be listed on the [13th precinct's] roll call, but would be located on the [precinct's] command log." According to the defendant, based on this new information, "provided to [defendant's] counsel for the first time, over six months after discovery closed, . . . Defendant requested the command log of the Thirteenth Precinct for August 19, 2015, to ascertain if any captains or higher ranked individuals were listed as being present at the Thirteenth Precinct between 5:30p.m. and 8p.m. [sic]," the relevant period according to Shim-Larkin.

The defendant contends that, after receiving the 13th precinct's command log, it disclosed to Shim-Larkin entries pertaining to the relevant hours on August 19, 2015, having excised, in accordance with New York Penal Law §§ 160.50(1)(c) and 160.55(1)(d)(i)-(iv) irrelevant personal information about arrestees, police officer service weapons information and the identification numbers assigned to confiscated items stored by police personnel. The defendant asserts that it did not invoke the work-product doctrine in connection with the command log and, consequently, the command log is not listed on its privilege log.

The defendant maintains that Shim-Larkin's request for sanctions is predicated upon her belief "that Defendant's privilege log of communications between the New York City Law Department and its client NYPD does not include or indicate Defendant's receipt of the command log for the Thirteenth

Precinct dated August 19, 2015." Thus, the defendant asserts that, "Plaintiff's interest in [defense counsel's communications with the police department's attorneys and the police department's legal bureau personnel] is to attempt to catch the [defendant's counsel] in an alleged lie [respecting receipt of the command log], not to assist in the preparation of [Shim-Larkin's] case." According to the defendant, in the circumstance of this case, the subject matter of which is whether the plaintiff was the victim of discrimination while employed by the defendant as a lifeguard in the summer of 2015, Shim-Larkin has failed to demonstrate a "substantial need to review privileged communications between the New York City Law Department and NYPD," a hurdle she would have to overcome to avoid the disclosure constraints of the work-product doctrine. The defendant contends this is so because Shim-Larkin's "only interest in the [e-mail] communications [she seeks] is to determine when Defendant received the command log." The defendant maintains that Shim-Larkin also failed to demonstrate a "need to review the original unredacted command log, especially in light of: 1) the [defendant's] need to protect the sensitive information contained in the command log" concerning arrestees, police officer firearms and storing items confiscated by law enforcement personnel; and 2) Shim-Larkin's stated goal in obtaining and reviewing the command log: "identifying PAA Demuth's supervisor." The defendant asserts that disclosing data respecting arrestees, police officer firearms and the storage of confiscated items will not advance Shim-Larkin toward her goal. Therefore, the defendant contends that sanctioning and compelling it to disclose the material addressed above is not justified.

The defendant maintains that Shim-Larkin's request for an order compelling it to produce Kalicovic's memo book for her inspection and use at a deposition must be denied. According to the defendant, Shim-Larkin's review of the memo book is unnecessary to establish "specifically . . . where [Kalicovic] was between 6:30pm and 8pm. [sic]," on August 19, 2015, as "both the command log and . . . Kalicovic's [September 12, 2018] declaration . . . clearly indicate that he was at the Thirteenth Precinct

between the hours of 5:30p.m. and 8:00p.m." on that date and Shim-Larkin possesses the declaration and the pertinent portions of the command log already.

The defendant contends that the instant sanctions motion is premised on "gross assumptions without basis in fact." Furthermore, the defendant maintains that, inasmuch as it has not acted in bad faith, engaged in willful misconduct or allowed its counsel to do anything to multiply the proceedings in this action, "sanctions are wholly inappropriate here" and the Court should deny the instant motion.

Plaintiff's Reply

In reply, Shim-Larkin contends that she has identified instances to the Court previously when the defendant's counsel has been "dishonest concerning her declarations regarding her purported efforts to locate the identified [sic] of PAA Demuth's supervisor." According to Shim-Larkin, these instances of dishonesty establish "a reasonable basis for [Shim-Larkin's belief] that the objective [of the e-mail communications between the defendant's counsel and the NYPD personnel] was fraudulent." Furthermore, Shim-Larkin asserts that she has placed before the Court arguments that would enable "a reasonable person [to conclude] that Defendant's goal of communications [was] to build strategies to avoid providing [the] identity of PAA Demuth's supervisor, and Defendant's purported inability to identify such person is a lie. Therefore, such communications does [sic] not deserve work product protection."

Shim-Larkin maintains that the defendant's counsel, "declared under penalty of perjury that 'Defendant received the command log' and did not assert that she received the copy of the command log or only the excerpts of the command log." Shim-Larkin contends that the NYPD Patrol Guide describes the command log as "a bound book." According to Shim-Larkin, the defendant provided her with pages 61-63 of the command log. Shim-Larkin contends that, since the defendant did not assert a privilege with respect to the command log, as it is not listed on the defendant's privilege log, any objection to disclosing the entire command log to her has been waived and the defendant must disclose to her pages 1-60 "and

from page 64 through the last page" of the command log. Moreover, Shim-Larkin also contends that, although the defendant asserts that "confidential information related to police officer firearms and [the] storage of confiscated items" was redacted from the excerpts of the command log disclosed to her, the defendant failed to "provide any reason why such information are [sic] 'confidential.'" According to Shim-Larkin, this failure along with the defendant's waiver of any objections to disclosing the command log warrants the Court's permitting her to access the unredacted 13th precinct command log.

With respect to Kalicovic's activity logs, Shim-Larkin contends that the "Defendant did not mention [Kalicovic's activity logs] at all in [its] opposition" to her motion. Therefore, Shim-Larkin asserts, her "request for an inspection of activity logs of Kalicovic is unopposed." Shim-Larkin contends that, although she "thinks that Kalicovic is the [law enforcement officer who was] supervising PAA Demuth, it seems like Kalicovic thinks he was not such person based on" his September 12, 2018 declaration. According to Shim-Larkin, inasmuch as Kalicovic's declaration "does not mention that [he] reviewed any document, thus he solely relied on his memory" in preparing the declaration. "Therefore, inspection of memo books and activity logs of Kalicovic will be useful to resolve this conflict between Plaintiff's memory and Kalicovic's memory, concerning whether he was performing desk officer duty/administrative duty" when Shim-Larkin visited the 13th precinct on August 19, 2015, and interacted with Demuth.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure explains that, absent a limit imposed by a court order, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). . . . [T]hose materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the

materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A).

* * *

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).

When a document is withheld from disclosure, based upon an assertion of privilege, including the work-product doctrine, Local Civil Rule 26.2(b) of this court referencing Local Civil Rule 26.2(a) requires that

> [t]he following information shall be provided in the objection . . . (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees and recipients to each other.

Local Civil Rule 26.2(a)(2)(A).

A party aggrieved by another party's determination to withhold materials from disclosure may make a motion for a court order compelling the disclosure of the withheld material and for the imposition of sanctions. See Fed. R. Civ. P. 37, passim. A motion to compel is "entrusted to the sound discretion of the district court." In Re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003)(internal quotation marks omitted). In analyzing the instant motion to compel and for sanctions, the Court has remained mindful that "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)(internal quotation marks and citations omitted).

Defendant's E-Mail Communications

The defendant withheld e-mail communications referenced above that were exchanged by its counsel and NYPD attorneys and NYPD Legal Bureau personnel contending that the e-mail communications are shielded from disclosure by the work-product doctrine, which is codified in Fed. R. Civ. P. 26(b)(3)(A). The plaintiff disagrees. The Supreme Court "has long held the view that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege." Kerr v. U.S. Dist. Ct. for Northern Dist. of Cal., 426 U.S. 394, 405-406, 96 S. Ct. 2119, 2125 (1976). Therefore, to resolve the parties' controversy respecting disclosure of the relevant e-mail communications, the Court reviewed same in camera. Based on that review, the Court finds that the following e-mail communications identified, via Bates numbers, on the defendant's November 29, 2018 "corrected" privilege log were properly withheld from disclosure, pursuant to the work-product doctrine, because they were prepared by the defendant's counsel and other legal representatives of the defendant in connection with the instant ongoing litigation: Bates Nos. NYPD 0080-0083; NYPD 00159-00164; NYPD 00200-00202; NYPD 00218-00223; NYPD 00443-00453; NYPD 00482-00492; NYPD 00548-00561; and NYPD 00703-00709. The work-product doctrine, however, provides only a qualified protection from disclosure "for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002, 318 F.3d 379, 383 (2d Cir. 2003). Therefore, the above-referenced e-mail communications may be disclosed to Shim-Larkin upon a showing by her of a "substantial need for the materials to prepare [her] case" and an inability, by her, without undue hardship, to obtain the substantial equivalent of these communications by other means. Fed. R. Civ. P. 26(b)(3)(A). Shim-Larkin has not met her burden.

Shim-Larkin's assertions that the defendant misrepresented the date on which its police department provided the 13th precinct's command log to defense counsel and, further, that the e-mail communications the defendant's counsel had with NYPD personnel were for the purpose of: 1) figuring

"out strategies about how to hide documents"; 2) engaging in "discovery fraud and/or perjury"; and 3) concealing the "identity of PAA Demuth's supervisor" amount to no more than conjecture and speculation, as they are not supported by any evidence in the motion record. Conjecture and speculation do not meet the standard set forth in Fed. R. Civ. P. 26(b)(3)(A): a showing by Shim-Larkin of substantial need for the withheld e-mail communications to prepare her employment discrimination case and the inability, without undue hardship, to obtain the substantial equivalent of the withheld e-mail communications by other means. Moreover, conjecture and speculation are insufficient bases upon which a court may rely to compel a party to make a disclosure. See Surles v. Air France, No. 00 Civ. 5004, 2001 WL 815522, at *4 (S.D.N.Y. July 19, 2001); Neogenix Oncology, Inc. v. Gordon, No. CV14-4427, 2017 WL 1207558, at *10 (E.D.N.Y. March 31, 2017). As a consequence, compelling the defendant to disclose to Shim-Larkin the e-mail communications bearing Bates Nos.: NYPD 0080-0083; NYPD 00159-00164; NYPD 00200-00202; NYPD 00218-00223; NYPD 00443-00453; NYPD 00482-00492; NYPD 00548-00561; and NYPD 00703-00709 is not warranted.

However, the Court finds, based on its in camera review, that various attachments to the relevant e-mail communications listed on the defendant's November 29, 2018 "corrected" privilege log are not subject to disclosure protection under the work-product doctrine. Those e-mail attachments have the following Bates numbers: NYPD 00209-00216; NYPD 00224-00225; NYPD 00454-00455; NYPD 00494-00495; and NYPD 00562-00563.[2] The record generated in this case demonstrates that the documents bearing these Bates numbers have been disclosed to Shim-Larkin previously.

Kalicovic's Memo Books and Activity Logs

Shim-Larkin seeks Kalicovic's memo books and activity logs for August 19, 2015, principally, because she contends that Kalicovic's September 12, 2018 declaration was written by Kalicovic without

---

[2]The documents bearing Bates Nos. NYPD 00224-00225; NYPD 00454-00455; and NYPD 00494-00495 are duplicates of the same documents.

reviewing "any document, such as his memo book or activity log" and, therefore, was prepared based solely on his memory, which she "reasonably expects . . . is not accurate." Shim-Larkin also suspects that: (1) Kalicovic's memo books and activity logs "might contain entries concerning [her August 19, 2015] visit to the Thirteenth precinct"; and 2) Kalicovic was at different locations during the hours he worked on August 19, 2015. Conjecture and speculation about: 1) what, if anything, Kalicovic relied upon to create his September 12, 2018 declaration; 2) the contents of Kalicovic's memo books and activity logs – if any exist; and 3) Kalicovic's location on August 19, 2015, provide no basis for the Court to issue an order compelling discovery, as explained above. Therefore, an order directing the defendant to disclose Kalicovic's memo books and activity logs to Shim-Larkin is not warranted.

Original Command Log

Shim-Larkin's request that the Court "affirm that [in her] previous request [through her August 30, 2018 sanctions motion] for inspection of the original command log, original means without any redaction," is denied. Shim-Larkin requested, through the August 30, 2018 motion, the "command log(s) . . . of the 13th police precinct for the date August 19, 2015, a copy at least 3 days before the deposition of Lieutenant Kalicovic, and original at the deposition of Lieutenant Kalicovic." Docket Entry No. 372, pg. 2. At the time Shim-Larkin made the August 30, 2018 motion, she possessed a redacted copy of the command log entries for August 19, 2015; it is Exhibit 1 to the declaration Shim-Larkin filed in support of the August 30, 2018 motion. See Docket Entry No. 374, Exhibit 1. In Shim-Larkin's Memorandum of Law in support of the August 30, 2018 motion, she urges the Court to allow her to inspect the original redacted pages of the 13th precinct's command log, of which Exhibit 1 to her declaration is a copy, because "the command log is hand written [sic], and when copied, the quality was damaged, which made it harder to read." Docket Entry No. 374, Page 3, ¶ 20. Shim-Larkin's request to inspect the original redacted pages of the command log was made because she hoped the inspection of the original redacted pages would enhance her ability to read the handwritten text which, according to Shim-Larkin, owing to

the reproduction process, was rendered difficult to read. Shim-Larkin did not request, through her August 30, 2018 motion, that the Court direct the defendant to disclose to her the August 19, 2015 13th precinct command log entries, without redactions. Shim-Larkin's assertion now that her use of the word "original" in the August 30, 2018 motion when referring to the command log, meant that she wanted to access an unredacted version of the entire command log, is untenable. Moreover, the motion record before the Court is devoid of evidence establishing that the entire 13th precinct command log "is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevancy is, of course, the touchstone for obtaining nonprivileged matter through the discovery process.

Sanctions

Shim-Larkin has requested that sanctions be imposed upon the defendant and its counsel, pursuant to: 1) Rules 26(g) and 37(b)(2)(A) of the Federal Rules of Civil Procedure; 2) 28 U.S.C. § 1927; and 3) the Court's inherent power. The motion record does not establish that the defendant or its counsel engaged in bad faith, vexatious or unreasonable conduct, or acted simply to multiply the proceedings in this action. Therefore, sanctioning the defendant and its counsel is not warranted under the cited provisions of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or the Court's inherent power.

However, when a motion to compel made pursuant to Rule 37 of the Federal Rules of Civil Procedure is denied, the Court "must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order the payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Inasmuch as the Court has determined that granting Shim-Larkin the relief she sought through the instant motion is not warranted, as the motion was predicated, principally on conjecture and speculation, the Court finds that the motion was not substantially justified. Accordingly, the Court will provide Shim-Larkin an opportunity to be heard with respect to whether, in the circumstance of this case, an award to

the defendant of the reasonable expenses it incurred opposing the motion, including its attorney's fees, is not warranted.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to compel and for sanctions, Docket Entry No. 434, is denied. On or before June 27, 2019, the plaintiff shall show cause, in writing, why she should not be required to pay the defendant its reasonable expenses incurred in opposing the motion, including attorney's fees. The defendant may file a response on or before July 1, 2019 and any reply shall be filed on or before July 8, 2019.

Dated: New York, New York
June 20, 2019

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

*shim-larkin.mo8*