UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: SEP 2 5 2018

Heena Shim-Larkin,

                Plaintiff,

    –v–

City of New York,

                Defendant.

16-cv-6099 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Plaintiff moves for leave to dismiss certain of her claims for relief without prejudice,

which Defendant opposes. For the reasons given below, the Court DENIES Plaintiff's motion.

## I.    BACKGROUND

The Court assumes the parties' familiarity with the underlying facts of this case. Briefly,

Plaintiff brought this employment discrimination lawsuit against her former employer,

Defendant. Plaintiff was employed by Defendant from July 2, 2015 through August 19, 2015.

Dkt. No. 424 at 1. Plaintiff initially sought both back pay and front pay. Dkt. No. 30 at 4.

Related to these claims for relief, Defendant served Plaintiff with discovery requests for

documents relating to efforts Plaintiff had made to seek employment after January 2015, work

records from that period, Plaintiff's sources of income after June 2015, and tax returns beginning

in 2015. Dkt. No. 429 at 2-3. At a conference on March 13, 2018, Magistrate Judge Fox limited

the time frame for these requests, but otherwise ordered Plaintiff to respond. Dkt. No. 230 at

128-29; Dkt. No. 222 ¶ 19. Magistrate Judge Fox went on to state that "if the defendant has

reason to challenge the materials that are provided by the plaintiff, their authenticity, or

1

accuracy, or completeness," then he may allow "the defendant [to] go directly to the prospective employer or employer and get these materials." Dkt. No. 230 at 129-30. Plaintiff objected to Magistrate Judge Fox's order. Dkt. No. 233. This Court denied those objections on September 27, 2018. Dkt. No. 385 at 5-6.

To avoid complying with these discovery requests, Plaintiff sought to dismiss her claims for front pay and back pay "for the period of the summer of 2016 and after." Dkt. No. 423. After the parties could not agree on a stipulation, at a November 30, 2018 pre-motion conference, Magistrate Judge Fox directed that Plaintiff's application to dismiss these claims should be directed to this Court, as it could be dispositive. Dkt. No. 421 at 28-29. On December 14, 2018, Plaintiff filed the instant motion. Dkt. Nos. 423 & 424. Plaintiff seeks this dismissal without prejudice, which Defendant opposes.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(a)(2), unless all parties agree to a stipulation of dismissal, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . [v]oluntary dismissal without prejudice is thus not a matter of right." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). Nonetheless, "the presumption in this circuit is that a court should grant dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Am. Fed'n of State, Cty. & Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12-cv-2237 (JPO), 2013 WL 2391713, at *2 (S.D.N.Y. June 3, 2013) (quoting *Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997)). The Second Circuit has provided the following non-exhaustive list of factors to consider in such situations: "[A] plaintiff's diligence in bringing the motion; [B] any 'undue vexatiousness' on plaintiff's part; [C] the extent to which the suit has progressed, including the defendant's effort and expense in

preparation for trial; [D] the duplicative expense of relitigation; and [E] the adequacy of plaintiff's explanation for the need to dismiss." *Zagano*, 900 F.2d at 14. "[N]o one factor is dispositive" and "[t]he crucial inquiry remains whether [the defendant] will suffer substantial prejudice as a result of a dismissal without prejudice." *Am. Fed'n*, 2013 WL 2391713, at *2 (quoting *S.E.C. v. Chakrapani*, 9-cv-325, 9-cv-1043, 2010 WL 2605819, at *2 (S.D.N.Y. June 29, 2010)).

In addition, the Court construes all of Plaintiff's arguments liberally as "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest.*'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

## III.   DISCUSSION

The Court considers each *Zagano* factor in turn.

The first factor weighs against Plaintiff. Plaintiff, who is proceeding *pro se*, filed this motion around a month and a half after Judge Fox informed her at the end of September that such a motion should be directed to this Court. Dkt. No. 421 at 28-29. While not exactly expeditious, this is not unduly long for a *pro se* party. More problematic, however, is that Plaintiff did not comply with Judge Fox's March 13, 2018 decision even though no stay was in effect. The fact that Plaintiff objected to that order did not relieve her of her obligations to comply with it. *See, e.g.*, *Thai Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, No. 10 -cv-5256 (KMW), 2011 WL 4111504, at *9 (S.D.N.Y. Sept. 13, 2011) ("Absent a stay of a magistrate judge's order, merely filing an objection to that order does not excuse a party from complying with it." (citing *Lytton Indus., Inc. v. Lehman Bros. Kuhn Loeb*, Inc., 124 F.R.D. 75, 78–79 (S.D.N.Y. 1989)). Instead, Plaintiff waited to see whether she would prevail before this Court on her objections. While Plaintiff's uncertainty about how to

3

proceed with respect to dismissing her claims may be excused by her attestation that she "did not know anything about FRCP 41" previously, Dkt. No. 433 ¶ 24, her failure to comply with Magistrate Judge Fox's order is not. Accordingly, even while taking into account Plaintiff's *pro se* status, this factor still weighs against her.

The second factor, undue vexatiousness, weighs slightly against Plaintiff as well. A Court will find that a party has behaved with undue vexatiousness if that party had "ill motive" or has acted in bad faith. *See Spirit Realty, L.P. v. GH & H Mableton, LLC*, 227 F. Supp. 3d 291, 301 (S.D.N.Y. 2017). This may be found, for example, "when a party assures the court and defendants that they would pursue [a] claim, then seeks dismissal." *Id.* (citing *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05-cv-3939 *CM), 2008 WL 4127549, at *6 (S.D.N.Y. Sept. 2, 2008)). Unlike in such cases, Plaintiff has been transparent about her intentions relating to dismissing these claims for relief. Plaintiff indicated as early as March 27, 2018, that she was willing to drop the claims for front pay and back pay if she could not receive the protections she requested. Dkt. No. 233 at 12. Yet as noted above, Plaintiff failed to comply with Judge Fox's March 13 decision while waiting to see whether she would prevail before this Court. Such a wait-and-see approach can rise to the level of "undue vexatiousness." *See S.E.C. v. Oakford Corp.*, 181 F.R.D. 269, 271 (S.D.N.Y. 1998). Furthermore, the Court notes that there is—at the very least—a hint of gamesmanship in Plaintiff's attempt to evade discovery orders by withdrawing certain of her claims so that she can again wait and see whether it would be in her interest to resurrect them. Accordingly, this factor weighs somewhat against Plaintiff.

The third, and most important, factor also weighs in favor of denying Plaintiff's request. "The extent to which a suit has progressed is considered by many courts in the Second Circuit to be of primary importance." *George v. Prof'l Disbosables Int'l, Inc.*, No. 15-cv-3385 (RA), 2017

WL 1740395, at *3 (S.D.N.Y. May 2, 2017) (quoting *Shaw*, 2008 WL 4127549, at *7); *see also Baldanzi v. WFC Holdings Corp.*, No. 07-cv-9551 (LTS), 2010 WL 125999, at *4 (S.D.N.Y. Jan. 13, 2010) ("Courts applying the *Zagano* factors frequently place the greatest emphasis on the efforts expended by the defendant in discovery and trial preparation and the corresponding prejudice the defendant would suffer if forced to relitigate."). Courts will deny permission to dismiss without prejudice in situations "where substantial discovery, summary judgment motion practice, or trial preparation has occurred." *Paulino v. Taylor*, 320 F.R.D. 107, 111 (S.D.N.Y. 2017) (quoting *Am. Fed'n*, 2013 WL 2391713, at *4).

Substantial discovery has occurred in this case, which was filed more than three years ago. This discovery has been drawn out, complex, and voluminous. Discovery disputes have led to countless orders from Magistrate Judge Fox, objections to those orders by the parties, and two appeals to the Second Circuit. *See George*, 2017 WL 1740395, at *3 (denying leave to dismiss without prejudice in part because during discovery the parties "engaged in disputes that required the intervention of a magistrate judge"). Defendant already filed once for summary judgment over a year ago, on June 27, 2018, Dkt. No. 313, which eventually had to be administratively denied given the many ongoing discovery disputes. Dkt. No. 490.

While Plaintiff only seeks to dismiss some of her claims for relief, given the length, complexity, and contentiousness of discovery as discussed above, it would further tax the parties' resources and this Court's to permit Plaintiff to withdraw certain claims and then attempt to press them again later in the litigation. Any attempt by Plaintiff to amend these claims back in at a later stage is likely to result in motion practice. And if amendment were granted, this Court has little doubt that the result would be more disputes over the discovery at issue, further

prolonging the litigation. Accordingly, this central factor weighs significantly against permitting Plaintiff to dismiss the relevant claims for damages without prejudice.

For similar reasons, the fourth factor weighs against granting Plaintiff's request. Allowing Plaintiff to dismiss these claims without prejudice risks duplicative relitigation. As noted above, the likelihood of further disputes over this same discovery is high if Plaintiff's request were to be granted. It would be substantially prejudicial to Defendant to have to relitigate these same issues again at a later stage in the case. This is particularly true as Defendant's attempts to move towards summary judgment have been delayed by the proliferation of discovery disputes.

Finally, as to the fifth factor, Plaintiff offers an inadequate justification for risking further delaying this litigation. As noted above, Magistrate Judge Fox ordered that Defendant must seek permission before contacting Plaintiff's employers. Dkt. No. 230 at 129-30. Yet Plaintiff states that she has a "personal opinion and belief that [Defendant and Defendant's counsel] do not possess high ethical standards or good faith" and therefore she "does not trust" that they "will not contact Plaintiff's former, current, or prospective employers when they do not have the Court's permission." Dkt. No. 424 at 7. Furthermore, Plaintiff argues that she "does not believe that Defendant or Defendant's counsels will be sanctioned, even if Defendant or Defendant's counsels contact Plaintiff's former, current, or prospective employers without the Court's permission." *Id.* at 7-8. While it is true that Defendant has been sanctioned for providing incomplete discovery, Dkt. No. 492, this is not a sufficient basis to infer that Defendant will willfully violate Magistrate Judge Fox's order. Nor does Plaintiff provide sufficient justification for concluding that Defendant would not be sanctioned were this to occur. Accordingly, Plaintiff's speculative reasons cannot justify the risk of further delay.

In light of the *Zagano* factors and the totality of the circumstances surrounding this litigation, the Court concludes that Plaintiff's request should be denied. Particularly given the length and complexity of litigation up to this point, as well as the risk of relitigation that would further prolong this case, Plaintiff's speculative explanation for why she should be permitted to dismiss her claims without prejudice is simply insufficient. It would work substantial prejudice against Defendant to allow Plaintiff to withdraw certain of her claims to avoid complying with an adverse ruling on discovery, only to resurrect those claims at an opportune moment for her. Accordingly, Plaintiff's motion is DENIED.

Plaintiff requests that if the Court denies her motion, she should be given time to decide how to proceed with respect to the claims for relief at issue. While a court "may convert a dismissal sought to be entered without prejudice to one with prejudice" it must first afford a plaintiff "the opportunity to withdraw [her] motion." *Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2d Cir. 1988). Accordingly, Plaintiff's claims for front pay and back pay after summer 2016 will be dismissed with prejudice unless Plaintiff files a letter within two weeks of the date of this Opinion and Order stating that she wishes to withdraw the instant motion. This letter may be no more than one page in length. If Plaintiff chooses to withdraw this motion and continue pursuing these claims, she must do so in conformity with the relevant decisions by Magistrate Judge Fox and this Court relating to the discovery requests at issue.

## IV. CONCLUSION

For the reasons stated above, the Court hereby DENIES Plaintiff's motion to dismiss without prejudice her claims for front pay and back pay after summer 2016. These claims will be dismissed with prejudice unless Plaintiff files a letter within two weeks of this Opinion and Order stating that she wishes to withdraw this instant motion. This letter shall be no more than one page in length. This resolves docket item number 423.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  September 24, 2019
        New York, New York

ALISON J. NATHAN
United States District Judge