USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HEENA SHIM-LARKIN,

        Plaintiff,

  -against-

CITY OF NEW YORK,

        Defendant.
------------------------------------------------------------X

AMENDED[1]
MEMORANDUM AND ORDER

16-CV-6099 (AJN)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Plaintiff Heena Shim-Larkin ("Shim-Larkin"), who is proceeding *pro se*, made a motion dated February 23, 2019, pursuant to, *inter alia*, Rule 37 of the Federal Rules of Civil Procedure for spoliation sanctions to be imposed upon the defendant for the loss of electronically stored information. See Docket Entry No. 462. The motion was successful. In such a circumstance, Rule 37(a)(5) of the Federal Rules of Civil Procedure authorizes the movant to recover the reasonable expenses incurred in making the motion.

      Shim-Larkin submitted a declaration to the Court setting forth what she contends are the reasonable expenses that should be awarded to her. Those expenses total $502.47. According to Shim-Larkin, she incurred: (1) printing costs of $178.50, based upon her estimate of a per page printing cost of 35 cents; (2) transportation and service costs of $145.50; (3) internet usage fees of $47.61; and (4) telephone service charges of $40.25. In addition, Shim-Larkin seeks to recoup $90.61 attributable to the use of her laptop computer. Shim-Larkin explains that, she printed 276

---

[1]The Memorandum and Order, dated January 3, 2020, has been revised solely to correct the date on page 8, after the CONCLUSION, to February 23, 2019.

pages pertaining to communication records involving Martin Kravitz ("Kravitz"), an employee of the defendant's Department of Parks and Recreation ("DPR") who, through a January 18, 2018 declaration, disclosed that relevant information on his cellular telephone had been lost permanently. It is that lost electronically stored information that was the focus of Shim-Larkin's Rule 37 spoliation motion. The pages Shim-Larkin printed comprise, in whole or in part, letters, letter motions, formal motions, replies and court orders. According to Shim-Larkin, on occasion, the materials she printed were for her benefit solely; however, on other occasions she printed materials twice, one copy for her and another for submission, as a courtesy copy, to the Court.

Shim-Larkin contends that she traveled on nine occasions: August 7, 2017; October 17, 2017; November 30, 2017; December 6, 2017; January 9, 2019; March 12, 2019; March 25, 2019; March 27, 2019, and September 23, 2019, to and from the courthouse law library to conduct "legal research concerning the communication records between Kravitz and [Miguel] Morel," another DPR employee. In addition, Shim-Larkin maintains that on six occasions: November 6, 2017; December 11, 2017; October 19, 2018; January 28, 2019; March 29, 2019; and September 27, 2019, she visited the NYLAG Pro Se Legal Clinic, which is located in the courthouse, seeking "legal advice concerning the communication records between Kravitz and Morel." Shim-Larkin contends that each one-way trip, via public transportation, cost her $2.75.

According to Shim-Larkin, she also made nine additional visits to the courthouse to deliver, to the Court, courtesy copies of various documents she filed with the Clerk of Court. However, four of those visits predate the February 23, 2019 spoliation motion. Shim-Larkin maintains that the courtesy copies she delivered to the courthouse were encased in envelopes and she employed "multiple tabs" with the courtesy copy documents she prepared for the Court.

Shim-Larkin estimates that on each of the nine occasions when she delivered courtesy copies to the courthouse, she expended $1.50 on the envelope and the tabs. Therefore, she seeks to recover $13.50 for this expenditure.

The defendant contends that the "Plaintiff's request for expenses is unreasonable." According to the defendant, the "Plaintiff may only be compensated for identifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs." The defendant asserts that Shim-Larkin estimates that 35 cents is the cost per page for the printing she undertook; however, Shim-Larkin "fails to provide any proof of that cost, including receipts." In like manner, the defendant maintains that Shim-Larkin "fails to provide any evidence of her transportation and service costs including metro card statements, receipts, bank statements, or similar documents to demonstrate the actual cost of her alleged expenditures on transportation, envelopes and tabs."

In addition, the defendant notes that Shim-Larkin "offers no evidence that the dates upon which she traveled to the law library or the pro se clinic were solely for research and advice related to her February 23, 2019 motion, inasmuch as plaintiff has filed numerous letter motions and formal motions on a variety of issues in this action between August 2017 and March 2019, not merely limited to the issue raised in her February 23, 2019 motion." The defendant contends that "Plaintiff seeks reimbursement for travel to the law library and pro se clinic on dates after her February 23, 2019 motion was fully submitted and after the decision on the motion was entered. Such costs are not a reasonable expense related to the filing of the motion and should not be awarded."

The defendant urges that no award be made with respect to Shim-Larkin's request to recoup expenses associated with her internet usage, laptop usage and her telephone bill because, as Shim-Larkin acknowledges, the assigned district judge "previously held that Plaintiff's request for these types of fees is unreasonable." The court reasoned, in that instance, that these types of fees were not directly related to the defendant's failure to meet its discovery obligations, the conduct that occasioned the award of expenses to Shim-Larkin at that time. The defendant maintains that "here, Plaintiff's claims for reimbursement related to internet usage, laptop usage and her phone bill are not a direct result of the motion practice related to the motion for sanctions filed on February 23, 2019." Thus, no award for these expenses is warranted. In summary, the defendant contends that, in the absence of: (1) documentary evidence supporting Shim-Larkin's claimed expenses, and (2) evidence establishing a correlation between the February 23, 2019 spoliation motion and Shim-Larkin's internet, laptop and telephone usage and all her visits to the courthouse library to conduct research and to the pro se clinic to obtain legal advice, Shim-Larkin has failed to establish that the expenses she seeks to recoup are related to the February 23, 2019 spoliation motion and are reasonable.

When a motion made pursuant to Rule 37 of the Federal Rules of Civil Procedure is granted, "the Court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). A court may draw upon its own knowledge and experience when assessing the reasonableness of an attorney's fee application. See Schoolcraft v. City of New York, No. 10 Civ. 6005, 2016 WL 4626568, at *4 (S.D.N.Y. Sept. 6, 2016). In addition, when a court finds

that excessive fees are being sought through a fee application, it may exercise its discretion and employ a percentage reduction to trim fat from the fee application. See Marvin S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 150 (2d Cir. 2014). The Court discerns no reason why these same precepts should not be applicable when a court is charged with assessing an application for reasonable expenses made by a pro se litigant because, in both instances, ultimately, "it is for the court to decide what amount is proper" to award. 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288 (3d ed. 2010). In determining what amount is proper to award a pro se litigant for expenses incurred in connection with litigation, a court can "relax the documentation requirements" it might normally demand of an attorney, owing to the pro se status of the applicant for expenses. Luna v. Harris, 691 F. Supp. 624, 629 (E.D.N.Y. 1988). In the case at bar, the Court has determined not to exercise its discretion and employ a percentage reduction to trim fat from Shim-Larkin's expenses request; instead, the various categories of expenses are analyzed below.

Printing Costs

Shim-Larkin estimates that a reasonable per-page cost for printing the 276 pages referenced in her declaration is 35 cents. Shim-Larkin did not provide any facts to the Court respecting the ground(s) upon which her estimate of the per page printing cost was based. Absent knowing what factual information informed the estimate, the Court is unable to conclude that the estimate is reasonable and not arrived at arbitrarily. The estimated per page printing cost proffered by Shim-Larkin is also peculiar because the Court is aware that within walking distance of the courthouse, two commercial entities: FedEx Office® and Staples® offer copying services at 15 cents per page. Given the frequency with which Shim-Larkin visited the courthouse, as

recounted in her declaration, she could have availed herself of the much less costly printing services offered by either of these commercial establishments. Using 15 cents as a per page printing cost would reduce Shim-Larkin's estimated printing costs from $178.50 to $41.40. Based on: 1) Shim-Larkin's failure to provide information about the basis(es) for her 35 cents per page printing cost estimate; and 2) the Court's own knowledge of the per page copying fee charged by commercial printing establishments located near the courthouse, the Court finds that Shim-Larkin's 35 cents per page printing cost estimate is not reasonable.

Travel and Service Costs

Shim-Larkin traveled to the courthouse on 23 occasions to: (a) do research in the courthouse library; (b) obtain advice from the NYLAG Pro Se Legal Clinic; and (c) deliver to the courthouse courtesy copies of documents she filed with the Clerk of Court. Seven of the dates on which Shim-Larkin traveled to the courthouse: August 7, 2017; October 17, 2017; November 6, 2017; November 16, 2017; November 30, 2017; December 6, 2017; and December 11, 2017[2] precede January 18, 2018, the date of Kravitz's declaration disclosing that relevant electronically stored information had been lost: the fact upon which the spoliation motion was predicated. Shim-Larkin failed to explain why expenses she incurred for her trips to the courthouse in 2017, before the foundation upon which her spoliation motion rested – the permanent loss of Kravitz's relevant electronically stored information – was made known to her, are reasonably related to the

---

[2]On December 11, 2017, Shim-Larkin visited the pro se clinic at the courthouse and deposited a courtesy copy of a document at the courthouse. It appears from Shim-Larkin's submission to the Court that she seeks to be compensated for visiting the courthouse twice on that day, but her declaration does not state definitively that two trips were made to the courthouse on December 11, 2019. In any event, it would not be reasonable to compensate Shim-Larkin twice for traveling to the courthouse on December 11, 2019, if visiting the pro se clinic and depositing the courtesy copy document were accomplished during one courthouse visit.

February 23, 2019 spoliation motion and should be awarded to her. The Court finds that requiring the defendant to reimburse Shim-Larkin for these expenses, is not reasonable.

The record before the Court establishes that on four dates: November 6, 2017; December 11, 2017; October 26, 2018; and November 22, 2018, Shim-Larkin deposited at the courthouse, envelopes containing courtesy copies of tabbed documents. Each of the above-noted occasions precedes February 23, 2019, the date of Shim-Larkin's spoliation motion. The expenses Shim-Larkin incurred in connection with these envelopes and their tabbed contents are not expenses she incurred making the spoliation motion. Therefore, directing the defendant to reimburse Shim-Larkin for these expenses is not reasonable and, thus, not warranted.

Internet Usage, Laptop Usage and Telephone Service

The assigned district judge denied Shim-Larkin's request for an award of expenses for internet usage, laptop usage and telephone service, in connection with a discovery-related sanctions award made previously during this litigation. Notwithstanding that determination, Shim-Larkin has made a similar request for an award of such expenses in connection with her February 23, 2019 spoliation motion. According to Shim-Larkin, she has done so to preserve a potential issue to be raised on appeal to the Second Circuit Court of Appeals. The Court notes that the majority of the expenses Shim-Larkin incurred for internet usage, laptop usage and telephone service are for the period August 2017 through December 2017, a period that predates Kravitz's January 18, 2018 declaration: (1) revealing the permanent loss of his relevant electronically stored information; and (2) providing the basis for Shim-Larkin's February 23, 2019 spoliation motion. Shim-Larkin attributes the expenses she seeks related to her internet usage, laptop usage and telephone service to activities she performed "regarding communication

records between Kravitz and Morel." Shim-Larkin never provided the Court with evidence that connects these expenses to her February 23, 2019 spoliation motion with particularity. As a consequence, no adequate basis exists upon which the Court can rely to conclude that awarding Shim-Larkin these expenses as reasonably incurred in connection with the February 23, 2019 spoliation motion, is warranted.

## CONCLUSION

For the reasons set forth above, pursuant to Fed. R. Civ. P. 37(a)(5) and the Court's inherent authority, Shim-Larkin is awarded $114.90, the reasonable expenses she incurred in connection with the February 23, 2019 spoliation motion – for: (1) printing ($41.40); (2) traveling to the courthouse ($66.00); and (3) preparing courtesy copies of documents for deposit at the courthouse ($7.50). The defendant is directed to tender $114.90 to Shim-Larkin within fourteen (14) days of the date of this order.

Dated: New York, New York
January 7, 2020

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

*shim-larkin.mo13r*

8