October 27, 2020

Hon. Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/2020
```

Re: Heena Shim-Larkin v. City of New York
Docket No. 16 CV 6099 (AJN) (KNF)
Request for an extension of time

Dear Judge Alison J. Nathan:

I am Plaintiff Heena Shim-Larkin and writing to request for an extension of time to file Rule 72(a) objection concerning the order dated April 14, 2020, until November 23, 2020, pursuant to Your Honor's individual rules of practice 1.D. The current due date is November 2, 2020. This is the eleventh request and the previous requests were granted. See orders at ECF #625, 635, 638, 645, 647, 650, 653, 655, 658 and 674.

SO ORDERED.

*Alison J. Nathan*
10/27/2020

Plaintiff has been calling the New York County Court law library every week and it is still closed without projected reopening date. Therefore, Plaintiff wishes to wait three more weeks. If the library opens on or about November 9, 2020, Plaintiff will need 2 weeks from that date. Additionally, Plaintiff was not able to find any projected date for New York Public Library's research center reopening. Conducting legal research at law library is necessary for Plaintiff to prepare Rule 72(a) objection. If the library does not open beyond November 9, 2020, Plaintiff might request additional extension(s) later on.

Defendant does not consent on the ground that Plaintiff was "able to: 1) serve a Rule 11 motion on October 9, 2020; 2) file a motion for reconsideration on October 13, 2020 (ECF Dkt. Nos.675-676); and 3) oppose Defendant's letter motion for discovery on October 20, 2020 (ECF Dkt. No. 681) and amended letter motion October 22, 2020 (ECF Dkt. No. 684). In each of the aforementioned documents [Plaintiff] included legal research, demonstrating [Plaintiff's] ability to conduct legal research."

Plaintiff has very limited ability to conduct legal research, since the law libraries in NYC are closed due to the pandemic. It is more burdensome to Plaintiff to conduct legal research these

1

days compared to before pandemic when she was able to go to the law libraries freely. Although Plaintiff is not stating that she does not have the ability to conduct legal research at all, it is burdensome, because free sources accessible from home provides smaller pool of databases and does not provide sophisticated and more convenient search functions such as Boolean search. Plaintiff has to do needle in the haystack type of search within the smaller pool of databases without the law library.

Concerning the Rule 11 motion served on Defendant on Oct 9, 2020, such motion cites only three cases: i) *Rankin v. City of Niagara Falls, 569 Fed. Appx. 25 (2d Cir. 2014)*, which Plaintiff already cited and relied on in another Rule 11 sanction proceeding (ECF #560) before pandemic, and ii) two Second Circuit cases which set out basic standards for Rule 11 sanctions, which does not require complex legal research on LEXIS or WestLaw.

The cases cited in motion for reconsideration dated Oct 13, 2020 (ECF #676) were: i) cases Plaintiff cited in another submissions[1] before pandemic, and ii) basic standards for motion for reconsideration, which does not require complex legal research on LEXIS or WestLaw.

Regarding Plaintiff's responses to Defendant's letters dated Oct 20th and 22nd, the only cases cited were the ones Defendant cited in its letters first. If Plaintiff is looking for a specific material (in this case, specific cases Defendant cited in its letters), usually she can find such material without going to the law library and it does not require complex legal research.

Plaintiff wishes to conduct extensive legal research on LEXIS or WestLaw before filing Rule 72(a) objection to the order dated April 14, 2020.

Accordingly, Plaintiff respectfully requests that the Court to extend the date for Plaintiff to file Rule 72(a) objection concerning the order dated April 14, 2020 until November 23, 2020 and order other reliefs which court deems just and proper.

Respectfully submitted,
_____S/_____
Heena Shim-Larkin
Plaintiff *Pro Se*

---

1  Such as *Rankin* (and *Rankin* cited *Storey v. Cello L.L.C., 347 F.3d 370 (2d Cir. 2003)* and *Cooter & Gell v. Corp., 496 U.S. 384*), *Spiegelman v. Reprise Records, 1996 U.S. App. LEXIS 11825 (2d Cir. 1996)* (cited in ECF #233, and *Spiegelman* cited *Haines v. Kerner, 404 U.S. 519, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972)*), *Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323 (2d Cir. 1999)* (cited in ECF #497), *Gross v. Rell, 585 F.3d 72 (2d Cir. 2009)* and *Tolbert v. Queens Coll., 242 F.3d 58 (2d Cir. 2000)* (*Gross* and *Tolbert* in Mandamus petition). Plaintiff has also noted *Dietz v. Bouldin, 136 S. Ct. 1885 (2016)* during the Mandamus proceeding.