USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/23/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Heena Shim-Larkin,<br><br>                            Plaintiff,<br><br>        –v–<br><br>City of New York,<br><br>                            Defendant. | 16-cv-6099 (AJN)<br><br>MEMORANDUM<br>OPINION & ORDER |

ALISON J. NATHAN, District Judge:

       Plaintiff filed a motion to recuse the Undersigned pursuant to 28 U.S.C. § 455(a). Dkt. No. 699. For the reasons explained below, that motion is DENIED.

## I. Background

       The Court assumes familiarity with the background facts of this case. In February 2019, Magistrate Judge Fox sanctioned the Defendant and its former attorney Scott Silverman for making a representation as to its progress in providing discovery without substantial justification or reasonable inquiry; the Magistrate Judge also reopened discovery to allow the Plaintiff to depose an individual. Dkt. No. 450. Upon consideration of the record and arguments by both parties, this Court found that the Magistrate Judge had clearly erred in imposing the sanctions and that discovery should not be reopened. Dkt. No. 666 at 10-15. In September 2019, the Magistrate Judge sanctioned the Defendant's attorney, Dominique Saint-Fort, for making an erroneous representation to the Plaintiff. Dkt. No. 540. This Court affirmed the Magistrate Judge's decision in part but reversed one of the sanctions—requiring Saint-Fort to distribute a copy of the Magistrate Judge's decision to dozens of her colleagues—as extreme and not required by Federal Rule of Civil Procedure 11. Dkt. No. 666 at 15-18.

In November 2020, Plaintiff filed the instant motion under U.S.C. § 455(a) for the Undersigned to recuse herself.   Dkt. No. 699.

## II.   Discussion

28 U.S.C. § 455(a) requires that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  This section requires recusal where "an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal[.]" *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (citing *Deluca v. Long Island Lighting Co., Inc.*, 862 F.2d 427, 428-29 (2d Cir. 1988)); *see also United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000).  Recusal motions are committed to the sound discretion of the district court.  *See Lovaglia*, 954 F.2d at 815.  In considering recusal motions, "judges must be alert to the possibility that those who would question their impartiality are in fact seeking to avoid the consequences of the judge's expected adverse decision."  *Id.* (internal marks omitted) (citing H. R. Rep. No. 1453, 93d Cong., 2d Sess., reprinted in 1974 U.S.C.C.A.N. 6351, 6355).

Plaintiff sets forth reasons why she believes this Court erred in its decisions to reverse the imposition of sanctions upon the Defendant and its attorneys and to determine not to reopen discovery.  She argues the Court ignored her fully developed arguments in favor of sanctioning the Defendant and Mr. Silverman, which the Plaintiff notes should be construed liberally in light of her *pro se* status, but considered arguments that the Defendant "merely mentioned."  Mem. Law in Supp. Of Mot. to Recuse, Dkt. No. 700, at 7-10.  She also notes that in reversing the sanction against Saint-Fort, the Court stated that the Plaintiff did not cite an analogous case involving such extreme sanctions and that the sanction would do little to serve deterrence goals but failed to consider her citation to *Rankin v. City of Niagara Falls*, 569 F. App'x 25 (2d. Cir. 2014), in which the Second Circuit affirmed a decision to refer an attorney who had made a misrepresentation for professional discipline.  *Id.* at 11-12.  The Plaintiff further argues that the Court exceeded its authority by and did not provide legal support for ordering the Plaintiff to consolidate four motions into one motion of no more than fifteen pages.  Finally, the Plaintiff

contends that this Court has "[p]ervasive[ly] disregard[ed] binding legal authorities in favor of Defendant" and has disregarded its obligations to construe *pro se* submissions liberally and to apply appropriate legal standards. *Id.* at 15-18.

There is no basis for recusal. While Plaintiff argues against the Court's decision on the merits, there is no evidence or non-frivolous allegation of bias or improper judicial conduct from which the Court's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To the extent that Plaintiff believes the Court erred in its decisions, she may exercise her rights to appeal at the appropriate time.

### III. Conclusion

For the reasons stated above, Plaintiff's motion is denied. This resolves Dkt. No. 699. The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated: December 23, 2020
 New York, New York

_____
ALISON J. NATHAN
United States District Judge