USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/23/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Heena Shim-Larkin,

                Plaintiff,

      –v–

City of New York,

                Defendant.

16cv6099 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

On September 28, 2020, the Court issued an opinion denying Plaintiff's various objections to decisions by Magistrate Judge Fox regarding discovery and sanctions. Dkt. No. 666. Plaintiff filed a Motion for Reconsideration on October 13, 2020. Dkt. No. 675. As of November 20, 2020, this motion has been fully briefed. Dkt Nos. 695, 703. For the reasons explained below, that motion is DENIED.

### I.  Discussion

A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotations and citation omitted). It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Moreover, "[t]he decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F.

Supp. 2d 584, 594 (S.D.N.Y. 2011). "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

In her briefs, Plaintiff repeats her initial claims, argues that the Court overlooked her arguments and the sources she cited in support, and alleges she was treated unfairly or unequally by the Court. Dkt. No. 676, 703. However, Plaintiff identifies no new evidence or facts unknown to the Court and does not argue an intervening change in controlling law. A motion for reconsideration is not a means for "relitigating old issues" that the Court has already considered, *Analytical Surveys, Inc.*, 684 F.3d at 52, and Plaintiff's disagreement with the Court's analysis of her arguments is not a basis for reconsideration.

## II.   Conclusion

For the reasons stated above, Plaintiff's motion for reconsideration is denied. This resolves Dkt. No. 675. The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated: December 23, 2020
 New York, New York

_____
ALISON J. NATHAN
United States District Judge