UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Shim-Larkin,

                Plaintiff,

    –v–

City of New York,

                Defendant.

16-cv-6099 (AJN)

MEMORANDUM OPINION
& ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff brings an objection to Magistrate Judge Fox's Order under Federal Rule of Civil Procedure 72(a). For the reasons that follow, the objection is denied.

## I.    BACKGROUND

    On August 3, 2017, Judge Fox issued a Second Revised Scheduling Order setting the due date for "all discovery, of whatever nature, [to] be initiated so as to be completed on or before January 23, 2018." Dkt. No. 107. On August 5, 2020, Plaintiff produced an Expert Witness Disclosure Statement in which she identified herself as an expert. Dkt. No. 680-1. Because it was filed long after Judge Fox's discovery deadline, Defendant responded by informing Plaintiff that the disclosure did not comply with Federal Rule of Civil Procedure 26(a)(2) because it was untimely. The parties then submitted a joint letter requesting a conference before Judge Fox pursuant to Local Civil Rule 37.2 to discuss Plaintiff's expert disclosure. Dkt. No. 696. Defendants maintained that the disclosure was untimely, that Plaintiff had made several requests after the close of discovery unrelated to this expert disclosure, and that Plaintiff never sought to reopen discovery to disclose herself as an expert. Plaintiff relied on a statement from this Court

1

in a December 14, 2017 order in which it denied a request for a court-appointed expert and stated that "Plaintiff of course remains free to retain her own expert." Dkt. No. 163 at 6. Plaintiff argued that the Court's statement gave her more time to disclose her expert.

On November 24, 2020, Magistrate Judge Fox held that Plaintiff's disclosure was untimely because it was not made on or before January 23, 2018. Dkt. No. 714-1. He explained that even though the Court encouraged Plaintiff to retain an expert if she wished, Plaintiff misconstrued this to mean that the discovery deadlines previously imposed by him were somehow no longer in effect. Dkt. No. 714-1 at 5:9-6:12. On December 14, 2020, Plaintiff filed a letter motion seeking an extension of time to serve her expert disclosure *nunc pro tunc* and deeming it timely, again relying on the Court's statement to Plaintiff "to retain her own expert" if she so chose, noting that her interpretation of this Court's order constituted excusable neglect. Dkt. No. 716.

On February 16, 2021, Magistrate Judge Fox denied Plaintiff's request and held that Plaintiff's delay in making her expert disclosure was purposeful. Dkt. No. 743 at 4. The Court explained that the reasons for Plaintiff's delay, including obtaining additional years of experience to become an expert to testify in this case, was an intentional act that does not constitute excusable neglect for her untimely disclosure. Dkt. No. 743 at 4. Magistrate Judge Fox also held that extending the time for Plaintiff to file the expert disclosure would prejudice Defendant because Defendant relied on the schedule for completing pretrial discovery activities. *Id.*

Plaintiff now objects to Magistrate Judge Fox's November 24, 2020 and February 16, 2021 orders.

## II.     DISCUSSION

Federal Rule of Civil Procedure 72(a) permits the Court to modify or set aside a non-dispositive order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Magistrate Judge Fox's findings that Plaintiff's disclosure was untimely, and that the untimely disclosure was purposeful, were not clearly erroneous.

"A party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Magistrate Judge Fox's last scheduling order required the parties to disclose expert reports by November 2, 2017, and complete all discovery by January 23, 20218. Dkt. No. 107. Plaintiff did not provide the expert disclosure at issue until August 5, 2020, well beyond both of those deadlines. The Court finds no error in Magistrate Judge Fox's determination that Plaintiff's expert disclosure was untimely.

Once Magistrate Judge Fox determined that the disclosure was untimely, Plaintiff filed a letter request for an extension of time *nunc pro tunc*. Dkt. No. 716. Magistrate Judge Fox denied this request. Dkt. No. 743. Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether a parties' neglect will be considered "excusable," courts should "tak[e] account of all relevant circumstances," and consider factors such as "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In *Pioneer*, the Supreme Court found that notices of a deadline were provided to the petitioner in an unusual

form compared to the norm for bankruptcy cases, and therefore the petitioner's neglect was excusable so as to permit a late filing. *Id.* at 398.

Plaintiff relies on the same argument, asserting that the Court's December 14, 2017 Order in which it denied Plaintiff's request for a court-appointed expert constituted an unusual order. But Plaintiff's misunderstanding of one sentence from that order—that "Plaintiff . . . remains free to retain her own expert"—does not constitute excusable neglect. Nothing in this Court's order indicated that the timeline previously imposed by Magistrate Judge Fox was altered. In fact, this Court's order did not mention the timing for Plaintiff to retain a potential expert at all. So that order does not constitute the same "unusual form of notice" that *Pioneer* contemplates.

Magistrate Judge Fox's finding that the factors weigh against finding excusable neglect was not clearly erroneous. Magistrate Judge Fox noted that Plaintiff was in full control of the delay: she admitted that she waited to make the disclosure to gain "years of experience, research, and education from her counselors" to serve as an expert witness in this case. Dkt. No. 743 at 4. What's more, Magistrate Judge Fox determined that Defendant would be prejudiced by granting Plaintiff's motion for an extension of time *nun pro tunc* because it would require Defendant to "expend time and resources on expert discovery years after the time the Court fixed for pursuing an expert has elapsed," based solely on Plaintiff's strategic determinations about the time she needed to prepare to present herself as an expert witness, without regard to the discovery deadline. *Id.* Finally, the length of delay weighs against finding the neglect excusable. Plaintiff waited nearly three years after expert disclosures were due, and over two and a half years after the close of discovery, to provide this disclosure. Yet before this disclosure, she had made several requests for discovery that were outside of the court-imposed timeline. The Court agrees

4

with Magistrate Judge Fox's analysis of the excusable neglect factors and finds that his order was not erroneous.

### III. CONCLUSION

For the reasons stated, Plaintiff's Rule 72(a) objection is DENIED. This resolves Docket Number 750. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, so *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully asked to mail a copy of this Opinion and Order to Plaintiff and note the mailing on the public docket.

SO ORDERED.

Dated: October 18, 2021
 New York, New York

_____
ALISON J. NATHAN
United States District Judge