USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/27/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Shim-Larkin,

          Plaintiff,

–v–

City of New York,

          Defendant.

16-cv-6099 (AJN)

ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

In this employment discrimination action, Defendant objects to an order of the Magistrate Judge granting Plaintiff's motion for sanctions. Plaintiff objects to an order of the Magistrate Judge denying her request to compel Defendant to fully answer certain interrogatories. For the reasons below, both objections are overruled.

## I. Background

Plaintiff Heena Shim-Larkin, proceeding *pro se* and *in forma pauperis*, filed suit against the City of New York in August 2016 alleging employment discrimination under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, New York State Human Rights Law, and New York City Human Rights Law. *See* Complaint, Dkt. No. 2; Amended Complaint, Dkt. No. 30. On November 23, 2016, the Court referred the case to Magistrate Judge Kevin Nathaniel Fox for general pretrial services, including scheduling, discovery, non-dispositive pretrial motions, and settlement. Dkt. No. 22. In February of 2022, the referral was reassigned to Magistrate Judge Jennifer E. Willis. Before the Court are two objections to discovery orders issued by Magistrate Judge Fox.

**II.   Legal Standard**

Under 28 U.S.C. § 636(b)(1)(A), the Court "may designate a magistrate judge to hear and determine any pretrial matter pending before the court." The Court may reconsider the magistrate judge's order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* "A magistrate judge's decision is 'clearly erroneous' only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Indergit v. Rite Aid Corp.*, No. 08-cv-9361 (JPO), 2016 WL 236248, at *1 (S.D.N.Y. Jan. 20, 2016) (citation omitted). "A decision is contrary to law if it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (citation omitted).

**III.   The Court overrules Defendant's objection regarding Magistrate Judge Fox's imposition of sanctions.**

Plaintiff submitted her first set of interrogatories on April 25, 2017, Dkt. No. 94-1, and Defendant failed to timely serve its responses. Magistrate Judge Fox ordered that Defendant waived objections pursuant to Federal Rule of Civil Procedure 33(b)(4) and was required to provide responses. Dkt. No. 119. Defendant responded to the first set of interrogatories, Dkt. No. 165-2, and Plaintiff filed a motion for sanctions because she argued that Defendant failed to fully respond to several of those interrogatories. Dkt. Nos. 602-604. The parties briefed the motion, Dkt. Nos. 611-612, 617-618, and Judge Fox granted Plaintiff's motion and imposed sanctions against Defendant and its counsel, Dkt. No. 657. After receiving a Rule 11 motion from Plaintiff, Defendant filed an Amended Rule 72(a) objection. Dkt. Nos. 689-690. The Court concludes that Magistrate Judge Fox's order was neither clearly erroneous nor contrary to law and denies Defendant's objections.

1. *Interrogatory No. 1*

Interrogatory No. 1, as relevant here, requested contact information for "the female employee of New York City Department of Education [(DOE)] who visited Tompkins Square Park on or about August 18, 2015." Dkt. No. 165-1. Jacqueline Mills was identified in documents referenced in response to this interrogatory. The Magistrate Judge imposed sanctions based on four issues with Defendant's response.

Defendant points to one portion of the Magistrate Judge's decision that is allegedly contrary to law: that a party's attempt to advance an argument for the first time in a reply must be "rejected as untimely.'" *E.g.*, Dkt. No. 742 at 6 (citing *In re Various Grand Jury Subpoenas*, 235 F. Supp. 3d 472, 485 (S.D.N.Y. 2017). Defendant is correct that Plaintiff improperly raised for the first time on reply the argument Defendant did not speak to Mills before responding to the interrogatory. However, that was not the only ground on which Judge Fox imposed a sanction. Dkt. No. 657 at 34. Thus, Judge Fox could have and likely would have reached the same conclusion without that argument.

2. *Interrogatory No. 2*

Magistrate Judge Fox held that a sanction was warranted as to Interrogatory No. 2 because Defendant failed to determine whether Javier Rodriguez had additional contact information, such as a phone number, that Defendant ultimately failed to provide to Plaintiff in response to the interrogatory. Dkt. No. 657 at 35-36. Defendant argues that it interpreted Magistrate Judge Fox's previous order requiring a supplemental response to only pertain to email addresses, and once it confirmed that DPR did not issue Mr. Rodriguez an email address, it had satisfied that order. Dkt. No. 689 at 13-14. Regardless of the misinterpretation, Plaintiff's interrogatory requested "[t]he full name, title, address, *phone number*, and email address" for Mr. Rodriguez. Dkt. No. 165-1 (emphasis added). Thus, the Court finds it neither clearly erroneous

3

nor contrary to law for Magistrate Judge Fox to have sanctioned Defendant for not providing a phone number for Mr. Rodriguez, especially when Defendant had a second opportunity to disclose such information in its supplemental response.

3. *Interrogatory No. 3*

Interrogatory No. 3 requested "all policies and/or practices concerning assigning and/or transferring a lifeguard to a pool during the summer of 2015." Dkt. No. 165-1. Defendant pointed Plaintiff to various DPR human resources documents but did not direct Plaintiff to a specific policy or even page. Dkt. No. 165-2. Plaintiff argued that the documents were not responsive to her request. Dkt. No. 152. Magistrate Judge Fox concluded that Defendant could not rely on Local Civil Rule 33.3 as an objection to respond more fully because the Magistrate Judge had already ordered Defendant to respond to Plaintiff's interrogatories without objections. Dkt. No. 319 at 21. What's more, Magistrate Judge Fox concluded that Defendant failed to comply with Federal Rule of Civil Procedure 33(d) because it failed to "specify[] the records that must be reviewed, in sufficient detail to enable [Plaintiff] to locate and identify them as readily as [Defendant] could." *Id.* at 20-21 (quoting Fed. R. Civ. P. 33(d)(1)). The Court affirmed that order on March 27, 2019, and held that it was improper for Defendant to rely on Local Rule 33.3 to limit the scope of the interrogatory, but the Court's order did not specify whether it was upholding Judge Fox's determination that Defendant failed to comply with Federal Rule of Civil Procedure 33(d). Dkt. No. 492. Magistrate Judge Fox interpreted the Court's order to be "tantamount to a rejection" of Defendant's argument and therefore found that Defendant's response to Interrogatory No. 3 warranted a sanction. Dkt. No. 657 at 38 (cleaned up) (quoting *Fielding v. Tollaksen*, 50 F.3d 175, 178-79 (2d Cir. 2007)).

4

Despite both the Magistrate Judge concluding that Defendant had not responded to the interrogatory fully, and the Court overruling Defendant's objection under Local Civil Rule 33.3, Defendant still determined that it did not need to supplement its response because the Court did not directly conclude that Defendant violated Federal Rule of Civil Procedure 33(d). Magistrate Judge Fox concluded that Defendant's interpretation of the Court's order was "undermined by Second Circuit jurisprudence and case law" and imposed sanctions. Dkt. No. 657 at 38. Instead of addressing the fact that it never responded fully to the interrogatory, Defendant takes issue with the weight Magistrate Judge Fox gave the Court's order. The Court finds that Defendant fails to establish that Magistrate Judge Fox's holding was clearly erroneous or contrary to law.

4. *Interrogatory No. 5*

Interrogatory No. 5 requested "all policies and/or practices concerning how lifeguards chose and/or were given Regular Day Off(s) for all pools and/or beaches owned or maintained by the City of New York or the Parks Department during the summer of 2015." Dkt. No. 165-1. Plaintiff filed a motion or sanctions asserting that Defendant's response was evasive, Dkt. No. 153 at 9, and the Court agreed, finding that Defendant did not identify whether it had a policy regarding the designation of a lifeguard's "Regular Day Off[]." Dkt. No. 319. Defendant objected to that order, and the Court denied the objection. Dkt. No. 492 at 4-5.

Defendant then submitted a supplemental response, but the Magistrate Judge concluded that this response still failed to fully respond to the interrogatory and concluded that a sanction was warranted. Dkt. No. 657 at 39. Defendant maintains that it does not have a written policy concerning how lifeguards are given regular days off, and that Magistrate Judge Fox incorrectly interpreted Defendant's response that it does not have an "official" policy as evasive. Dkt. No. 689 at 24. Defendant also incorrectly argues that Magistrate Judge Fox based his imposition of

sanctions on Defendant's failure to "produce a document . . . [that] does not exist. *Id.* at 25. However, Plaintiff requested "all policies and/or practices," not just official or written policy. And Magistrate Judge Fox ruled the same: "that [Defendant] did not respond fully . . . by disclosing to [Plaintiff] exactly what its policies and practices . . . [were]." Dkt. No. 657 at 39. Thus, the Court concludes that Magistrate Judge Fox's order was neither clearly erroneous nor contrary to law.

5. *Interrogatory No. 6*

Interrogatory No. 6 requested video footage of Plaintiff as well as information about certain individuals' knowledge of that video. Dkt. No. 165-1. For one of its supplemental responses, Defendant titled its supplemental response "Supplemental Response and Objections" after it was ordered by the Magistrate Judge to respond *without* asserting any objections. Dkt. No. 657 at 44. The Magistrate Judge found grounds for a sanction over Defendant's objection that instead of a sanction, he simply strike "objections" from Defendant's document. However, Defendant fails to demonstrate why Magistrate Judge Fox's decision to impose a sanction rather than strike its disobedient language was improper. The Court concludes that a sanction was not clearly erroneous or contrary to law because Defendant blatantly disregarded a court order.

6. *Plaintiff's Additional Motion for Sanctions*

Finally, Defendant argues that Plaintiff's remaining requests for sanctions should be denied because they were based on Defendant's "typographical error": once again titling its supplemental response to Plaintiff's interrogatories as "Supplemental Responses and Objections" and including general objections despite being ordered several times not to include objections in its responses. Dkt. No. 689 at 24-25. This argument pertains to supplemental responses Defendant submitted on August 30, 2019, and October 15, 2019, in which Defendant asserts that

it inadvertently failed to remove that language from its template interrogatory responses. *Id.* However, this argument is untimely because it was not raised in Defendant's opposition to Plaintiff's motion for sanctions. Dkt. No. 611. As a result, Magistrate Judge Fox concluded that there was "no justification or explanation of this conduct by [Defendant] or its counsel . . . in the motion record." Dkt. No. 657 at 44. Only in support of its objections now before the Court did Defendant clarify that the "objection" language in those responses was included inadvertently. Dkt. No. 689 at 24-25. Thus, Magistrate Judge Fox's imposition of sanctions was not clearly erroneous nor contrary to law.

    **IV.    The Court overrules Plaintiff's objection to the Magistrate Judge's order regarding her contention interrogatories.**

On September 18, 2017, Plaintiff served contention interrogatories related to Defendant's affirmative defenses, Dkt. No. 158-1, and on October 27, 2017, Defendant served its responses and objections, Dkt. No. 158-2. On December 7, 2017, Plaintiff filed a Local Rule 37.2 letter motion raising issues concerning the contention interrogatories. Dkt. No. 158. At a March 13, 2018 conference, Magistrate Judge Fox found that it was "improper" for Plaintiff to "serve the contention interrogatories as the parties were not at or near the conclusion of discovery and such interrogatories are to be, if they're going to be used, used at that juncture in the pretrial phase of an action." Dkt. No. 230 at 2-3. Thus, Judge Fox did not require Defendant to respond to Plaintiff's contention interrogatories. *Id.* On March 17, 2018, Plaintiff objected to that order, Dkt. No. 233, and the Court denied the objection. Dkt. No. 385.

In March of 2020, Plaintiff filed letter motions again requesting to compel Defendant to fully answer the contention interrogatories, Dkt. Nos. 607, 616, and during an April 14, 2020 conference, Judge Fox denied Plaintiff's request, concluding that at no point did Plaintiff timely

7

make her contention interrogatories.  Dkt. No. 629 at 3-7.  Plaintiff now objects to the order under Federal Rule of Civil Procedure 72(a).

Local Civil Rule 33.3(c) provides: "At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise."  S.D.N.Y. L. Civ. R. 33.3(c).  The parties agree that Plaintiff served her contention interrogatories four months prior to the close of discovery and therefore failed to comply with Local Civil Rule 33.3(c).  And courts in this Circuit have generally required contention interrogatories to be reserved until after the completion of discovery.  *In re Facebook, Inc.*, MDL No. 12-2389, 2016 WL 5080152, at *2-3 (S.D.N.Y. July 7, 2016).  Thus, the Court concludes that Magistrate Judge Fox's April 14, 2020, was neither clearly erroneous nor contrary to law.

## V.     Conclusion

For the foregoing reasons, the Court overrules both objections.  This resolves docket numbers 689 and 705.

SO ORDERED.

Dated: April 27, 2022
          New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge
Sitting by Designation