UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/27/22

Shim-Larkin,

              Plaintiff,

–v–

City of New York,

              Defendants.

16-cv-6099 (AJN)

ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

On October 18, 2021, the Court issued an opinion denying Plaintiff's objection to a decision by Magistrate Judge Fox regarding discovery. Dkt. No. 764. Plaintiff filed a Motion for Reconsideration on November 15, 2021. Dkt. No. 768. As of January 24, 2022, the motion has been fully briefed. Dkt. Nos. 771, 776. For the reasons explained below, that motion is DENIED.

I. Discussion

A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotations and citation omitted). It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Moreover, "[t]he decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011). "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

In her briefs, Plaintiff repeats her initial claims, argues that the Court overlooked her arguments and sources she cited in support, and alleges that the Court mischaracterized Judge Fox's November 24, 2020 order.  A motion for reconsideration is not a means for "relitigating old issues" that the Court has already considered, *Analytical Surveys, Inc.*, 684 F.3d at 52, and Plaintiff's disagreement with the Court's analysis of her arguments is not a basis for reconsideration.  The Court acknowledges that Defendant's initial response to Plaintiff's disclosure on August 10, 2020, did not include a timeliness objection, but that fact is not of consequence because it does not alter the conclusion reached by the Court.  *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Ultimately, regardless of whether Defendant waived challenging the timeliness of the disclosure, the deadline was clearly set by Judge Fox for January 23, 2018.  Dkt. No. 714-1 at 6.  Thus, the timing of Defendant's objection to Plaintiff's disclosure does not warrant reconsideration.  And above all else, the Court concluded that Plaintiff could not establish excusable neglect for making the disclosure more than two years after the close of discovery, and Plaintiff has failed to provide new facts or law that would alter that conclusion.

## II. Conclusion

For the reasons stated above, Plaintiff's motion for reconsideration is denied. This resolves docket number 768. The Court finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

All outstanding discovery disputes and pending motions are now resolved. The parties are ordered to file a joint letter by May 6, 2022, proposing a schedule for briefing any anticipated summary judgment motions.

SO ORDERED.

Dated: April 27, 2022
      New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge
Sitting by Designation