UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HEEMA SHIM-LARKIN,

                              Plaintiff,           **ORDER**

           -against-                             **16-CV-6099 (AT) (JW)**

CITY OF NEW YORK,

                              Defendant.
-----------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On September 14, 2020, Magistrate Judge Fox ordered Defendant to pay Plaintiff reasonable expenses incurred caused by a Federal Rule of Civil Procedure 26(g) certification violation, and the Defendant's failure to comply with the Court's August 23, 2017 Order. Dkt. No. 657. On September 23, 2020, District Judge Nathan stayed Judge Fox's order, in expectation of objections from Defendant. Dkt. No. 663. On April 27, 2022 Judge Nathan overruled the Defendant's objection. Dkt. No. 781. Plaintiff filed the subject motion on May 7, 2022 ("Motion" or "Mot."), along with a supporting Declaration ("Decl."). Dkt. Nos. 784; 785. On May 10, 2022 Judge Torres (to whom this case was redesignated) referred this specific Motion for resolution by a Magistrate Judge. Dkt. No. 786. Originally, Defendant filed a declaration opposing the Motion. Dkt. No. 789. Five days later, however, Defendant withdrew the declaration. Dkt. No. 792. As such, the Motion is unopposed in the eyes of this Court.

**DISCUSSION**

Plaintiff seeks an award of expenses in the amount of $267.11. Mot. at 1. These costs account for various printing costs, as well as transit and service costs for research associated with the FRCP 26(g) certification violation and the failure to comply. See Decl. ¶¶ 5-69.

Plaintiff provides a detailed accounting of the printing costs incurred in her efforts to cure the Rule 26(g) defects in Defendant's papers. As Plaintiff notes in her Declaration, Judge Fox had previously instructed Plaintiff to calculate printing costs at a rate of $0.15 per page, to match rates charged at retail copy centers such as Fedex or Staples. Decl. ¶ 6. Plaintiff notes, however, that after the onset of the Covid-19 pandemic it was not feasible for her to go to retail stores, and therefore she used a $0.35 per page rate to account for home printing during that time. Decl. ¶ 8. The Court finds this reasonable. Plaintiff's total printing costs come to $198.05, for which she provides a detailed accounting in her Declaration. As such, the Court finds these costs reasonable.

Plaintiff also identifies several subway trips she took in carrying out research and/or effecting service of relevant documents related to the Rule 26(g) violation. This includes three trips to the NYLAG *pro se* legal clinic, as well as nine trips to the law library to conduct research. Decl. ¶¶ 60, 63. Plaintiff has accounted for her subway fare for all these trips, including a discounted rate she says she has been using since 2020. Plaintiff also includes a $3.00 charge for materials used in her filing, which the Court also finds reasonable. Decl. ¶¶ 56, 59. In total, these costs come to $69.06. Considering the detailed nature of Plaintiff's Declaration, the Court finds these costs reasonable.

## CONCLUSION

The total sum of costs identified by Plaintiff pursuant to the September 14, 2020 Order is **$267.11**. Plaintiff is awarded these expenses. The Clerk of Court is respectfully requested to terminate the motion at Dkt. No. 784.

SO ORDERED.

DATED:   New York, New York
            June 10, 2022

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge