UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Heena Shim-Larkin,

                                        Plaintiff,

-against-

City of New York,

                                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/26/2023_

16 Civ. 6099 (AT) (JW)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

ANALISA TORRES, District Judge:

       Plaintiff *pro se*, Heena Shim-Larkin, brings this action against Defendant, the City of New York, alleging discrimination based on her national origin, race, color, age, protected status as a victim of domestic violence, and disabilities in violation of her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law § 290, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Administrative Code § 8-101, *et seq.*, including claims of a hostile work environment, constructive discharge, failure to accommodate her disabilities, and unlawful retaliation. R&R at 1, ECF No. 855 (citing Am. Compl., ECF No. 30).

       On May 10, 2022, the Court referred the matter to the Honorable Jennifer Willis for a Report and Recommendation (the "R&R") on the parties' anticipated cross-motions for summary judgment. ECF No. 786. On November 1, 2022, the parties filed their motions. ECF Nos. 814, 819; *see* Pl. Mem., ECF No. 822; Def. Mem., ECF No. 817. On August 18, 2023, Judge Willis issued the R&R, in which she recommended that Defendant's motion be granted in part, and that Plaintiff's motion be denied. R&R at 3.

Before the Court are: (1) Plaintiff's objections to the R&R, Pl. Obj., ECF No. 865; and (2) Defendant's objections to the R&R, Def. Obj., ECF No. 866. For the reasons stated below, the Court OVERRULES the parties' objections and ADOPTS the R&R in its entirety.

## DISCUSSION[1]

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, when "a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R&R strictly for clear error. *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018); *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has

---

[1] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 3–10, and, therefore, does not summarize them here.

2

been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.     Plaintiff's Objections

Plaintiff argues that Judge Willis incorrectly found that the evidence failed to create genuine issues of material fact as to Plaintiff's hostile work environment, constructive discharge, and retaliation claims. *See generally* Pl. Obj.

As to the hostile work environment claim, Plaintiff contends that Judge Willis erred in her analysis "by separating the [summary judgment] evidence into distinct incidents, rather than considering the evidence in total." *Id.* at 2. But Plaintiff previously made this argument to Judge Willis and merely "reiterates [her] original arguments." *Wallace*, 2014 WL 2854631, at *1; *compare* Pl. Obj. at 2–9, *with* Pl. Opp. at 8–10, ECF No. 837. The Court thus reviews the R&R for clear error and concludes that Judge Willis did not clearly err in her careful analysis of Plaintiff's hostile work environment evidence. R&R at 13–25.

To the contrary, Judge Willis considered the "totality of the circumstances" including the "frequency and severity of the conduct, whether the conduct [was] physically threatening or humiliating, whether the conduct unreasonably interfered with [P]laintiff's work performance, and the effect on [P]laintiff's psychological wellbeing." *Id.* at 13 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). After reviewing the totality of Plaintiff's proffered evidence, Judge Willis concluded that the comments made to Plaintiff were "few in number and sporadic" and that the behavior against Plaintiff was not "discrimination based on her protected characteristics." *Id.* at 17, 21–22. These conclusions were not clearly erroneous based on the evidence.

Likewise, the Court rejects Plaintiff's argument that she adduced sufficient evidence to create a question of fact on the issue of causation and discriminatory animus. Here, again,

Plaintiff restates her original arguments, *see Wallace*, 2014 WL 2854631, at *1, but objects to the weight that Judge Willis gave to different pieces of evidence. *See* Pl. Obj. at 11–12. The Court concludes that Judge Willis did not err in "reject[ing] circumstancial or indirect evidence" and giving less "weight" to certain evidence. *See id.*

Because the Court overrules Plaintiff's objection as to her hostile work environment claim, the Court also rejects Plaintiff's objection as to the constructive discharge claim because the standard for constructive discharge is higher than the standard for a hostile work environment claim. *See* R&R at 31 (citing *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 725 (2d Cir. 2010)); *see also* Pl. Obj. at 13.

Lastly, Plaintiff contends that Judge Willis incorrectly found that the evidence failed to create genuine issues of material fact as to Plaintiff's claim for retaliation. Here, again, Plaintiff lists a series of objections but entirely "reiterates [her] original arguments." *Wallace*, 2014 WL 2854631, at *1; *compare* Pl. Obj. at 14–17, *with* Pl. Opp. at 21–23. For example, Plaintiff argues that Judge Willis should have considered other protected activities and failed to account for Defendant's inadequate response to retaliation by other employees. Pl. Obj. at 14–17. Plaintiff also reincorporates her analysis as to the hostile work environment claim. *Id.* at 14, 17.

As with Plaintiff's hostile work environment claim, the Court reviewed the well-reasoned R&R for clear error and concludes that Judge Willis did not clearly err in finding that Plaintiff "suffered no adverse employment actions nor established a reasonable likelihood of deterrence," and "considering the totality of the circumstances, Plaintiff failed to establish a connection between any conduct and her protected characteristics." R&R at 48–49.

Accordingly, for the reasons stated, Plaintiff's objections to the R&R are OVERRULED.

III.     Defendant's Objections

Defendant argues that Judge Willis erred in finding that "Plaintiff adequately demonstrated a triable issue of fact regarding whether [she] had a qualifying disability" under the ADA, NYSHRL, or NYCHRL, and in finding that "there were genuine issues of material fact as to . . . whether Defendant was on notice of an alleged qualifying disability, whether Plaintiff had submitted an accommodation request[, . . .] and whether Defendant failed to engage in the interactive process."  Def. Obj. at 2.

Defendant's objections restate the arguments that it previously made to Judge Willis, so the Court reviews these objections for clear error.  *Wallace*, 2014 WL 2854631, at *1; *compare* Def. Obj. at 3–14, *with* Def. Mem. at 21–24, *and* Def. Opp. at 17–18, ECF No. 828.  Having reviewed the R&R, the Court concludes that Judge Willis carefully examined the evidence and did not clearly err in concluding that there were genuine issues of material fact as to Plaintiff's failure to accommodate claim.  *See* R&R 42–47.[2]

Accordingly, Defendant's objections to the R&R are OVERRULED.

## CONCLUSION

The parties' objections are otherwise conclusory and general or restate the parties' original arguments.  *Wallace*, 2014 WL 2854631, at *1; *Bailey*, 2014 WL 2855041, at *1.  The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none.

For the foregoing reasons, the Court OVERRULES the parties' objections to the R&R and ADOPTS the R&R's conclusions.

---

[2] The Court also rejects Defendant's arguments that Plaintiff has not sufficiently demonstrated a failure-to-accommodate claim under the NYSHRL or the NYCHRL, Def. Obj. at 14, because the legal standard for proving a failure to accommodate claim is broader under the NYSHRL and NYCHRL than under the ADA.  *See Crawford v. Bronx Cmty. Coll.*, No. 22 Civ. 1062, 2023 U.S. Dist. LEXIS 125644, at *17, *19 (S.D.N.Y. July 19, 2023).

The Court shall issue a separate order setting a trial date and related pretrial deadlines in due course. The Clerk of Court is directed to terminate the motions at ECF Nos. 814 and 819.

SO ORDERED.

Dated: September 26, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge