UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEENA SHIM-LARKIN,

                  Plaintiff,

        -against-

CITY OF NEW YORK,

                  Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/4/2024
```

16 Civ. 6099 (AT) (JW)

**ORDER**

ANALISA TORRES, District Judge:

       Plaintiff *pro se*, Heena Shim-Larkin, objects to the Honorable Jennifer E. Willis' October 24, 2024 order denying her motion for a default judgment. Objs., ECF No. 910; Default Judgment Order, ECF No. 908. Plaintiff also objects to Judge Willis' October 25 order denying her motion for recusal. Objs.; Non-Recusal Order, ECF No. 907. For the reasons stated below, the Court OVERRULES Plaintiff's objections.

       Under Federal Rule of Civil Procedure 72(a), a district judge must consider a party's timely objections to a magistrate judge's order on a non-dispositive matter and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation and internal quotation marks omitted). An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009). When a magistrate judge makes a recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

       Plaintiff argues that Judge Willis denied her an opportunity to be heard by ruling on her default judgment motion before she could file a reply. Objs. at 3–4. Plaintiff is incorrect; a reply is optional and is not required by the Federal Rules of Civil Procedure or the Local Rules of this Court. Accordingly, "disposition of a [matter] without the filing of a reply does not violate a litigant's constitutional due process right." *Person v. Ercole*, No. 08 Civ. 7532, 2015 WL 4393070, at *2 (S.D.N.Y. July 16, 2015). Nor did Judge Willis err in denying Plaintiff's motion for a default judgment. Judge Willis correctly determined that Defendant is not in default because the Court's order dated March 20, 2024, superseded the pretrial submission deadlines set forth in the Court's Individual Rules in Civil *Pro Se* Cases. *See* ECF No. 893. That "Judge [Willis] did not label [her] opinion as a 'report and recommendation' is of no consequence as the Court may treat the order as a recommendation." *Lynch v. Inter-Cnty. Bldg. Materials Corp.*, No. 05 Civ. 1801, 2013 WL 5652524, at *5 n.2 (E.D.N.Y. Oct. 15, 2013).

       Finally, Plaintiff argues that the Non-Recusal Order is clearly erroneous and contrary to law because Judge Willis did not accept as true some of Plaintiff's allegations, such as her claim that "Magistrate Judge Jennifer Willis is Illuminati twin with Jennifer Navarro." Objs. at 3.

Plaintiff's objection is as baseless as her allegations. *See Werner v. Selene Fin., LLC*, No. 17 Civ. 6514, 2019 WL 1316465, at *2 n.6 (S.D.N.Y. Mar. 22, 2019) ("The Court is not required to accept factual allegations that are demonstrably false.").

       Accordingly, Plaintiff's objections are OVERRULED and Plaintiff's motion for a default judgment, ECF No. 898, is DENIED.

       SO ORDERED.

Dated: November 4, 2024
      New York, New York

                                            ANALISA TORRES
                                    United States District Judge