```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
HEENA SHIM-LARKIN,

                              Plaintiff,

         -against-                                    16 Civ. 6099 (AT) (JW)

CITY OF NEW YORK,                                     ORDER

                              Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/19/2024_

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Heena Shim-Larkin, moves for reconsideration of the Court's November 4, 2024 order (the "Order"), in which the Court overruled Plaintiff's objections to the Honorable Jennifer E. Willis' October 24 order denying Plaintiff's motion for a default judgment and Judge Willis' October 25 order denying Plaintiff's motion for recusal. Mot., ECF No. 913; Order, ECF No. 911. For the reasons stated below, the Court DENIES Plaintiff's motion.

"Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly." *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quotation omitted). Reconsideration should be granted "only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "A motion for reconsideration is not 'an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced[.]'" *Mikhaylova v. Bloomingdale's Inc.*, No. 19 Civ. 8927, 2023 WL 2237541, at *1 (S.D.N.Y. Feb. 27, 2023) (quoting *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)).

Plaintiff argues that the Court misapplied two cases, *Person v. Ercole*, No. 08 Civ. 7532, 2015 WL 4393070 (S.D.N.Y. July 16, 2015), and *Werner v. Selene Finance, LLC*, No. 17 Civ. 6514, 2019 WL 1316465 (S.D.N.Y. Mar. 22, 2019), which she contends are distinguishable from the facts at hand. Mot. at 2–3. The Court disagrees. The general principles invoked in *Person* and *Werner* apply notwithstanding nonmaterial differences of facts or procedural history. Plaintiff may view the caselaw differently, but her disagreement is insufficient standing alone to substantiate the "clear error" or "manifest injustice" showing required to grant a motion for reconsideration that does not rely on new developments of law or evidence. *Kolel Beth*, 729 F.3d at 104 (quoting *Virgin Atl.*, 956 F.2d at 1255).

Plaintiff also contends that the Court "overlooked" an argument she made in her objections to Judge Willis' October 24 order. Mot. at 2. The Court did not overlook Plaintiff's argument; it rejected the argument on the merits. *See* ECF No. 910 (objecting that a prior order could not have superseded the Court's Individual Practices with respect to pretrial "statements" because the order referred only to pretrial "motion[s]"); Mot. at 2 (same); Order at 1 (finding that "Judge Willis correctly determined that . . . the Court's order dated March 20, 2024, superseded

the pretrial submission deadlines set forth in the Court's Individual [Practices]."). Plaintiff also "reiterates" her previous argument that Judge Willis and this Court erred by failing to credit demonstrably false and palpably incredible allegations in her affidavit, and by failing to explain why such allegations cannot be credited. Mot. at 4. Again, Plaintiff raised these arguments before the Court, and the Court rejected them on the merits. *See* ECF No. 910 at 2–3 (objecting to Judge Willis' reasoning as both erroneous and vague); Order at 1–2 (explaining that the Court need not accept allegations that are "baseless" or "demonstrably false," such as Plaintiff's claim that Judge Willis "is Illuminati twin with Jennifer Navarro" (citing *Werner*, 2019 WL 1316465, at *2 n.6)). As stated, "[a] motion for reconsideration is not 'an occasion for repeating old arguments previously rejected.'" *Mikhaylova*, 2023 WL 2237541, at *1 (quoting *Associated Press*, 395 F. Supp. 2d at 19).

Accordingly, Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 913, and to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: November 19, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge