```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/3/2024_____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEENA SHIM-LARKIN,

                Plaintiff,

-against-

CITY OF NEW YORK,

                Defendant.

16 Civ. 6099 (AT) (JW)

**ORDER**

ANALISA TORRES, District Judge:

    On November 26, 2024, Plaintiff, Heena Shim-Larkin, moved for the Court to request appointment of *pro bono* counsel. ECF No. 916. For the reasons stated below, the motion is GRANTED.

## DISCUSSION

### I.   Background

    Plaintiff was employed by Defendant, the City of New York, as a lifeguard from July 2, 2015, through August 19, 2015. ECF No. 15 at 3–4. After Plaintiff's employment ceased, she brought this action *pro se* alleging discrimination on the basis of race, national origin, color, age, status as a victim of domestic violence, and disabilities in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101, *et seq.* ECF No. 2. Plaintiff has successfully navigated discovery and dispositive motions practice over a period of multiple years while largely proceeding *pro se*.

    On March 24, 2022, attorney Katherine Armstrong of Dechert LLP entered a *pro bono* appearance on behalf of Plaintiff for the limited purpose of participating in settlement negotiations and responding to any motion for summary judgment filed by Defendant. ECF No. 779. On November 1, 2022, Plaintiff filed her motion for partial summary judgment *pro se*. ECF No. 819. Defendant filed its motion for summary judgment on that same day. ECF No. 814. Thereafter, Plaintiff litigated her partial summary judgment motion *pro se*, and she opposed Defendant's motion with the assistance of *pro bono* counsel.

    On September 26, 2023, the Court adopted Judge Willis' report and recommendation dated August 18, 2023, granting in part Defendant's motion for summary judgment and denying Plaintiff's partial motion for summary judgment. ECF Nos. 855, 868. Plaintiff and Defendant subsequently engaged in settlement talks. Ultimately, the parties did not settle, and the Court granted limited *pro bono* counsel's request to withdraw as attorney. ECF No. 885.

    This matter is now set for a jury trial. On July 28, 2024, Plaintiff filed her pretrial statement *pro se*. ECF No. 894. On November 15, 2024, the Court directed Defendant to file its

pretrial statement by January 8, 2025, and the Court set deadlines for pretrial motions practice. *See* ECF No. 912.  Trial shall commence on March 3, 2025.  *Id.*; ECF No. 893.

## II. Legal Standard

A district court has "broad discretion" when deciding whether to appoint counsel for an indigent litigant.  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *see also Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994).  Unlike in criminal cases, "[t]here is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters."  *Burgos*, 14 F.3d at 789.  Indeed, appointment of *pro bono* counsel must be done judiciously to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need assistance.  *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

The standard outlined by the Second Circuit in *Hodge* governs a plaintiff's request for counsel.  Under this standard, a court must first determine "whether the indigent's position seems likely to be of substance."  *Hodge*, 802 F.2d at 61.  "Only if the claim meets this threshold requirement" should the court "consider other criteria."  *Cooper*, 877 F.2d at 172 (internal quotation marks omitted).  These criteria include: (1) "the indigent's ability to investigate the crucial facts"; (2) "whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder"; (3) "the indigent's ability to present the case"; (4) "the complexity of the legal issues"; and (5) "any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination."  *Hodge*, 802 F.2d at 61–62.

## III. Application

Applying the foregoing principles, the Court finds that appointment of *pro bono* counsel is warranted.  First, having survived a motion for summary judgment, Plaintiff's remaining claims are "likely to be of substance."  *Id.* at 61.  Second, although Plaintiff has successfully litigated this case through the summary judgment stage, the Court has less confidence that Plaintiff will be able to present her case effectively at trial.  Third, with contradictory accounts of, *inter alia*, the City's alleged failure to accommodate Plaintiff's asserted disabilities, cross-examination will be crucial at trial.  *See* ECF No. 855 at 42–47.  Fourth, the issues presented for trial are sufficiently complex.  In sum, the Court concludes that appointment of counsel is appropriate to aid in a fair resolution of the case.

## CONCLUSION

For the reasons stated above, Plaintiff's request is GRANTED.  Accordingly, the Office of *Pro Se* Litigation is directed to request *pro bono* counsel to represent Plaintiff in connection with trial, any remaining pretrial matters, and settlement.

The Court advises Plaintiff that there is no guarantee that a volunteer attorney will take her case.  There are no funds to retain counsel in civil cases, so the Court must rely on volunteers.  If an attorney does volunteer, the attorney will contact Plaintiff directly.  It is, of

course, entirely Plaintiff's decision whether to retain that attorney or not.

The Clerk of Court is directed to terminate the motion at ECF No. 916 and mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: December 3, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge