UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Heena Shim-Larkin,

Plaintiff,

-against-

City of New York,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  _9/29/2025____

16 Civ. 6099 (AT) (JW)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Heena Shim-Larkin, brings this action against Defendant, the City of

New York (the "City"), alleging discrimination relating to her employment as a lifeguard at the

Tompkins Square mini pool during the summer of 2015.  *See generally* ECF No. 30.  The City

moves to enforce a settlement agreement that the City argues was formed during a settlement

conference held by the Honorable Jennifer E. Willis on March 6, 2024.  ECF Nos. 921–923.

Pursuant to an order of reference, ECF No. 929, Judge Willis issued a report (the "R&R")

recommending that the City's motion be granted.  *See generally* R&R, ECF No. 931.  Before the

Court are Shim-Larkin's objections to the R&R.  *See generally* Objs., ECF No. 932; *see also*

Resp., ECF No. 933.  For the reasons stated below, the Court overrules the objections and adopts

the R&R in full.

## BACKGROUND

After a lengthy litigation,[1] on March 6, 2024, the Honorable Jennifer E. Willis held

off-the-record settlement discussions between the parties and an ensuing colloquy on the record

concerning the terms of a purported settlement.  *See* R&R at 1; Mar. 6, 2024, Transcript, ECF

No. 889.  At the conclusion of the March 6 conference, the Court recited certain terms of the

---

[1] The Court presumes familiarity with the facts and procedural history of this case, *see generally* ECF No. 855, and therefore will only discuss the facts relevant to this motion.

alleged agreement, Mar. 6 Tr. at 11-13, and asked both Plaintiff and Defendant if they understood and agreed to those terms.  Both parties responded yes.  Mar. 6 Tr. at 14 ("THE COURT: . . . Ms. Shim, do you understand the terms that I have just laid out?  MS. SHIM-LARKIN:  Yes, I do.  THE COURT:  And are those the terms that you are agreeing to to resolve and settle this matter as regards your lawsuit against the City?  MS. SHIM-LARKIN:  Yes.").

Soon thereafter, Plaintiff filed a letter motion to reopen the case and advised the Court that "settlement is no longer viable."  *See* R&R at 6; Letter Mot., ECF No. 886.  After multiple additional letters to the Court, Defendant filed a motion to enforce a settlement agreement based on the terms recited on the record at the March 6 conference.  R&R at 6-7.  Judge Willis applied the Second Circuit's four-factor standard for analyzing the enforceability of preliminary contracts laid out in *Winston v. Mediafare Entertainment Corp.* and concluded that the parties had entered into a binding contract during the conference.  *See* R&R at 7–8, 19; 777 F.2d 78, 80 (2d Cir. 1985).

Plaintiff objects to the R&R on various grounds.  *See* Objs.; *see also* Resp.

## DISCUSSION

I.    Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which objection is made.  *Id.*; Fed. R. Civ. P. 72(b)(3).  However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the Court reviews the R&R strictly for clear error.  *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ.

3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

A *pro se* party is "generally accorded leniency," and their objections are "construed to 'raise the strongest arguments they suggest.'" *Lanier v. Capra*, No. 21 Civ. 9307, 2023 WL 6795441, at *3 (S.D.N.Y. Oct. 13, 2023) (citing *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate[ judge's] proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Serv.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).[2] An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has

---

[2] Except as otherwise discussed in this order, the Court adopts the factual recitation at pages 2–7 of the R&R and assumes the parties' familiarity with the history of settlement discussions in this case. *See* R&R at 2–7.

been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also*

*Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.     Shim-Larkin's Objections

Shim-Larkin raises eight objections to the R&R.  Objs. at 5–7.  The Court consolidates

these objections into three categories: (1) an objection to the R&R's analysis of New York Civil

Practice Law and Rule 2104 (McKinney 2024) (first objection); (2) an objection to the R&R's

analysis of caselaw in this Circuit interpreting *Winston* (second objection); and (3) objections to

the R&R's application of the *Winston* factors to this dispute (objections three through eight).[3]

The Court addresses each category in turn.

A.  N.Y. C.P.L.R. 2104

N.Y. C.P.L.R. 2104 provides, in relevant part:

> An agreement between parties or their attorneys relating to any matter in an action,
> other than one made between counsel in open court, is not binding upon a party
> unless it is in a writing subscribed by him or his attorney or reduced to the form of
> an order and entered.

N.Y. C.P.L.R. 2104.

The R&R acknowledged uncertainty in this Circuit regarding the effect of CPLR

2104 on this litigation, observing both that "[d]istrict courts in this circuit are divided

over whether CPLR 2104 is binding in federal court," R&R at 10 (citing *Clark v Gotham*

*Lasik, PLLC*, No. 11 Civ. 1307, 2012 WL 987476, at *4 (S.D.N.Y. Mar. 2, 2012), *report*

*and recommendation adopted*, No. 11 Civ. 1307, 2012 WL 987586 (S.D.N.Y. Mar. 23,

2012)), and that no binding appellate precedent has "clarified the effect of Rule 2104 on

oral agreements made on the record in open court where at least one of the parties is *pro*

---

[3] Shim-Larkin raises no objection to the R&R's conclusion that this Court has jurisdiction over the City's motion to enforce the settlement agreement. *See* R&R at 9.  Finding no clear error in Judge Willis' analysis, this Court adopts that conclusion.

se," R&R at 10 (citing *Pullman v. Alpha Media Pub., Inc.*, No. 12 Civ. 1924, 2014 WL

5043319, at *14 (S.D.N.Y. Mar. 14, 2014), *report and recommendation adopted as*

*modified sub nom. Pullman v. Alpha Media Publ'g, Inc.*, No. 12 Civ. 1924, 2014 WL

5042250 (S.D.N.Y. Sept. 10, 2014), *aff'd sub nom. Pullman v. Alpha Media Pub., Inc.*,

624 F. App'x 774 (2d Cir. 2015)).

Given the "distinguishing facts of the instant matter," including that Shim-Larkin

was represented by counsel at the first settlement conference and "decided to 'terminate'

her counsel before the second settlement conference," Judge Willis concluded that she

would "not endorse a plaintiff firing their counsel before a settlement conference,

agreeing to settlement terms in open court, and then voiding the settlement solely because

plaintiff is *pro se*."  R&R at 11.

Shim-Larkin objects to this conclusion on the basis that Judge Willis "erroneously

attempted to decipher [Shim-Larkin's] secret or subjective intent."  Objs. at 5, 8 (citations

omitted).  This objection misses the mark; nowhere does Judge Willis attempt to

determine a "secret or subjective intent" in her assessment of N.Y. C.P.L.R. 2104.  *See*

R&R at 10–11.  Instead, Judge Willis analyzed whether CPLR 2104 barred enforcement

of a settlement agreement entered into on the record and in open court, solely because

Shim-Larkin was *pro se* when that agreement was pronounced.  *Id*.  Shim-Larkin's

objection does not discuss any of the case law cited by Judge Willis, does not engage

with the text of CPLR 2104, and does not dispute the weight Judge Willis gave to the

specific facts of this case.  *Id.* at 11.  The Court also notes that, in *Pullman v. Alpha*

*Media Pub., Inc.*, the court likewise enforced a settlement agreement made by a *pro se*

litigant in open court, in part on the basis that the record was thoroughly detailed in open

court, and that several of the *Winston* factors did favor enforcement of the oral settlement

agreement.  *See* 2014 WL 5043319, at *14; *see also* Def. Opp. at 3 (collecting cases,

including *Willgerodt v. Hohri*, 953 F. Supp. 557, 560 (S.D.N.Y. 1997) (discussing CPLR

2104)).  Thus, the Court reviews the R&R's analysis on this point for clear error, *see*

*Pinkney*, 2008 WL 2811816, at *1, and, seeing none, adopts the R&R's conclusion that

N.Y. C.P.L.R. 2104 does not bar enforcement of the settlement agreement reached at the

March 6 conference.

>    B.  Second Circuit Caselaw

Next, Shim-Larkin objects to the R&R's analysis of several cases applying the *Winston*

factors, arguing that the R&R misunderstands the legal rule derived from those cases:  *Acun v.*

*Merill Lynch, Pierce, Fenner, & Smith*, 852 F. App'x 552 (2d Cir. 2021), *aff'g* No. 18 Civ. 7217,

2020 WL 995887 (S.D.N.Y. Mar. 2, 2020), *adopting report and recommendation*, 2020 WL

3002225 (S.D.N.Y. Jan. 15, 2020); *McCray v. Cnty. of Orange*, No. 12 Civ. 3950, 2015 WL

13373605 (S.D.N.Y. Dec. 3, 2015), *aff'd in part, appeal dismissed in part*, 688 F. App'x 74 (2d

Cir. 2017); and *Gregory v. Hansen*, No. 06 Civ. 1726, 2007 WL 9813141 (S.D.N.Y. Sept. 19,

2007).  The Court reviews this objection *de novo*, *see* Fed. R. Civ. P. 72(b)(3), and concludes that

it lacks merit.

Under *Winston*, a court examines four factors to determine whether two parties have

entered into an enforceable, binding contract, even absent a finalized "document executed by both

sides."  *Winston*, 777 F.2d 78 at 80.  The factors are: "(1) whether there has been an express

reservation of the right not to be bound in the absence of a writing; (2) whether there has been

partial performance of the contract; (3) whether all of the terms of the alleged contract have been

agreed upon; and (4) whether the agreement at issue is the type of contract that is usually

committed to writing." *Id.*  In examining the first *Winston* factor, Judge Willis determined that

the presence of a merger clause in draft agreements exchanged between the parties after the

March 6 conference had no bearing on the enforceability of the agreement recited on the record,

citing each of the cases disputed by Shim-Larkin.  *See* R&R at 12–14.

Shim-Larkin first argues that, in *Acun*, both the district court and the Second Circuit held

that an oral settlement agreement was enforceable because, when that agreement was placed on

the record, the magistrate judge holding the settlement conference specified that the agreement

concerned "an enforceable oral contract."  Objs. at 11 (citing *Acun*, 852 F. App'x at 554).  But

*Acun* did not limit its holding in such a way; instead, the Second Circuit emphasized there that the

parties had "set forth all of the material terms" of the contract in open court, 852 F. App'x at 554,

and in doing so created an "oral agreement" that did not feature a simultaneous reservation of

rights.  *Id.*; *see also Acun*, 2020 WL 3002225, at *3.  Likewise, in this case, Shim-Larkin agreed

that Judge Willis had recited "the terms . . . of [the] agreement," which were intended to "resolve

and settle this matter as regards [Shim-Larkin's] lawsuit against the [C]ity."  Mar. 6 Tr. at 14.

Next, Shim-Larkin correctly notes that the facts in *Gregory* differ from this dispute in that

the plaintiff in that case sought to avoid enforcing an agreement, rather than deny that an

agreement had ever been formed.  *See Gregory*, 2007 WL 9813141, at *2.  But even though

*Gregory*'s facts differ, its holding does support Judge Willis's conclusion:  In examining the

enforceability of an oral settlement agreement made in open court, the court held that a boilerplate

merger clause subsequently inserted into a draft settlement agreement had no bearing on the

question of the parties' intent when entering into the oral agreement.  *Id.* at *2 n.3 ("However, in

light of the strong indication in this case that the parties intended to be bound by the oral

agreement, the fact that [defendant's] counsel added boilerplate language to an otherwise

substantively identical version of the oral agreement does not undermine evidence that [the

parties] intended to be bound by the oral agreement." (internal quotation marks omitted)).  That is

the exact proposition which Judge Willis draws from the case.  R&R at 13.

Lastly, Shim-Larkin's attempts to distinguish *McCray* are unpersuasive.  The fact that the

Second Circuit did not discuss the weight of merger clauses on direct appeal of the district court's

order bears no weight on whether the district court's decision remains persuasive authority.

Shim-Larkin's second argument for distinguishing *McCray*—that, in this case, the written

settlement agreement exchanged after the conference is substantively different than the terms of

the oral settlement—is vague and appears to even contradict the on-the-record agreement.  *See*

Resp. at 6 n.1.

C.  Applying the *Winston* Factors

Shim-Larkin's remaining objections can best be understood as objections to the R&R's

analysis of various facts related to the four-factor *Winston* test.  The Court reviews these

objections *de novo*.  *See Petrovic v. Comm'r of Soc. Sec.*, No. 15 Civ. 2194, 2016 WL 6082038, at

*1 (S.D.N.Y. Oct. 14, 2016).

Shim-Larkin's third, fourth, and fifth objections concern Judge Willis's analysis of the

presence of merger clauses in the various draft agreements circulated between the parties, which

is relevant to *Winston*'s first factor.  *See Winston*, 777 F.2d at 81–82.  That factor counsels courts

to avoid declaring that parties have entered into a binding contract where parties have expressly

reserved the right not to be bound by an agreement.  *Id.*  Judge Willis noted that, under this factor,

the presence of merger clauses in draft agreements is generally "persuasive evidence that the

parties did *not* intend to be bound prior to the execution of a written agreement."  R&R at 13

(citing *Ciaramella v Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 324 (2d Cir. 1997) (holding that a

statement that a draft agreement "shall not become effective . . . until it is signed by [the parties]" constituted strong evidence that that draft agreement was not intended as a binding contract)).

Shim-Larkin emphasizes that both parties drafted settlement agreements that contained merger clauses, and that those clauses were included in drafts circulated both before and after the March 6 conference. Objs. at 15–16. But even assuming that she is correct that Judge Willis incorrectly assumed that Shim-Larkin had never prepared a draft agreement containing a merger clause, that bears little weight on the ultimate *Winston* analysis. As Judge Willis acknowledged, the parties made no express reservation of any right not be bound during the March 6 conference—precisely when the City alleges that the contract was formed. R&R at 13–14. The relevant question for purposes of contract formation is whether the party contesting formation intended to be bound at the time she allegedly entered into the contract, which here, was the March 6 conference. *See id.* at 14; *cf. Ciaramella*, 131 F.3d at 324 (noting that the first *Winston* factor did not favor enforcement because a reservation of rights existed in the allegedly valid agreement). Nothing said at the March 6 conference is remotely similar to a merger clause, or a statement that Shim-Larkin did not intend to be bound by her remarks on the record. As such, her third, fourth, and fifth objections lack merit.

In Shim-Larkin's sixth objection, she argues that she did not intend to be bound by her agreement at the March 6 conference because a prior order of this Court extended a deadline to reopen the matter to March 11, 2024. *See* Objs. at 17. This objection lacks merit. The relevant order, entered on February 7, 2024, ECF No. 875, extended the deadline to reopen the case which had been originally set via order dated January 11, 2024, *see* ECF No. 870. In that January 2024 order, the Court directed that the case be discontinued without prejudice to the right to reopen on the basis that a settlement in principle had been reached by the parties in an earlier conference.

9

*Id.*; R&R at 14. As Judge Willis noted, these orders were entered pursuant to another settlement in principle which had previously been reached in the case. *See* R&R at 14–15. As such, they have no bearing on Shim-Larkin's intent when she made her remarks at the March 6 conference, which was intended to structure a new settlement agreement. Mar. 6 Tr. at 14.

Shim-Larkin's seventh objection is that she did not explicitly agree on the record that the settlement agreement would reference New York Civil Practice Law and Rule 5003-a(b) (McKinney 2024), and thus that "all of the terms of the alleged contract" were not agreed upon under the third *Winston* factor. Objs. at 18; R&R at 17–18. This objection misconstrues the record. As the City notes, Resp. at 11, Judge Willis first noted that "[p]ayment to [Shim-Larkin] is to be made, in accordance with CPLR 5003-a, no later than 90 days," prior to asking the parties if they understood the terms of the agreement, Mar. 6 Tr. at 12, 14, and then later explained to Shim-Larkin the purpose of referencing CPLR 5003-a, *id.* at 16. Shim-Larkin made no objection to either statement, thus leaving no indication that this was a material term of the agreement that remained actually disputed. *See Winston*, 777 F.2d at 82.

In Shim-Larkin's eighth objection, she contends that Judge Willis "did not provide any reasoning why she refused to consider the money amount at issue" in the settlement, and in so doing improperly applied *Winston*'s fourth factor, "whether the agreement at issue is the type of contract that is usually committed to writing," 777 F.2d at 80, 83. Shim-Larkin misunderstands Second Circuit precedent, which, as Judge Willis noted, treats on-the-record settlement agreements "in a manner 'akin to that of a memorializing writing,'" R&R at 19 (citing *Powell v. Omnicom*, 497 F.3d 124, 131 (2d Cir. 2007)); *see also Doe v. Kogut*, No. 15 Civ. 07726, 2017 WL 1287144, at *8 (S.D.N.Y. Apr. 6, 2017) ("[C]ourts in more recent cases have turned to the complexity of a transaction after determining that the agreement was not recited on the record.").

Because an on-the-record settlement functions similarly to a written settlement, a court need not

accord dispositive weight to the amount of the settlement.  In *Winston*, the amount of the

settlement only carried importance because the agreement for paying such a high figure was *not*

put in writing.  *See* 777 F.2d at 83.

The Court has reviewed the portions of the R&R to which Shim-Larkin does not object,

and finds no clear error in Judge Willis' thorough and well-reasoned R&R.  *See Bailey*, 2014 WL

2855041, at *1

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES Shim-Larkin's objections to the R&R,

ADOPTS the R&R in full, and GRANTS the City's motion to enforce the settlement agreement.

The Clerk of Court is directed to terminate the motion at ECF No. 921.

SO ORDERED.

Dated:  September 29, 2025
     New York, New York

_____
ANALISA TORRES
United States District Judge